IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DOMESTIC DRYWALL ANTITRUST LITIGATION | MDL No. 2437<br>13-MD-2437 |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

## PRETRIAL ORDER NO. 3 -- CASE MANAGEMENT

AND NOW, this 7th day of May, 2013, at least 24 actions have been filed on behalf of a proposed class of plaintiffs that directly purchased drywall from defendants (the "Direct Purchaser Actions," identified in Attachment 1 hereto) and at least 3 actions have been filed on behalf of a putative class of plaintiffs that indirectly purchased drywall from defendants (the "Indirect Purchaser Actions," identified in Attachment 2 hereto) (collectively, the "Actions") for alleged violations of the antitrust laws, pursuant to Section 1 of the Sherman Act, 15 U.S.C. § 1 and various state laws in the case of the Indirect Purchaser Actions; and

On April 8, 2013, the Judicial Panel on Multidistrict Litigation issued a transfer order centralizing the Actions in this District under the caption In re Domestic Drywall Antitrust Litigation, MDL No. 2437; and in order to promote judicial economy and avoid duplication, the Court finds that it would be appropriate to provide procedures for consolidation and/or coordination of the Actions. Most of the following paragraphs have been agreed upon by all counsel.

It is hereby **ORDERED** as follows:

A. **CONSOLIDATION AND/OR COORDINATION OF DIRECT PURCHASER AND INDIRECT PURCHASER ACTIONS**

1. All of the pending Direct Purchaser Actions and any Direct Purchaser antitrust actions hereafter filed in or transferred to this Court are hereby consolidated for all pretrial purposes pursuant to Fed. R. Civ. P. 42(a).

2. All of the pending Indirect Purchaser Actions and any Indirect Purchaser antitrust actions hereafter filed in or transferred to this Court are hereby consolidated for all pretrial purposes pursuant to Fed. R. Civ. P. 42(a).

3. The Direct Purchaser and Indirect Purchaser Actions shall be coordinated for pretrial purposes.

4. This Case Management Pretrial Order No. 3 for All Direct Purchaser and Indirect Purchaser Actions (the "Order") shall apply as specified to each case that relates to the *In re Domestic Drywall Antitrust Litigation* that is subsequently filed in this Court or transferred to this Court and is consolidated with the Actions.

5. A master file and docket (the "Master File" and "Master Docket," respectively) is hereby established for this proceeding under MDL No. 2437. All papers filed in these Actions shall bear the identification "MDL No. 2437," and shall bear a caption conforming to the specifications provided below in Paragraphs 8 and 9. The Court's website will establish a "link" for Court Orders and certain other docket entries in this case under the web address http://www.paed.uscourts.gov/mdl2437.asp.

6. An original of this Order shall be filed by the Clerk in the Master File

7. The Clerk shall serve a copy of this Order on all counsel of record in any related *In re Domestic Drywall Antitrust Litigation* action, by the CM/ECF system.

8. Every pleading filed in connection with an *In re Domestic Drywall Antitrust Litigation* action shall bear the following caption:

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DOMESTIC DRYWALL ANTITRUST LITIGATION | MDL No. 2437<br>13-MD-2437 |
| THIS DOCUMENT RELATES TO: | |

9. When a pleading or other filing is intended to be applicable to all coordinated actions, the words "All Actions" shall appear immediately after or below the words "THIS DOCUMENT RELATES TO:" in the caption set forth above. When a pleading or other filing is intended to be applicable to all consolidated Direct Purchaser Actions, the words "All Direct Purchaser Actions" shall appear immediately after or below the words "THIS DOCUMENT RELATES TO:" in the caption set forth above. When a pleading or other filing is intended to be applicable to all consolidated Indirect Purchaser actions, the words "All Indirect Purchaser Actions" shall appear immediately after or below the words "THIS DOCUMENT RELATES TO:" in the caption set forth above. When a pleading or other filing is intended to be applicable to less than All Actions, All Direct Purchaser Actions or All Indirect Purchaser Actions, the separate caption and docket number for each individual action to which the pleading is intended to be applicable shall appear immediately after or below the words "THIS DOCUMENT RELATES TO:" in the caption described above.

10. When a pleading is filed and the caption, pursuant to the foregoing, shows that it is applicable to All Actions, All Direct Purchaser Actions or All Indirect Purchaser Actions, the Clerk shall file such pleading in the Master File and note such filing in the Master Docket. No further copies need be filed or docket entries made.

11. When a pleading is filed and the caption, pursuant to the foregoing, shows that it is applicable to fewer than All Actions, All Direct Purchaser Actions or All Indirect Purchaser

3

Actions, the Clerk need file such pleadings in both the Master File and in the docket(s) for each such individual action to which the pleading is intended to be applicable, and shall note the filing in both the Master Docket and the individual docket of each such action.

12. This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of *In re Domestic Drywall Antitrust Litigation,* Master File No. 2437.

13. When a case that arises out of or relates to the same subject matter of the *In re Domestic Drywall Antitrust Litigation* is hereinafter filed in this Court or transferred from another court, the Clerk of this Court shall:

    a. send via electronic mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed or transferred case; and

    b. make the appropriate entry in the Master Docket.

14. Each action that arises out of or relates to the same subject matter of the *In re Domestic Drywall Antitrust Litigation* that has been or is subsequently filed in or transferred to this Court shall be consolidated with the Actions and this Order shall apply thereto, unless a party objects to consolidation or any provision of this Order. Any objection to this Order shall be made within ten (10) days after the date upon which a copy of this Order is served on counsel for any party, by filing an application for relief with the Court. Nothing in the foregoing shall be construed as a waiver of any defendant's right to object to consolidation of any previously filed or transferred related action.

15. Filing of documents via the Court's ECF system shall be deemed to satisfy the service requirement as to all parties whose counsel receive ECF notices electronically. All attorneys of record must register for ECF and must file an appearance through the ECF system. No service is required on any party not registered for ECF. Service of any document that is not

electronically filed via ECF shall be made on plaintiffs by serving a copy of the paper by overnight mail service, electronic mail, telecopy or hand delivery on Direct Purchaser co-lead counsel, Indirect Purchaser lead counsel, or all of them, as appropriate. If service of documents not electronically filed via ECF is to be made on a defendant, such service can be made via serving a copy of the paper by overnight mail service, electronic mail, telecopy or hand delivery on counsel for the defendant.

16. The terms of this Order shall not have the effect of making any person, firm or corporation a party to any action in which he, she or it has not been named and properly served in accordance with the Federal Rules of Civil Procedure. The terms of this Order and the coordination ordered herein shall not constitute a waiver by any party of any claims in or defenses to any of the actions.

17. As previously ordered by this Court, attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation once the filing fee is paid. Association of local co-counsel is not required. *See Janicki Drywall, Inc. v. Certainteed Corp., et al.*, No. 2:12-cv-07106-MMB (Doc. No. 3).

18. As to any filing which is accompanied by voluminous exhibits, counsel shall mail or deliver a single paper copy to Chambers. All exhibits must be tabbed.

B. **ORGANIZATION OF COUNSEL**

19. On February 7, 2013, this Court appointed H. Laddie Montague, Jr., Esq., Kit Pierson, Esq., and Eugene Spector, Esq. as interim co-lead counsel for direct purchaser plaintiffs, appointed H. Laddie Montague, Jr., Esq., as interim liaison counsel for all plaintiffs, and appointed Steven Bizar, Esq. as interim lead counsel and interim liaison counsel for all defendants, subject to further orders. *See Janicki Drywall, Inc. v. Certainteed Corp., et al.*, No. 2:12-cv-07106-MMB (Doc. No. 59). The Court hereby confirms those appointments as lead and liaison counsel until any further Order of this Court.

20. Also on February 7, 2013, this Court appointed Whitney Street, Esq., of the law firm Block & Leviton LLP, as interim lead counsel for indirect purchaser plaintiffs. During the course of this litigation, three law firms, Block & Leviton LLP, Green & Noblin, P.C. and Finkelstein Thompson LLP, have worked together to jointly prosecute the indirect purchaser action and have cooperated to ensure the efficient and effective litigation of this matter. These three firms seek to have this co-lead structure recognized by the Court. Accordingly, the Court hereby confirms the appointment of Ms. Street of Block & Leviton LLP, Ms. Lesley Weaver of Green & Noblin, P.C. and Mr. Douglas Thompson of Finkelstein Thompson LLP as co-lead counsel for the indirect purchaser plaintiffs. To eliminate any burden on the Court regarding the need to communicate with multiple counsel, the Court directs Ms. Street to act as the contact between the Court and co-lead counsel for the indirect purchaser plaintiffs, as necessary.

21. As previously ordered by this Court, the duties of plaintiffs' co-lead counsel for the direct purchaser plaintiffs and indirect purchaser plaintiffs, respectively, each for their own groups, will be as described in the Manual for Complex Litigation, 4th Edition, and shall include the following:

    a. Plaintiffs' co-lead counsel shall have the authority and responsibility for the day-to-day management of the interests of the plaintiffs in the litigation, and shall call meetings and otherwise manage the work among all counsel.

    b. Plaintiffs' co-lead counsel shall have sole authority over the following matters on behalf of plaintiffs: (a) the initiation, response, scheduling, briefing and argument of all motions; (b) the scope, order and conduct of all discovery proceedings; (c) such work assignments to other plaintiffs' counsel as they may deem appropriate; (d) the retention of experts; (e) designation of which attorneys may appear at hearings and conferences

      with the Court; (f) the timing and substance of any settlement negotiations with defendants; and (g) other matters concerning the prosecution or resolution of their respective cases. Plaintiffs' co-lead counsel shall have responsibility for major decisions on behalf of plaintiffs' counsel regarding the overall prosecution of the Actions.

c.   No motion shall be initiated or filed on behalf of any plaintiff except through plaintiffs' co-lead counsel and liaison counsel, without leave of Court.

d.   Plaintiffs' co-lead counsel shall have sole authority to communicate with defendants' counsel and the Court on behalf of all plaintiffs, unless that authority is expressly delegated to other counsel. Defendants' counsel may rely on all agreements made with co-lead counsel, and such agreements shall be binding on all other plaintiffs' counsel in their respective cases.

e.   On a monthly basis, plaintiffs' co-lead counsel shall collect reports, on a standardized form, of contemporaneously prepared attorney and paralegal time and expense records from each firm working on behalf of plaintiffs. On a monthly basis, each plaintiffs' firm that may seek an award of a fee by the Court shall transmit to plaintiffs' co-lead counsel a report summarizing according to each separate activity the time and expense spent by its members, associates or staff during the preceding month, the ordinary billing rates of such attorneys in effect during that time, and the accumulated total of the firm's time, hourly rates and expenses to date.

      f.      On a quarterly basis, co-lead counsel for plaintiffs shall submit a summary of these reports to the Court *in camera*. These reports will not be docketed.

C.    **PRELIMINARY SCHEDULE OF PROCEEDINGS**

22.    The Direct Purchaser Plaintiffs:

    a.    Shall file a Consolidated Amended Complaint (the "Direct Purchaser Complaint") within forty-five (45) days after the Court's entry of this Case Management Pretrial Order No. 3. The Direct Purchaser Complaint shall supersede all complaints filed in the individual direct purchaser plaintiff cases that have been consolidated, as well as the Consolidated Direct Purchaser Class Action Complaint filed in this Court on March 4, 2013, and no response to the individual direct purchaser plaintiff complaints or the previously filed Consolidated Direct Purchaser Class Action Complaint shall be required.

    b.    Shall serve the Direct Purchaser Complaint in accordance with Paragraph 15 on all defendants who have previously been served with a summons and direct purchaser plaintiff complaint or who have previously waived service thereof and shall serve the Direct Purchaser Complaint on any defendant who has not been served pursuant to Fed. R. Civ. P. 4(e), (f), or (h) (as applicable) within sixty (60) days thereafter.

    c.    Any defendant that has been served with the Direct Purchaser Complaint in accordance with subparagraph (b) shall answer, move or otherwise plead in response to the Direct Purchaser Complaint thirty (30) days after such service.

8

      d.      The direct purchaser plaintiffs shall respond, if so required, to such motion(s) or pleading(s) within thirty (30) days of the date of service.

      e.      Defendants may respond to any opposition memorandum filed by the direct purchaser plaintiffs within twenty-one (21) days of the date of service.

23.    The Indirect Purchaser Plaintiffs:

      a.      Shall file a Consolidated Amended Complaint (the "Indirect Purchaser Complaint") within forty-five (45) days after the Court's entry of this Case Management Order No. 3. The Indirect Purchaser Complaint shall supersede all complaints filed in the individual indirect purchaser plaintiff cases that have been consolidated, as well as the indirect purchaser Consolidated Class Action Complaint filed in this Court on March 4, 2013, and no response to the individual indirect purchaser plaintiff complaints or the previously filed indirect purchaser Consolidated Class Action Complaint shall be required.

      b.      Shall serve the Indirect Purchaser Complaint in accordance with Paragraph 15 on all defendants who have previously been served with a summons and indirect purchaser plaintiff complaint or who have previously waived service thereof and shall serve the Indirect Purchaser Complaint on any defendant who has not been served pursuant to Fed. R. Civ. P. 4(e), (f), or (h) (as applicable) within sixty (60) days thereafter.

      c.      Any defendant that has been served with the Indirect Purchaser Complaint in accordance with subparagraph (b) shall answer, move or otherwise plead in response to the Indirect Purchaser Complaint thirty (30) days after such service.

   d.  The indirect purchaser plaintiffs shall respond, if so required, to such motion(s) or pleading(s) within thirty (30) days of the date of service.

   e.  Defendants may respond to any opposition memorandum filed by the indirect purchaser plaintiffs within twenty-one (21) days of the date of service.

**D. CLASS CERTIFICATION SCHEDULE**

  24. Local Rule 23.1(c) is suspended during the pendency of the consolidated Direct Purchaser Actions and Indirect Purchaser Actions. Deadlines for the filing of motions for class certification by the Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs will be set at an appropriate time.

**E. PRELIMINARY DISCOVERY ISSUES**

  25. Direct Purchaser Co-Lead Counsel, Indirect Purchaser Lead Counsel and counsel for the defendants shall meet and confer and jointly submit the following to the Court within thirty (30) days of service of the Consolidated Amended Complaints:

   a.  Proposed Protective Order;

   b.  Proposed Expert Discovery Stipulation;

   c.  Proposed Electronically Stored Information ("ESI") Protocol[1]; and

   d.  Discovery Plan.

If the parties are unable to reach agreement as to any of these items, the proposed order, stipulation, protocol or plan shall include alternative provisions proposed by each side, or any

---

[1] On the topic of ESI, plaintiffs' and defendants' counsel, may consider employing a single recognized vendor experienced in these matters. Current technology may allow a single firm to work for all parties, with some shared work and software. Assuming the same technology can be used by both plaintiffs and defendants, strict protections can prevent against divulging confidential or privileged information to opposing counsel. This vendor can collect data from all parties, and provide information on a "single platform" which may save considerable expenses.
  If counsel are unable to agree on a single provider, then provisions should be made for accessing and producing ESI on a most economical basis.

party, and each side, or any party, shall submit a separate statement in a letter brief of no more than three pages (single-spaced) per issue succinctly stating its or their positions concerning the provisions on which agreement was not reached.

F.   **MISCELLANEOUS**

26.   This Court will hold a Status Conference for all cases in MDL 2437 on Wednesday, August 14, 2013 , commencing at 1:00 p.m. in Courtroom 3A. Lead counsel shall file an agenda by August 9, 2013. Co-lead counsel of plaintiffs will designate whether any additional plaintiffs' counsel are necessary for attending. A limited number of out-of-town counsel may attend by telephone.

BY THE COURT:

MICHAEL M. BAYLSON, U.S.D.J.

O:\13-MD-2437 - drywall\13md2437.pretrial.order.3.docx