UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                                    )
IN RE: DOMESTIC DRYWALL                  )        MDL No. 2437
ANTITRUST LITIGATION                        )        13-MD-2437
                                                    )
_____          Honorable Michael M. Baylson
                                                    )
THIS DOCUMENT RELATES TO:            )
                                                    )        **Jury Trial Demanded**
All Direct Purchaser Actions                   )
                                                    )
_____

**ANSWER AND ADDITIONAL DEFENSES OF DEFENDANT NEW NGC, INC., D/B/A
NATIONAL GYPSUM COMPANY TO THE DIRECT PURCHASERS'
CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

Defendant New NGC, Inc., d/b/a National Gypsum Company ("National Gypsum"), by

and through its undersigned attorneys, hereby answers and sets forth additional defenses to the

Direct Purchasers' Consolidated Amended Class Action Complaint (the "CACA Complaint").

Except as otherwise expressly stated below, National Gypsum denies knowledge or

information sufficient to form a belief concerning the truth of the allegations in the CACA

Complaint that are directed toward other defendants or parties identified herein with which

National Gypsum is not affiliated and on that basis denies those allegations.

National Gypsum responds to the unnumbered and numbered paragraphs of the CACA

Complaint as follows:

**FIRST DEFENSE**

National Gypsum denies the allegations, descriptions, and legal conclusions contained in

the preamble to the CACA Complaint, except National Gypsum admits that it manufactures and

sells gypsum wallboard[1] in the United States and that Plaintiffs purport to bring this action based on the statutory provisions cited in the preamble to the CACA Complaint.

1.      National Gypsum denies the allegations contained in paragraph 1 of the CACA Complaint, except National Gypsum admits that wallboard is used in new residential and commercial construction projects in the United States.

2.      National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the CACA Complaint and on that basis denies those allegations.

3.      National Gypsum denies the allegations contained in the first two sentences of paragraph 3 of the CACA Complaint.  National Gypsum admits it announced a price increase on September 30, 2011, and communicated that price increase to its customers in a written document that speaks for itself.  To the extent the remaining allegations in paragraph 3 of the CACA Complaint refer to communications by other Defendants, National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations, except National Gypsum states that those communications are written documents that speak for themselves.  By way of further response, National Gypsum states that it made the decision to increase prices for its sales of wallboard products to its customers unilaterally and independently according to its own business judgment and economic self-interest.

4.      National Gypsum denies the allegations contained in paragraph 4 of the CACA Complaint, except National Gypsum states, upon information and belief, that it has a larger share of U.S. wallboard sales than Defendant American Gypsum.

---

[1] The terms "gypsum wallboard" and "wallboard" are used interchangeably in and throughout this answer.

5.      National Gypsum denies the allegations contained in paragraph 5 of the CACA Complaint, except National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of paragraph 5 of the CACA Complaint concerning unnamed wallboard manufacturing executives and on that basis denies those allegations.

6.      National Gypsum denies the allegations contained in paragraph 6 of the CACA Complaint, except National Gypsum admits that it did previously provide job quotes in some circumstances to some customers, and that it discontinued the practice for new jobs in a letter it sent to its customers on or around September 30, 2011.  By way of further response, National Gypsum states that it made the decision to discontinue the use of job quotes for new jobs unilaterally or independently based on its own business judgment and self-interest.

7.      National Gypsum denies the allegations contained in the first and second sentences of paragraph 7 of the CACA Complaint.  National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 and on that basis denies those allegations.

8.      National Gypsum denies the allegations contained in paragraph 8 of the CACA Complaint.  National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in footnote 1 to paragraph 8 and on that basis denies those allegations.

9.      National Gypsum denies the allegations contained in paragraph 9 of the CACA Complaint, except National Gypsum admits that it offered job quotes on some of its wallboard sales to some of its actual or prospective customers.

10.     National Gypsum denies the allegations contained in paragraph 10 of the CACA Complaint, including the implication that the so-called "changes" were the product of a conspiracy as opposed to unilateral and independent conduct, except National Gypsum admits that it announced to its customers on September 30, 2011 that it would be raising wallboard product prices by 35% effective as of January 1, 2012, and that in the same announcement it informed customers that it intended for the resultant price to apply for all of 2012 and that it would no longer be providing job quotes, but would honor all of its previous commitments for job quotes, as evidenced by a signed Notice of Intent.  By way of further response, National Gypsum states that it made the decision to increase prices and eliminate job quotes unilaterally and independently according to its own business judgment and economic self-interest.

11.     National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the CACA Complaint, including the purported statements of unnamed industry participants and an unidentified executive, and on that basis denies those allegations. By way of further response, National Gypsum states that it made the decision to increase prices and eliminate job quotes unilaterally and independently according to its own business judgment and economic self-interest.

12.     National Gypsum denies the allegations contained in paragraph 12 of the CACA Complaint.

13.     National Gypsum denies the allegations contained in the first sentence of paragraph 13 of the CACA Complaint.  National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13 and on that basis denies those allegations.

14. National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the CACA Complaint and on that basis denies those allegations. By way of further response, National Gypsum states that it made the decision to increase prices and eliminate job quotes unilaterally and independently according to its own business judgment and economic self-interest.

15. National Gypsum denies the allegations contained in the first sentence of paragraph 15 of the CACA Complaint. National Gypsum admits that on September 6, 2012 it announced a price increase for its gypsum wallboard products effective as of January 2, 2013 in a written document that speaks for itself. To the extent the remaining allegations in paragraph 15 of the CACA Complaint refer to communications by other Defendants, National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations, except National Gypsum states that those communications are written documents that speak for themselves. By way of further response, National Gypsum states that it made the decision to increase prices for wallboard products unilaterally and independently according to its own business judgment and economic self-interest.

16. National Gypsum denies the allegations contained in paragraph 16 of the CACA Complaint, except National Gypsum admits that Plaintiffs purport to bring their action under the Sherman Act on behalf of themselves and as representatives of the proposed direct purchaser class identified in paragraph 17 of the CACA Complaint. Further responding, National Gypsum denies that the direct purchaser class described in paragraph 17 of the CACA Complaint is proper and can be maintained as a class action pursuant to Federal Rule of Civil Procedure 23 and applicable law and further specifically denies that it participated in any unlawful conspiracy in violation of the Sherman Act.

17.     National Gypsum denies the allegations contained in paragraph 17 of the CACA Complaint, except National Gypsum admits that Plaintiffs purport to bring their action under the Sherman Act and pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of themselves and as representatives of the proposed direct purchaser class identified in paragraph 17, and National Gypsum admits that it has sold wallboard to its customers since January 1, 2012.  Further responding, National Gypsum denies that plaintiffs' action can be maintained properly as a class action pursuant to the Federal Rules of Civil Procedure 23(a) and 23(b)(3) and applicable law.

18.     National Gypsum denies the allegations contained in paragraph 18 of the CACA Complaint.

19.     National Gypsum denies the allegations contained in paragraph 19 of the CACA Complaint.

20.     National Gypsum denies the allegations contained in paragraph 20 of the CACA Complaint.

21.     National Gypsum admits the allegations contained in paragraph 21 of the CACA Complaint.

22.     National Gypsum denies the allegations contained in paragraph 22 of the CACA Complaint.

23.     National Gypsum denies the allegations contained in paragraph 23 of the CACA Complaint.

24.     Paragraph 24 of the CACA Complaint states legal conclusions as to which no response is required.  If and to the extent a response is or may be deemed to be required, National Gypsum denies the allegations contained in paragraph 24 of the CACA Complaint,

except National Gypsum admits that Plaintiffs purport to bring this action based on the statutory provisions mentioned in paragraph 24.  By way of further response, National Gypsum denies that it violated the Sherman Act  and that plaintiffs and members of the putative class they purport to represent are entitled to any relief.

25.     Paragraph 25 of the CACA Complaint states legal conclusions as to which no response is required.  If and to the extent a response is or may be deemed to be required, National Gypsum admits only that Plaintiffs purport to base the Court's jurisdiction on the statutes referenced in paragraph 25 of the CACA Complaint.

26.     Paragraph 26 of the CACA Complaint states legal conclusions as to which no response is required.  If and to the extent a response is or may be deemed to be required, National Gypsum denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the CACA Complaint and on that basis denies those allegations, except National Gypsum admits that it transacts business in this judicial district and that venue is proper in this judicial district.

27.     Paragraph 27 of the CACA Complaint states legal conclusions as to which no response is required.  If and to the extent a response is or may be deemed to be required, National Gypsum denies the allegations contained in paragraph 27 of the CACA Complaint, except National Gypsum admits that this Court has personal jurisdiction over it.

28.     National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the CACA Complaint and on that basis denies those allegations.

29.     National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the CACA Complaint and on that basis denies those allegations.

30.     National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the CACA Complaint and on that basis denies those allegations.

31.     National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the CACA Complaint and on that basis denies those allegations.

32.     National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the CACA Complaint and on that basis denies those allegations.

33.     National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the CACA Complaint and on that basis denies those allegations.

34.     National Gypsum admits the allegations contained in the first and third sentences of paragraph 34 of the CACA Complaint.  With respect to the second sentence of paragraph 34, National Gypsum denies that class certification or class treatment is warranted in this action, but admits that it manufactured and sold gypsum wallboard to purchasers in the United States.

35.     National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the CACA Complaint and on that basis denies those allegations.

36.     National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the CACA Complaint and on that basis denies those allegations.

37.     National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the CACA Complaint and on that basis denies those allegations.

38.     National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the CACA Complaint and on that basis denies those allegations.

39.     National Gypsum denies the allegations contained in paragraph 39 of the CACA Complaint.

40.     National Gypsum denies the allegations contained in paragraph 40 of the CACA Complaint that incorporate allegations that National Gypsum engaged in any violations.  Further responding, National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the CACA Complaint concerning the actions of other unnamed persons, corporations or firms and on that basis denies those allegations.

41.     National Gypsum denies the allegations contained in paragraph 41 of the CACA Complaint, except National Gypsum admits that, if the conduct alleged in the CACA Complaint were to have occurred, it would have involved and affected interstate commerce.  By way of further response, National Gypsum specifically denies that it engaged in any unlawful conduct.

42.     National Gypsum denies the allegations contained in paragraph 42 of the CACA Complaint, except National Gypsum admits that it does sell its wallboard products in interstate

commerce. By way of further response, National Gypsum specifically denies that it engaged in any price-fixing conspiracy.

43. National Gypsum denies that wallboard always has linerboard paper facers. National Gypsum admits, upon information and belief, the remaining allegations describing gypsum wallboard contained in paragraph 43 of the CACA Complaint.

44. National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 44 of the CACA Complaint and on that basis denies those allegations. National Gypsum denies the allegations contained in the second sentence of paragraph 44 of the CACA Complaint, except National Gypsum admits that it uses two types of gypsum, natural and synthetic, to manufacture gypsum wallboard products, and that the chemical formula of gypsum is $CaSO_4\,2H_2O$.

45. National Gypsum admits, upon information and belief, the allegations describing natural gypsum contained in paragraph 45 of the CACA Complaint.

46. National Gypsum admits, upon information and belief, the allegations describing gypsum deposits contained in paragraph 45 of the CACA Complaint.

47. National Gypsum admits, upon information and belief, that the allegations contained in paragraph 47 of the CACA Complaint generally describe the process of "calcining." National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 47 and on that basis denies those allegations.

48. National Gypsum admits, upon information and belief, the allegations contained in the first sentence of paragraph 48 of the CACA Complaint, except that National Gypsum denies that wallboard always has linerboard paper facers. National Gypsum denies the allegations contained in the second sentence of paragraph 48 of the CACA Complaint, except

10

National Gypsum admits that wallboard with paper facers has machine-wrapped paper edges of the board and the paper becomes mechanically bonded to the gypsum core.

49.     National Gypsum denies the allegations contained in the first sentence of paragraph 49 of the CACA Complaint, except National Gypsum admits that wallboard is cut to length and conveyed through dryers to remove some moisture. National Gypsum admits, upon information and belief, the remaining allegations of paragraph 49 of the CACA Complaint

50.     National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the CACA Complaint and on that basis denies those allegations, except National Gypsum admits that gypsum wallboard is used in new residential and commercial construction as well as in the repair and remodeling of both residential and commercial buildings.

51.     National Gypsum denies the allegations contained in paragraph 51 of the CACA Complaint, except National Gypsum admits that 1/2 inch and 5/8 inch are common thicknesses and that 4 feet is a common width for the gypsum wallboard it manufactures and sells to its customers.

52.     National Gypsum admits only that the allegations contained in paragraph 52 of the CACA Complaint list some of the differences between or among gypsum wallboard with linerboard paper facers and the other listed products. National Gypsum denies the remaining allegations of paragraph 52, and specifically denies that wallboard has only linerboard paper facers. By way of further response, National Gypsum states that some gypsum wallboard has fiberglass facers, and that wallboard differs from and is similar to products such as plywood, hardboard, and fiberboard in other respects as well.

11

53.     National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the CACA Complaint and on that basis denies those allegations.

54.     National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the CACA Complaint and on that basis denies those allegations.

55.     National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the CACA Complaint and on that basis denies those allegations, except National Gypsum specifically denies that it was or is a member of any cartel.

56.     National Gypsum denies the allegations contained in paragraph 56 of the CACA Complaint.

57.     National Gypsum denies the allegations contained in paragraph 57 of the CACA Complaint.

58.     National Gypsum denies the allegations contained in paragraph 58 of the CACA Complaint, and specifically denies that it was or is a member of any cartel.

59.     National Gypsum denies the allegations contained in paragraph 59 of the CACA Complaint.

60.     National Gypsum denies the allegations contained in paragraph 60 of the CACA Complaint, except National Gypsum admits that its gypsum wallboard products conform to all applicable standards and codes required for the sale and use of those products.

61.     National Gypsum denies the allegations contained in paragraph 61 of the CACA Complaint, except National Gypsum lacks knowledge or information sufficient to form a belief

as to the truth of the allegations in paragraph 61 regarding the purported description of wallboard by the Gypsum Association and on that basis denies those allegations.

62.     National Gypsum denies the allegations contained in paragraph 62 of the CACA Complaint and specifically denies that it was or is a member of any cartel.

63.     National Gypsum denies the allegations contained in paragraph 63 of the CACA Complaint and specifically denies that it participated in any collusion arrangement or coordinated pricing.

64.     National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the CACA Complaint and on that basis denies those allegations, except National Gypsum admits that building a new plant to manufacture gypsum wallboard may involve significant start-up capital expenditures and regulatory approvals, as well as the purchase of some custom-built equipment, and that it has built a wallboard plant in Mount Holly, North Carolina.

65.     National Gypsum denies the allegations contained in paragraph 65 of the CACA Complaint.

66.     National Gypsum denies the allegations contained in paragraph 66 of the CACA Complaint and specifically denies that it participated in any conspiracy.

67.     National Gypsum denies the allegations contained in paragraph 67 of the CACA Complaint and specifically denies that it engaged in collusion.

68.     National Gypsum denies the allegations contained in paragraph 68 of the CACA Complaint, except National Gypsum admits that wallboard is used in many construction projects and differs in some respect from other construction materials such as plaster or lumber.

69.     National Gypsum denies the allegations contained in paragraph 69 of the CACA Complaint.

70.     National Gypsum denies the allegations contained in paragraph 70 of the CACA Complaint.

71.     National Gypsum denies the allegations contained in paragraph 71 of the CACA Complaint.

72.     National Gypsum denies the allegations contained in paragraph 72 of the CACA Complaint, except National Gypsum admits that the Gypsum Association was founded in 1930, National Gypsum and the other named parties are members of the association, the Gypsum Association publishes materials concerning gypsum wallboard and the gypsum industry, and hosts meetings which National Gypsum employees have attended.

73.     National Gypsum admits the allegations contained in paragraph 73 of the CACA Complaint.

74.     National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the CACA Complaint and on that basis denies those allegations, except National Gypsum admits that it and the other named parties are members of the Association of the Wall & Ceiling Industry ("AWCI") and that National Gypsum employees have attended AWCI conferences and meetings.

75.     National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the CACA Complaint and on that basis denies those allegations, except National Gypsum admits that it and the other named parties are members of the Drywall Finishing Council ("DWFC") and that National Gypsum employees

have attended DWFC events, and National Gypsum denies that it is a member of the Drywall & Interior System Contractor Association.

76.     National Gypsum denies the allegations contained in paragraph 76 of the CACA Complaint, except National Gypsum admits that National Gypsum employees attended the AWCI Executives' Conference, where National Gypsum sponsored a golf tournament, and that National Gypsum employees attended the Global Gypsum Conference.

77.     National Gypsum denies the allegations contained in the last sentence of paragraph 77 of the CACA Complaint.  National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 77 of the CACA Complaint and on that basis denies those allegations.

78.     National Gypsum denies the allegations contained in paragraph 78 of the CACA Complaint.

79.     National Gypsum denies that its executives and sales personnel have close ties to other Defendants.  National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 79 of the CACA Complaint and on that basis denies those allegations.

80.     National Gypsum denies the allegations contained in the first sentence of paragraph 80 of the CACA Complaint.  National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 80 of the CACA Complaint and on that basis denies those allegations, except National Gypsum admits, upon information and belief, that LaFarge and CertainTeed sell wallboard in the United States.

81.     National Gypsum states that the court opinions cited in paragraph 81 of the CACA Complaint are in writing and speak for themselves, and National Gypsum denies all characterizations of those opinions.  National Gypsum denies any remaining allegations contained in paragraph 81 of the CACA Complaint.

82.     National Gypsum states that the court opinions cited in paragraph 82 of the CACA Complaint are in writing and speak for themselves, and National Gypsum denies all characterizations of those opinions.  National Gypsum denies any remaining allegations contained in paragraph 82 of the CACA Complaint.

83.     National Gypsum denies the allegations contained in paragraph 83 of the CACA Complaint.

84.     National Gypsum denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the CACA Complaint and on that basis denies those allegations, except National Gypsum admits that it announced a price increase on its gypsum wallboard products on September 30, 2011 effective as of  January 1, 2012.  By way of further response, National Gypsum states that following the construction market crash in 2007 and 2008, the prices of its wallboard products declined significantly and remained depressed for many years, including into 2011.

85.     National Gypsum denies the allegations contained in paragraph 85 of the CACA Complaint and specifically denies that it engaged in any collusion.  On the contrary, National Gypsum determined prices for its wallboard products unilaterally and independently according to its own business judgment and economic self-interest.  By way of further response, National Gypsum states that following the construction market crash in 2007 and 2008, the prices of its

wallboard products declined significantly and remained depressed for many years, including into 2011.

86.     National Gypsum denies the allegations contained in paragraph 86 of the CACA Complaint.

87.     National Gypsum denies the allegations contained in paragraph 87 of the CACA Complaint.

88.     National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations or hypotheticals contained in paragraph 88 of the CACA Complaint and on that basis denies those allegations

89.     National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the CACA Complaint and on that basis denies those allegations, except National Gypsum admits that the letter it sent to its customers on or around September 30, 2011 is in writing and speaks for itself.  By way of further response, National Gypsum states that it determined prices for its wallboard products unilaterally and independently according to its own business judgment and economic self-interest.

90.     National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the CACA Complaint and on that basis denies those allegations, except National Gypsum admits that it communicated pricing announcements to its customers by letter on or around September 30, 2011, and that its letter is in writing and speaks for itself.  By way of further response, National Gypsum states that it determined prices for its wallboard products unilaterally and independently according to its own business judgment and economic self-interest.

91.     National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 of the CACA Complaint and on that basis denies those allegations.

92.     National Gypsum denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of the CACA Complaint and on that basis denies those allegations, except National Gypsum admits that paragraph 92 of the CACA Complaint quotes a portion of a statement it made on or around September 30, 2011.

93.     National Gypsum denies the allegations contained in paragraph 93 of the CACA Complaint, except National Gypsum admits that it communicated its plans for an increase in the price of its wallboard products to its customers in a letter on or around September 30, 2011, which is in writing and speaks for itself.  By way of further response, National Gypsum states that it determined prices for its wallboard products unilaterally and independently according to its own business judgment and economic self-interest.

94.     National Gypsum denies the allegations contained in paragraph 94 of the CACA Complaint.

95.     National Gypsum denies the allegations contained in paragraph 95 of the CACA Complaint, except National Gypsum admits that it proposed price increases for its wallboard products to its customers in a letter on September 6, 2012, effective as of January 2, 2013, which letter is in writing and speaks for itself.  By way of further response, National Gypsum states that it determined prices for its wallboard products unilaterally and independently according to its own business judgment and economic self-interest.

96.     National Gypsum denies the allegations contained in paragraph 96 of the CACA Complaint.

97.     National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 of the CACA Complaint and on that basis denies those allegations.  By way of further response, National Gypsum states that it determined prices for its wallboard products unilaterally and independently according to its own business judgment and economic self-interest.

98.     National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the CACA Complaint and on that basis denies those allegations.

99.     National Gypsum denies that it engaged or participated in a conspiracy to fix prices for wallboard.  National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 99 of the CACA Complaint, including the statements purportedly made by unnamed industry participants and unidentified distributors, and on that basis denies those allegations.

100.     National Gypsum denies the allegations contained in paragraph 100 of the CACA Complaint.

101.     National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 of the CACA Complaint, including the statements attributed to unidentified analysts and unnamed industry participants, and on that basis denies those allegations.

102.     National Gypsum denies the allegations contained in paragraph 102 of the CACA Complaint.

103.     National Gypsum denies the allegations contained in paragraph 103 of the CACA Complaint.

104.    National Gypsum denies the allegations contained in paragraph 104 of the CACA Complaint, except National Gypsum admits that it had previously provided job quotes (allowing individual customers to lock in a price for wallboard for a particular construction project) to some customers for some wallboard purchases, and announced in the fall of 2011 that it would stop doing so for new jobs.   By way of further response, National Gypsum states that it honored job quotes for which customers had signed Notices of Intent after it announced the elimination of job quotes for new jobs.

105.    National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105 of the CACA Complaint, including the statement attributed to an unnamed distributor, and on that basis denies those allegations, except National Gypsum admits that it had previously negotiated and provided some job quotes for some customers for some wallboard purchases, and that it honored those job quotes, where the customer had a signed Notice of Intent, after it announced the elimination of job quotes for new construction projects.

106.    National Gypsum denies the allegations contained in paragraph 106 of the CACA Complaint.

107.    National Gypsum denies the allegations contained in paragraph 107 of the CACA Complaint.

108.    National Gypsum denies the allegations contained in paragraph 108 of the CACA Complaint.

109.    National Gypsum denies the allegations contained in the first sentence of paragraph 109 of the CACA Complaint.  National Gypsum admits that it announced on September 30, 2011 that it would discontinue the practice of providing job quotes and that this

announcement was communicated to its customers by a written document which speaks for itself.  To the extent the remaining allegations in paragraph 109 of the CACA Complaint refer to communications by other Defendants, National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations, except National Gypsum states that those communications are written documents that speak for themselves.  By way of further response, National Gypsum states that it made the decision to discontinue providing job quotes for new construction projects unilaterally and independently based on its own business judgment and economic self-interest.

110.     National Gypsum denies the allegations contained in paragraph 110 of the CACA Complaint, except National Gypsum admits that it announced on September 30, 2011 a procedure for honoring prior job quotes for which it received a signed Notice of Intent and that this announcement was communicated to its customers by a written document which speaks for itself.  By way of further response, National Gypsum states that the documents and policies cited in paragraph 110 of the CACA Complaint are in writing and speak for themselves.

111.     National Gypsum denies the allegations contained in paragraph 111 of the CACA Complaint.

112.     National Gypsum denies the allegations contained in paragraph 112 of the CACA Complaint.

113.     National Gypsum denies the allegations contained in paragraph 113 of the CACA Complaint.

114.     National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the non-National Gypsum allegations contained in paragraph 114 of the CACA Complaint and on that basis denies those allegations.  To the extent that the allegations contained

in paragraph 114 of the CACA Complaint refer to a letter by National Gypsum dated September 6, 2012, the document is in writing and speaks for itself.

115.     National Gypsum denies the allegations contained in paragraph 115 of the CACA Complaint.

116.     National Gypsum denies the allegations contained in paragraph 116 of the CACA Complaint.

117.     National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 117 of the CACA Complaint and on that basis denies those allegations.  To the extent that the allegations of paragraph 117 refer to or purport to have restated information from a written communication, the document speaks for itself and National Gypsum denies all characterizations of the document.

118.     National Gypsum denies the allegations contained in paragraph 118 of the CACA Complaint.

119.     National Gypsum denies the allegations contained in paragraph 119 of the CACA Complaint.

120.     National Gypsum denies the allegations contained in the first two sentences of paragraph 120 of the CACA Complaint.  National Gypsum admits that it announced a price increase on September 6, 2012 and that this price increase was communicated by a written document that speaks for itself.  To the extent the remaining allegations in paragraph 120 of the CACA Complaint refer to communications by other Defendants, National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations, except National Gypsum states that those communications are written documents that speak for themselves.  By way of further response, National Gypsum

states that it made the decision to increase prices unilaterally and independently according to its own business judgment and economic self-interest.

121.    National Gypsum denies the allegations contained in the first sentence of paragraph 121 of the CACA Complaint.  National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 121 of the CACA Complaint and on that basis denies those allegations.

122.    National Gypsum denies the allegations contained in the first two sentences of paragraph 122 of the CACA Complaint.  National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 122 of the CACA Complaint and on that basis denies those allegations.  By way of further response, to the extent that the allegations contained in paragraph 122 of the Amended Complaint refer to or purport to have restated information from any written communication, the document speaks for itself and National Gypsum denies any characterizations of the document.

123.    National Gypsum denies the allegations contained in the first sentence of paragraph 123 of the CACA Complaint.  National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 123 of the CACA Complaint and on that basis denies those allegations.  By way of further response, to the extent that the allegations of paragraph 123 refer to or purport to have restated information from any written communication, the document speaks for itself and National Gypsum denies any characterizations of the document.

124.    National Gypsum denies the allegations contained in paragraph 124 of the CACA Complaint.

125.    National Gypsum denies the allegations contained in paragraph 125 of the CACA Complaint.

126.    National Gypsum denies the allegations contained in paragraph 126 of the CACA Complaint.

127.    National Gypsum denies the allegations contained in paragraph 127 of the CACA Complaint.

128.    National Gypsum denies the allegations contained in paragraph 128 of the CACA Complaint.

129.    National Gypsum denies the allegations contained in paragraph 129 of the CACA Complaint.

130.    National Gypsum denies the allegations contained in paragraph 130 of the CACA Complaint.

131.    National Gypsum denies the allegations contained in paragraph 131 of the CACA Complaint.

132.    National Gypsum incorporates and realleges the answers to all preceding paragraphs of the CACA Complaint as though set forth herein at length.

133.    National Gypsum denies the allegations contained in paragraph 133 of the CACA Complaint.

134.    National Gypsum denies the allegations contained in paragraph 134 of the CACA Complaint.

135.    National Gypsum denies the allegations contained in paragraph 135 of the CACA Complaint.

136.     National Gypsum denies the allegations contained in paragraph 136 of the CACA Complaint.

137.     National Gypsum denies the allegations contained in paragraph 137 of the CACA Complaint.

138.     National Gypsum denies the allegations contained in paragraph 138 of the CACA Complaint, except National Gypsum admits that plaintiffs purport to seek a jury trial as to all issues so triable.

139.     National Gypsum denies the allegations contained in paragraph 139 of the CACA Complaint and specifically denies that Plaintiffs are entitled to any of the relief they seek in the CACA Complaint.

140.     National Gypsum denies each and every allegation contained in the CACA Complaint not specifically and expressly admitted above.

### ADDITIONAL DEFENSES

National Gypsum reserves the right to assert any and all applicable defenses to the Plaintiffs' claims.  National Gypsum has not yet obtained adequate discovery from the Plaintiffs, the Defendants, or others in connection with this action, and National Gypsum therefore reserves the right to amend or otherwise supplement this pleading.  Without limiting the generality of the foregoing and without regard to whether defenses set forth below are affirmative defenses within the meaning of Federal Rule of Civil Procedure 8(c)(1), and without conceding that any such defenses must be set forth in its answer or assuming any burden of proof that it would not otherwise bear, National Gypsum states as follows:

### FIRST ADDITIONAL DEFENSE

Plaintiffs fail to state a claim against National Gypsum upon which relief may be granted.

## SECOND ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, because National Gypsum's alleged conduct did not unreasonably restrain trade and was lawful and justified, constituted bona fide business practices, and was carried out in furtherance of National Gypsum's independent and legitimate business interests

## THIRD ADDITIONAL DEFENSE

The claims of Plaintiffs and others claimed to be members of the alleged class or classes are barred because they have not suffered any actual, cognizable antitrust injury or injuries.

## FOURTH ADDITIONAL DEFENSE

The claims of Plaintiffs and others claimed to be members of the alleged class or classes are barred because they failed to mitigate any injuries or damages allegedly sustained.

## FIFTH ADDITIONAL DEFENSE

Plaintiffs and others claimed to be members of the alleged class or classes lack standing to bring or maintain this action against National Gypsum.

## SIXTH ADDITIONAL DEFENSE

The claims of Plaintiffs and others claimed to be members of the alleged class or classes are barred in whole or in part because their alleged damages, if any, are too speculative or remote, and because of the impossibility of the proof and allocation of those alleged damages.

## SEVENTH ADDITIONAL DEFENSE

Each of Plaintiffs' claims or causes of action is barred, in whole or in part, because Plaintiffs' claims are not properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

## EIGHTH ADDITIONAL DEFENSE

Each of Plaintiffs' claims or causes of action is barred, in whole or in part, because the named Plaintiffs are not proper class representatives.

## NINTH ADDITIONAL DEFENSE

The claims of Plaintiffs and others claimed to be members of the alleged class are barred in whole or in part by the doctrines of laches, estoppel, waiver, and/or unclean hands.

## TENTH ADDITIONAL DEFENSE

Plaintiffs and others claimed to be members of the alleged class or classes have not suffered any damages or injury resulting from any act or omission of National Gypsum.

## ELEVENTH ADDITIONAL DEFENSE

The claims of Plaintiffs and others claimed to be members of the alleged class or classes are barred, in whole or in part, because any alleged injuries or damages were not legally or proximately caused by any acts or omissions of National Gypsum and/or were caused, if at all, solely and proximately by the conduct of third parties, including without limitation the prior intervening or superseding conduct of such third parties.

## TWELFTH ADDITIONAL DEFENSE

The claims of Plaintiffs and others claimed to be members of the alleged class or classes are barred, in whole or in part, by reason of the ratification of, or acquiescence, agreement or consent to, the conduct of National Gypsum by the Plaintiffs and/or others claimed to be members of the alleged class or classes.

## THIRTEENTH ADDITIONAL DEFENSE

The claims of Plaintiffs and others claimed to be members of the alleged class or classes are barred, in whole or in part, because to the extent that any employee or agent of National

Gypsum engaged in any unlawful act or omission, which National Gypsum expressly denies, any such act or omission would have been committed by individuals acting *ultra vires*.

## FOURTEENTH ADDITIONAL DEFENSE

The claims of Plaintiffs and others claimed to be members of the alleged class or classes are barred, in whole or in part, because National Gypsum's alleged conduct did not unreasonably restrain trade and was lawful, justified, and pro-competitive, constituted bona fide business practices, and was carried out in furtherance of National Gypsum's independent and legitimate business interests.

## FIFTEENTH ADDITIONAL DEFENSE

The claims of Plaintiffs and others claimed to be members of the alleged class or classes are barred because Plaintiffs have failed to plead conspiracy with particularity, as required by the applicable rules, doctrines, and caselaw.

## SIXTEENTH ADDITIONAL DEFENSE

The claims of Plaintiffs and others claimed to be members of the alleged class or classes are barred to the extent that they did not purchase wallboard directly from National Gypsum or any of the other defendants.

## SEVENTEENTH ADDITIONAL DEFENSE

National Gypsum adopts and incorporates by reference any and all other defenses asserted by any other defendant to the extent National Gypsum may share in such defense.

WHEREFORE, National Gypsum respectfully requests that judgment be entered dismissing the CACA Complaint in its entirety and that this Court grant National Gypsum an award of its costs and disbursements together with such other and further relief as the Court deems just and proper under the circumstances.

**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 38
DEFENDANT NEW NGC, INC., D/B/A NATIONAL GYPSUM COMPANY
DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE**

Respectfully submitted,

Dated:  July 29, 2013          /s/ Steven E. Bizar

Steven E. Bizar (PA I.D. No. 68316)
Landon Y. Jones (PA I.D. No. 93878)
Benjamin McAnaney (PA I.D. No. 313054)
BUCHANAN INGERSOLL & ROONEY PC
Two Liberty Place, Ste. 3200
Philadelphia, PA 19102-2555
(215) 665-8700
(215) 665-8760 (fax)

Everett J. Bowman (Pro Hac Vice)
Lawrence C. Moore, III (Pro Hac Vice)
Nathan C. Chase, Jr. (Pro Hac Vice)
ROBINSON BRADSHAW & HINTON, PA
101 North Tryon Street, Ste. 1900
Charlotte, NC  28246
(704) 377-2536
(704) 378-4000 (fax)

Attorneys for Defendant New NGC, Inc.
d/b/a National Gypsum Company

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on Monday, July 29, 2013, the following document was filed

electronically and is available for viewing and downloading on the Electronic Case Filing

System of the United States District Court for the Eastern District of Pennsylvania:

ANSWER AND ADDITIONAL DEFENSES OF DEFENDANT NEW NGC, INC., D/B/A
NATIONAL GYPSUM COMPANY, TO THE DIRECT PURCHASERS' CONSOLIDATED
AMENDED CLASS ACTION COMPLAINT

Notice of this filing will be sent by email to all parties by operation of the Court's

electronic filing systems.  Parties may access the filing through the Court's CM/ECF System.


/s/ Steven E. Bizar