UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                 )
IN RE: DOMESTIC DRYWALL        )     MDL No. 2437
ANTITRUST LITIGATION         )     13-MD-2437
                                 )
_____     Honorable Michael M. Baylson
                                 )
THIS DOCUMENT RELATES TO:   )
                                 )     **<u>Jury Trial Demanded</u>**
All Indirect Purchaser Actions     )
                                 )
_____

### ANSWER AND ADDITIONAL DEFENSES OF DEFENDANT NEW NGC, INC., D/B/A NATIONAL GYPSUM COMPANY TO THE INDIRECT PURCHASERS' <u>FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT</u>

Defendant New NGC, Inc. d/b/a National Gypsum Company ("National Gypsum"), by and through its undersigned attorneys, hereby answers and sets forth additional defenses to the Indirect Purchasers' First Amended Consolidated Class Action Complaint (the "Complaint").

Except as otherwise expressly stated below, National Gypsum denies knowledge or information sufficient to form a belief concerning the truth of the allegations in the Complaint that are directed toward other defendants or parties identified herein with which National Gypsum is not affiliated and on that basis denies those allegations.

National Gypsum responds to the unnumbered and numbered paragraphs of the Complaint as follows:

## FIRST DEFENSE

National Gypsum denies the allegations, descriptions, and legal conclusions contained in the preamble to the Complaint, except National Gypsum admits that it manufactures, sells, and distributes gypsum wallboard[1] in the United States and that Plaintiffs purport to sue on behalf of themselves and others similarly situated.

1.      National Gypsum denies the allegations contained in paragraph 1 of the Complaint, and specifically denies that it engaged in any price-fixing conspiracy or otherwise violated Section 1 of the Sherman Act or state laws in any way, except National Gypsum admits that the Plaintiffs purport to bring this action based on the statutory provisions cited in paragraph 1 of the Complaint.

2.      National Gypsum denies the allegations contained in paragraph 2 of the Complaint, except National Gypsum admits that gypsum wallboard is a material used in residential and commercial construction.

3.      National Gypsum denies the allegations contained in paragraph 3 of the Complaint, except National Gypsum admits it announced a price increase on or around September 30, 2011, and communicated that price increase to its customers in a written letter that speaks for itself.  By way of further response, National Gypsum states that it made the decision to increase prices for its sales of wallboard products to its customers unilaterally and independently according to its own business judgment and economic self-interest.

4.      National Gypsum denies the allegations contained in paragraph 4 of the Complaint and the footnote included therein, except National Gypsum admits that it previously provided job quotes in some circumstances to some customers, and that it discontinued the practice for new jobs in a letter it sent to its customers on or around September 30, 2011.  By

---

[1] The terms "gypsum wallboard" and "wallboard" are used interchangeably in and throughout this answer.

way of further response, National Gypsum states that it made the decision to discontinue the use of job quotes unilaterally and independently based on its own business judgment and economic self-interest.

5.      National Gypsum denies the allegations contained in paragraph 5 of the Complaint.

6.      National Gypsum denies the allegations contained in paragraph 6 of the Complaint.

7.      National Gypsum denies the allegations contained in paragraph 7 of the Complaint, except National Gypsum admits that some National Gypsum employees have participated in some trade association meetings, including meetings of the Gypsum Association and the Association of the Wall and Ceiling Industry (AWCI) Executives' Conference.

8.      National Gypsum denies the allegations contained in paragraph 8 of the Complaint, except National Gypsum admits that some of its employees attended the referenced AWCI Executives' Conference and that National Gypsum announced price increases and a change in its job quote policy in a written communication to its customers on September 30, 2011.  By way of further response, National Gypsum states that it made the decision to increase prices and discontinue the use of job quotes for some customers and projects unilaterally and independently based on its own business judgment and economic self-interest.

9.      National Gypsum denies the allegations contained in paragraph 9 of the Complaint.

10.     National Gypsum denies the allegations contained in paragraph 10 of the Complaint, except National Gypsum admits that it announced its intent to implement a price increase effective as of January 1, 2012, and that the change would remain in effect for the

duration of 2012, in a written document that speaks for itself.  By way of further response, National Gypsum states that it made the decision to increase prices for its sales of wallboard products to its customers unilaterally and independently according to its own business judgment and economic self-interest.

11.     National Gypsum denies the allegations contained in paragraph 11 of the Complaint, except National Gypsum admits that on or about September 6, 2012 it announced a price increase for its gypsum wallboard products effective as of January 2, 2013 in a written document that speaks for itself.  By way of further response, National Gypsum states that it made the decision to increase prices for wallboard products unilaterally and independently according to its own business judgment and economic self-interest.

12.     National Gypsum denies the allegations contained in paragraph 12 of the Complaint.

13.     National Gypsum denies the allegations contained in paragraph 13 of the Complaint.

14.     Paragraph 14 of the Complaint states legal conclusions as to which no response is required.  If and to the extent a response is or may be deemed to be required, National Gypsum denies the allegations contained in paragraph 14 of the Complaint, except National Gypsum admits that Plaintiffs purport to bring this action based on the statutory provisions cited in paragraph 14 and National Gypsum admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.  By way of further response, National Gypsum denies that it violated the Sherman Act and that Plaintiffs and members of the putative class they purport to represent are entitled to any relief.

15.     Paragraph 15 of the Complaint states legal conclusions as to which no response is required.  If and to the extent a response is or may be deemed to be required, National Gypsum admits only that Plaintiffs purport to base the Court's jurisdiction on the statutes cited in paragraph 15 of the Complaint.

16.     Paragraph 16 of the Complaint states legal conclusions as to which no response is required.  If and to the extent a response is or may be deemed to be required, National Gypsum admits only that Plaintiffs purport to base the Court's jurisdiction on the statutes cited in paragraph 16 of the Complaint.

17.     Paragraph 17 of the Complaint states legal conclusions as to which no response is required.  If and to the extent a response is or may be deemed to be required, National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and on that basis denies those allegations, except National Gypsum admits that it transacts business and that venue is proper in this judicial district.

18.     The first sentence of Paragraph 18 of the Complaint states legal conclusions as to which no response is required.  If and to the extent a response is or may be deemed to be required, National Gypsum denies the allegations contained in the first sentence of paragraph 18 of the Complaint, except National Gypsum admits that this Court has personal jurisdiction over it.  National Gypsum denies the remaining allegations contained in paragraph 18 of the Complaint.

19.     National Gypsum denies the allegations contained in paragraph 19 of the Complaint, except National Gypsum admits that, if the conduct alleged in the Complaint were to

have occurred, it would have involved and affected interstate commerce.  By way of further response, National Gypsum specifically denies that it engaged in any unlawful conduct.

20.     National Gypsum denies the allegations contained in paragraph 20 of the Complaint, except National Gypsum admits that it does manufacture, distribute, and sell its gypsum wallboard products in interstate commerce.  By way of further response, National Gypsum specifically denies that it engaged in any anticompetitive scheme.

21.     National Gypsum denies the allegations contained in the third sentence of paragraph 21 of the Complaint.  National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21 of the Complaint and on that basis denies those allegations.

22.     National Gypsum denies the allegations contained in the third sentence of paragraph 22 of the Complaint.  National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22 of the Complaint and on that basis lacks those allegations.

23.     National Gypsum denies the allegations contained in the third sentence of paragraph 23 of the Complaint.  National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23 of the Complaint and on that basis denies those allegations.

24.     National Gypsum denies the allegations contained in the third sentence of paragraph 24 of the Complaint.  National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 24 of the Complaint and on that basis denies those allegations.

25.     National Gypsum denies the allegations contained in the third sentence of paragraph 25 of the Complaint.  National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 25 of the Complaint and on that basis denies those allegations.

26.     National Gypsum denies the allegations contained in the third sentence of paragraph 26 of the Complaint.  National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26 of the Complaint and on that basis denies those allegations.

27.     National Gypsum denies the allegations contained in the third sentence of paragraph 27 of the Complaint.  National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 27 of the Complaint and on that basis denies those allegations.

28.     National Gypsum denies the allegations contained in the third sentence of paragraph 28 of the Complaint.  National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 28 of the Complaint and on that basis denies those allegations.

29.     National Gypsum denies the allegations contained in the third sentence of paragraph 29 of the Complaint.  National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 29 of the Complaint and on that basis denies those allegations.

30.     National Gypsum denies the allegations contained in the third sentence of paragraph 30 of the Complaint.  National Gypsum lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in paragraph 30 of the Complaint and on that basis denies those allegations.

31. National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and on that basis denies those allegations.

32. National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and on that basis denies those allegations.

33. National Gypsum admits the allegations contained in paragraph 33 of the Complaint.

34. National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and on that basis denies those allegations.

35. National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint and on that basis denies those allegations.

36. National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint and on that basis denies those allegations.

37. National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint and on that basis denies those allegations.

38.     National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and on that basis denies those allegations.

39.     National Gypsum denies the allegations contained in paragraph 39 of the Complaint.

40.     National Gypsum denies the allegations contained in paragraph 40 of the Complaint, and specifically denies participation in any violation of law, whether with the other defendants or with other unnamed corporations, firms, or persons.

41.     National Gypsum admits the allegations contained in paragraph 41 of the Complaint.

42.     National Gypsum denies the allegations contained in paragraph 42 of the Complaint that glass-faced gypsum wallboard is a niche market distinct from the paper-faced gypsum wallboard market and denies that all gypsum wallboard is manufactured using two sheets of heavy paper.  National Gypsum admits, upon information and belief, the remaining allegations contained in paragraph 42 of the Complaint.

43.     National Gypsum denies the allegation contained in paragraph 43 of the Complaint that contractors generally use wooden framing.  By way of further response, National Gypsum admits, upon information and belief, the remaining allegations contained in paragraph 43 of the Complaint.

44.     National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint and on that basis denies those allegations.

45.     National Gypsum denies the allegations contained in paragraph 45 of the Complaint, except National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 regarding the purported description of wallboard by the Gypsum Association and on that basis denies those allegations.

46.     National Gypsum denies the allegations contained in paragraph 46 of the Complaint, except National Gypsum admits that 1/2 inch and 5/8 inch are common thicknesses and that 4 feet is a common width for the gypsum wallboard it manufactures and sells to its customers.

47.     National Gypsum denies the allegations contained in paragraph 47 of the Complaint, except National Gypsum admits that price is one of the factors upon which it competes with other wallboard manufacturers.  Further responding, to the extent the allegations contained in paragraph 47 of the Complaint or the footnote included therein refer to or purport to have restated information from a written document prepared by another defendant, the document speaks for itself and National Gypsum denies any attempt by Plaintiffs to characterize the contents of the document.

48.     National Gypsum denies the allegations contained in paragraph 48 of the Complaint, except National Gypsum admits that its products must and do conform to all applicable standards and codes required for the sale of those products.

49.     National Gypsum denies that the costs listed in paragraph 49 of the Complaint are an exclusive or accurate list or approximation of the costs it incurs to manufacture gypsum wallboard.  Further responding, National Gypsum states that the cost of manufacturing gypsum wallboard varies according to a number of different factors, including location, product, and time period and that National Gypsum therefore lacks knowledge or information sufficient to form a

10

belief as to the truth of the remaining allegations contained in paragraph 49 of the Complaint regarding the costs of manufacturing gypsum wallboard and on that basis denies those allegations.

50.     National Gypsum denies the allegations contained in paragraph 50 of the Complaint, except National Gypsum admits that the price of natural gas is one of many factors that affect the cost of manufacturing gypsum wallboard.

51.     National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint and on that basis denies those allegations.

52.     National Gypsum denies the allegations contained in paragraph 52 of the Complaint, except National Gypsum admits that it also manufactures gypsum wallboard using synthetic gypsum.  National Gypsum lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 52 of the Complaint and on that basis denies those allegations.

53.     National Gypsum denies that it engaged in collusion.  National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint and on that basis denies those allegations.

54.     National Gypsum admits that wallboard has a variety of benefits that contribute to its use in residential and commercial construction projects.  To the extent the remaining allegations contained in paragraph 54 of the Complaint refer to or purport to have restated information from a written document, the document speaks for itself and National Gypsum denies any attempt by Plaintiffs to characterize the contents of the document.

55.     National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint and on that basis denies those allegations.  Further responding, to the extent the allegations of paragraph 55 of the Complaint or the footnote included therein refer to or purport to have restated information from a written document, the document speaks for itself and National Gypsum denies any attempt by Plaintiffs to characterize the contents of the document.

56.     National Gypsum admits, upon information and belief, that the allegations contained in paragraph 56 of the Complaint describe the fire resistance qualities of gypsum wallboard.  Further responding, National Gypsum states that, to the extent the allegations contained in paragraph 56 of the Complaint or the footnote included therein refer to or purport to have restated information from a written document, the document speaks for itself and National Gypsum denies any attempt by Plaintiffs to characterize the contents of the document.  National Gypsum denies the remaining allegations contained in paragraph 56 of the Complaint.

57.     National Gypsum denies the allegations contained in paragraph 57 of the Complaint, except National Gypsum admits that some Chinese-made wallboard has been imported into the United States and that at certain times since 2005 US demand for wallboard has exceeded manufacturers' capacity.  Further responding, National Gypsum states that, to the extent the allegations contained in paragraph 57 of the Complaint or the footnote included therein refer to or purport to restate information from a written document, the document speaks for itself and National Gypsum denies any attempt by Plaintiffs to characterize the contents of the document.

58.     National Gypsum denies the allegations contained in paragraph 58 of the Complaint.

59.     National Gypsum denies the allegations contained in paragraph 59 of the Complaint.

60.     National Gypsum denies the allegations contained in paragraph 60 of the Complaint.

61.     National Gypsum denies the allegations contained in paragraph 61 of the Complaint.

62.     National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint and on that basis denies those allegations, except National Gypsum admits that it sells wallboard to gypsum specialty distributors or "GSDs."

63.     National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint and on that basis denies those allegations, except National Gypsum admits that it sells wallboard to Lowe's, Home Depot, and Menards.

64.     National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint and on that basis denies those allegations, except National Gypsum admits that it sells wallboard to Ace, Do It Best, LMC, and Amarock.  Further responding, National Gypsum denies that Drake is a buying group.

65.     National Gypsum denies the allegations contained in paragraph 65 of the Complaint.

66.     National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint and on that basis denies those allegations, except National Gypsum states that, to the extent the allegations contained in

paragraph 66 of the Complaint refer to or purport to have restated information from a written document, the document speaks for itself and National Gypsum denies any attempt by Plaintiffs to characterize the contents of the document.

67.     National Gypsum denies the allegations contained in paragraph 67 of the Complaint, except National Gypsum admits that it provides a variety of discounts, including rebates, to its wallboard customers under many different types of discount programs.

68.     National Gypsum denies the allegations contained in paragraph 68 of the Complaint.

69.     National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint and on that basis denies those allegations, except National Gypsum admits, upon information and belief, that in 2011 its share of U.S. wallboard sales approximated slightly less than 23% of total sales.

70.     National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint, including  the allegations referencing unspecified SEC filings, and on that basis denies those allegations

71.     National Gypsum denies that it was or is a member of any cartel and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 71 of the Complaint and on that basis denies those allegations.

72.     National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint and on that basis denies those allegations.  Further responding, National Gypsum states that, to the extent the allegations contained in paragraph 72 of the Complaint refer to or purport to have restated information from

a written document, the document speaks for itself and National Gypsum denies any attempt by Plaintiffs to characterize the content of the document.

73.     National Gypsum denies the allegations contained in paragraph 73 of the Complaint, except that National Gypsum admits, upon information and belief, that American Gypsum opened a gypsum plant in South Carolina prior to the fall of 2011.

74.     National Gypsum denies the allegations contained in paragraph 74 of the Complaint.  By way of further response, National Gypsum states that it makes pricing decisions for its wallboard products unilaterally and independently according to its own business judgment and economic self-interest.

75.     Paragraph 75 of the Complaint purports to state a definition of a term in Economics as to which no response is required.  If and to the extent a response is or may be deemed to be required, National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Complaint and on that basis denies those allegations.

76.     National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Complaint and on that basis denies those allegations.

77.     National Gypsum denies that it was or is a member of any cartel.  Further responding, National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 77 of the Complaint and on that basis denies those allegations.

78.     National Gypsum denies the allegations contained in paragraph 78 of the Complaint and specifically denies that it was or is a member of any cartel.

79.     National Gypsum denies the allegations contained in paragraph 79 of the Complaint.

80.     National Gypsum denies the allegations contained in paragraph 80 of the Complaint and specifically denies that it was or is a member of any cartel.

81.     National Gypsum denies the allegations contained in paragraph 81 of the Complaint.

82.     National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Complaint and on that basis denies those allegations, except National Gypsum admits that it constructed a new wallboard facility in North Carolina in 2007 and that entry into the wallboard market may involve significant start-up capital expenditures and regulatory approvals.  To the extent the allegations contained in paragraph 82 of the Complaint or the footnote included therein refer to or purport to have restated information from a written document, the document speaks for itself and National Gypsum denies any attempt by Plaintiffs to characterize the contents of the document.

83.     National Gypsum denies the allegations contained in paragraph 83 of the Complaint, except National Gypsum states that, to the extent the allegations contained in paragraph 83 of the Complaint or the footnote included therein refer to or purport to have restated information from a written document, the document speaks for itself and National Gypsum denies any attempt by Plaintiffs to characterize the contents of the document.

84.     National Gypsum denies the allegations contained in paragraph 84 of the Complaint.

85.     National Gypsum denies the allegations contained in the first sentence of paragraph 85 of the Complaint.   National Gypsum lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in paragraph 85 of the

Complaint and on that basis denies those allegations, except National Gypsum admits that Craig

Robertson, one of its employees, served on the Gypsum Association's Board of Directors for the

2011-2013 terms.

86.     National Gypsum denies the allegations contained in paragraph 86 of the

Complaint, except National Gypsum admits that the Gypsum Association hosts meetings,

including seminars, presentations, and social activities, which some National Gypsum employees

occasionally attended.

87.     National Gypsum lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 87 of the Complaint and on that basis denies

those allegations, except National Gypsum admits that some National Gypsum employees have

attended trade association events to which they were invited.

88.     National Gypsum denies the allegations contained in paragraph 88 of the

Complaint, except National Gypsum admits that it and the other named Defendants are members

of the Association of the Wall & Ceiling Industry ("AWCI"), that National Gypsum employees

have attended AWCI conferences and meetings, that some National Gypsum representatives

attended the 2011 AWCI Executives' Conference referenced in the Complaint, where National

Gypsum sponsored a golf tournament, and that on or around September 30, 2011 it announced a

price increase and the elimination of job quotes in a letter it sent to its customers.  Further

responding, National Gypsum states that it made the decision to increase prices and to eliminate

job quotes for its wallboard products unilaterally and independently according to its own

business judgment and economic self-interest.

89.     National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the Complaint and on that basis denies those allegations, except National Gypsum admits that some National Gypsum representatives attended the Gypsum Association trade meeting in Las Vegas, Nevada.

90.     National Gypsum admits the allegation of paragraph 90 of the complaint that the Gypsum Association Board of Directors met to discuss matters affecting and of interest to the Gypsum Association.  Further responding, National Gypsum specifically denies that its employees participated in any improper or unlawful discussions with competitors at this or any other trade association meeting.

91.     National Gypsum denies the allegations contained in the first sentence of paragraph 91 of the Complaint.  With respect to the second sentence of paragraph 91, National Gypsum admits that it is a member of the Drywall Finishing Council ("DWFC") and that some of its employees attend some DWFC meetings.  Further responding, National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 91 of the Complaint and on that basis denies those allegations.

92.     National Gypsum denies the allegations contained in paragraph 92 of the Complaint.

93.     National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 of the Complaint and on that basis denies those allegations.

94.     National Gypsum denies the allegations contained in paragraph 94 of the Complaint, except National Gypsum admits that it has on occasion received information about competitors' prices through its customers.  By way of further response, National Gypsum states

that it has always set and adjusted the prices for its gypsum wallboard products unilaterally and independently according to its own business judgment and economic self-interest.

95.     National Gypsum denies the allegations contained in the first sentence of paragraph 95 of the Complaint.  National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 95 of the Complaint and on that basis denies those allegations.

96.     National Gypsum states that the court decision cited in paragraph 96 of the Complaint is in writing and speaks for itself, and National Gypsum denies all characterizations of that decision.  National Gypsum denies any remaining allegations contained in paragraph 96 of the Complaint.

97.     National Gypsum states that the court decision cited in paragraph 97 of the Complaint is in writing and speaks for itself, and National Gypsum denies all characterizations of that decision.  National Gypsum denies any remaining allegations contained in paragraph 97 of the Complaint.

98.     National Gypsum states that the court decision cited in paragraph 98 of the Complaint is in writing and speaks for itself, and National Gypsum denies all characterizations of that decision.  National Gypsum denies any remaining allegations contained in paragraph 98 of the Complaint.

99.     National Gypsum denies the allegations contained in paragraph 99 of the Complaint.

100.     National Gypsum denies the allegations contained in paragraph 100 of the Complaint, except National Gypsum admits that it has announced price increases by letter 30 to 45 days before the announced effective date.

101.     National Gypsum denies the allegations contained in paragraph 101 of the Complaint.

102.     National Gypsum denies the implication of paragraph 102 of the complaint that price competition in the sale of gypsum wallboard ended in the fall of 2011.  National Gypsum states that vigorous price competition in the sale of wallboard occurred prior to, during, and after the fall of 2011, and continues today.  National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 102 of the Complaint and on that basis denies those allegations.

103.     National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of the Complaint and on that basis denies those allegations, except National Gypsum admits that it announced price increases during the first three quarters of 2011.

104.     National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of the Complaint and on that basis denies those allegations.

105.     National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105 of the Complaint and on that basis denies those allegations.

106.     National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106 of the Complaint and on that basis denies those allegations.

107.     National Gypsum denies the allegations contained in paragraph 107 of the Complaint.

108.     To the extent the allegations in paragraph 108 of the Complaint refer to or purport to have restated information from written communications, the documents speak for themselves and National Gypsum denies any attempt by Plaintiffs to characterize the contents of the communications.  National Gypsum denies the remaining allegations of paragraph 108, including the implication that its decision to increase the price of its wallboard products was the result of a conspiracy.  By way of further response, National Gypsum states that it made the decision to increase prices for its sales of wallboard products to its customers unilaterally and independently according to its own business judgment and economic self-interest.

109.     National Gypsum denies the allegations contained in the first sentence of paragraph 109 of the Complaint.  With respect to the remaining allegations contained in paragraph 109 of the complaint, National Gypsum admits it announced a price increase on September 30, 2011, and communicated that price increase to its customers in a written document that speaks for itself.  To the extent the remaining allegations in paragraph 109 of the Complaint refer to communications by other Defendants, National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations, except National Gypsum states that those communications are written documents that speak for themselves.  By way of further response, National Gypsum states that it made the decision to increase prices for its sales of wallboard products to its customers unilaterally and independently according to its own business judgment and economic self-interest.

110.     National Gypsum admits, upon information and belief, the allegations contained in paragraph 110 of the complaint.

111.    National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111 of the Complaint regarding comments of a distributor and on that basis denies those allegations.  Further responding, National Gypsum states that, to the extent the allegations contained in paragraph 111 of the Complaint or the footnote included therein refer to or purport to have restated information from a written communication, the document speaks for itself and National Gypsum denies any attempt by Plaintiffs to characterize the contents of the communication.

112.    National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112 of the Complaint and on that basis denies those allegations, except that National Gypsum states that the average net sales price for its gypsum wallboard products increased after it implemented the price increase it had announced on September 30, 2011.  Further responding, National Gypsum states that, to the extent the allegations contained in paragraph 112 of the Complaint refer to or purport to have restated information from a written communication, the document speaks for itself and National Gypsum denies any attempt by Plaintiffs to characterize the contents of the communication.

113.    National Gypsum denies the allegations contained in the first sentence of paragraph 113 of the Complaint.  National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 113 of the Complaint and on that basis denies those allegations.

114.    National Gypsum denies the allegations contained in paragraph 114 of the Complaint.

115.    National Gypsum denies the allegations contained in paragraph 115 of the Complaint.

116.    National Gypsum denies the allegations contained in paragraph 116 of the Complaint.

117.    National Gypsum denies the allegations contained in paragraph 117 of the Complaint.

118.    National Gypsum denies the allegations contained in paragraph 118 of the Complaint.

119.    National Gypsum denies the allegations contained in paragraph 119 of the Complaint, except National Gypsum admits that it announced that its price increase would be implemented on January 1, 2012.

120.    National Gypsum denies the allegations contained in paragraph 120 of the Complaint, except National Gypsum admits that it announced that the new prices would apply for all of 2012.

121.    National Gypsum denies the allegations contained in paragraph 121 of the Complaint, except National Gypsum admits that it announced the new price increases on or around September 30, 2011.

122.    National Gypsum denies the allegations contained in paragraph 122 of the Complaint, except National Gypsum admits that it communicated its decision to increase prices to its customers on September 30, 2011, after it had learned of American Gypsum Company's price increase.

123.    National Gypsum denies the allegations contained in paragraph 123 of the Complaint.

124.    National Gypsum denies the allegations contained in paragraph 124 of the Complaint, except National Gypsum admits that the statements in the paragraph attributed to

National Gypsum were contained in an announcement that speaks for itself and National Gypsum denies any attempt by Plaintiffs to characterize the contents of the communication. Further responding, National Gypsum states that to the extent the allegations contained in paragraph 124 of the Complaint or the footnotes included therein refer to or purport to have restated information from other written communications, the documents speak for themselves and National Gypsum denies any attempt by Plaintiffs to characterize the contents of such communications.

125.     National Gypsum denies the allegations contained in paragraph 125 of the Complaint, and to the extent the allegations contained in paragraph 125 of the Complaint or the footnotes included therein refer to or purport to have restated information from written communications, the documents speak for themselves and National Gypsum denies any attempt by Plaintiffs to characterize the contents of those communications.  By way of further response, National Gypsum states that following the construction market crash in 2007 and 2008, the prices of its wallboard products declined significantly and remained depressed for many years, including into 2011.

126.     National Gypsum denies the allegations contained in paragraph 126 of the Complaint.  By way of further response, National Gypsum states that, to the extent the allegations contained in paragraph 126 of the Complaint or the footnote included therein refer to or purport to have restated information from a written communication, the document speaks for itself and National Gypsum denies any attempt by Plaintiffs to characterize the contents of the communication.

127.     National Gypsum denies the allegations contained in paragraph 127 of the Complaint.  By way of further response, National Gypsum states that, to the extent the

allegations included in paragraph 127 of the Complaint or the footnote included therein refer to or purport to have restated information from a written communication, the document speaks for itself and National Gypsum denies any attempt by Plaintiffs to characterize the contents of the communication.

128.    National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 128 of the Complaint and on that basis denies those allegations.  Further responding, National Gypsum states that, to the extent the allegations contained in paragraph 128 of the Complaint or the footnotes included therein refer to or purport to have restated information from written communications, the documents speak for themselves and National Gypsum denies any attempt by Plaintiffs to characterize the contents of those communications.

129.    National Gypsum denies the allegations contained in paragraph 129 of the Complaint, except National Gypsum admits that it announced that its price increase would be implemented and effective as of January 1, 2012.

130.    National Gypsum denies the allegations contained in paragraph 130 of the Complaint.

131.    National Gypsum denies the allegations contained in paragraph 131 of the Complaint.

132.    National Gypsum denies the allegations contained in paragraph 132 of the Complaint, except National Gypsum admits that it announced to its customers on September 30, 2011, that it would change its job quote policy.  By way of further response, National Gypsum states that it made the decision to change its job quote policy unilaterally and independently according to its own business judgment and economic self-interest.

133.    National Gypsum denies the allegations contained in paragraph 133 of the Complaint, except National Gypsum admits that it had previously provided job quotes to some of its actual or prospective customers for some wallboard purchases.

134.    National Gypsum admits that it has provided job quotes to distributors who represented that the underlying product would be sold to a contractor who won a bid for a job. National Gypsum lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 134 of the Complaint and on that basis denies those allegations.

135.    National Gypsum denies the allegations contained in paragraph 135 of the Complaint, except National Gypsum states that, to the extent the allegations contained in paragraph 135 of the Complaint or the footnote included therein refer to or purport to have restated information from a written communication, the document speaks for itself and National Gypsum denies any attempt by Plaintiffs to characterize the contents of the communication.

136.    National Gypsum denies the allegations contained in paragraph 136 of the Complaint.

137.    National Gypsum denies the allegations contained in paragraph 137 of the Complaint.

138.    National Gypsum denies the allegations contained in paragraph 138 of the Complaint.

139.    National Gypsum denies the allegations contained in paragraph 139 of the Complaint, except National Gypsum admits that some customers requested job quotes from it and other manufacturers for the same job.

140.     National Gypsum denies the allegations contained in the first sentence of paragraph 140 of the Complaint.  National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 140 of the Complaint and on that basis denies those allegations.  Further responding, National Gypsum states that, to the extent the allegations in paragraph 140 of the Complaint or the footnotes included therein refer to or purport to have restated information from written communications, the documents speak for themselves and National Gypsum denies any attempt by Plaintiffs to characterize the contents of those documents.

141.     National Gypsum denies the allegations contained in the first sentence of paragraph 141 of the Complaint, except  National Gypsum admits that it announced on September 30, 2011 that it would discontinue the practice of providing job quotes and that this announcement was communicated to its customers by a written document which speaks for itself.  To the extent the remaining allegations in paragraph 141 of the Complaint refer to communications by other Defendants, National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations, except National Gypsum states that those communications are written documents that speak for themselves.  By way of further response, National Gypsum states that it made the decision to discontinue providing job quotes for new construction projects unilaterally and independently based on its own business judgment and economic self-interest.

142.     National Gypsum denies the allegations contained in paragraph 142 of the Complaint, except National Gypsum admits that it announced on September 30, 2011 that it would discontinue the practice of providing job quotes and that this announcement was communicated to its customers by a written document which speaks for itself.  By way of further

response, National Gypsum states that it made the decision to discontinue providing job quotes for new construction projects unilaterally and independently based on its own business judgment and economic self-interest.

143.    National Gypsum denies the allegations contained in paragraph 143 of the Complaint.

144.    National Gypsum denies the allegations contained in paragraph 144 of the Complaint.  By way of further response, National Gypsum states that, to the extent the allegations of paragraph 144 refer to or purport to have restated information from a written communication, the document speaks for itself and National Gypsum denies any attempt by Plaintiffs to characterize the contents of that communication, and further states that it made the decision to implement price changes and discontinue the practice of providing job quotes unilaterally and independently according to its own business judgment and economic self-interest.

145.    National Gypsum denies the allegations contained in paragraph 145 of the Complaint.

146.    National Gypsum admits that it has not changed the policy on job quotes it announced in the fall of 2011 – a policy it adopted unilaterally and independently based on its own business judgment and economic self-interest.  National Gypsum also states that, to the extent the allegations contained in the second sentence of paragraph 146 of the Complaint refer to or purport to have restated information from a written communication, the document speaks for itself and National Gypsum denies any attempt by Plaintiffs to characterize the contents of the communication.  Further responding, National Gypsum lacks knowledge or information

sufficient to form a belief as to the truth of the remaining averments contained in paragraph 146 of the Complaint and on that basis denies those allegations.

147.     National Gypsum denies the allegations contained in paragraph 147 of the Complaint.  By way of further response, National Gypsum states that it made the decision to end its prior practice of providing job quotes unilaterally and independently based on its own business judgment and economic self-interest.

148.     National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 148 of the Complaint concerning the views or statements of unnamed executives and on that basis denies those allegations.  By way of further response, National Gypsum states that it made the decision to increase prices and to eliminate job quotes for its wallboard products unilaterally and independently according to its own business judgment and economic self-interest.

149.     National Gypsum denies the allegations contained in paragraph 149 of the Complaint.

150.     National Gypsum denies the allegations contained in paragraph 150 of the Complaint, except National Gypsum states that, to the extent the allegations contained in paragraph 150 of the Complaint refer to or purport to have restated information from a written communication, the document speaks for itself and National Gypsum denies any attempt by Plaintiffs to characterize the contents of the communication. By way of further response, National Gypsum states that it made the decision to increase prices and to eliminate job quotes for its wallboard products unilaterally and independently according to its own business judgment and economic self-interest.

151.     National Gypsum denies the allegations contained in paragraph 151 of the Complaint.

152.     National Gypsum denies the allegations contained in paragraph 152 of the Complaint.

153.     National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 153 of the Complaint and on that basis denies those allegations.

154.     National Gypsum denies the allegations contained in the first sentence of paragraph 154 of the Complaint.  National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 154 of the Complaint and on that basis denies those allegations.

155.     National Gypsum denies the allegations contained in paragraph 155 of the Complaint.

156.     National Gypsum denies the allegations contained in the first sentence of paragraph 156 of the Complaint, except National Gypsum admits that it announced a price increase on September 6, 2012 and communicated that increase to its customers in a written document that speaks for itself.  To the extent the remaining allegations of paragraph 156 refer to communications by other Defendants, National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations, except National Gypsum states that those communications are written documents that speak for themselves.  By way of further response, National Gypsum states that it made the decision to increase prices for its sales of wallboard products to its customers and to not provide

job quotes unilaterally and independently according to its own business judgment and economic self-interest.

157.    National Gypsum denies the allegations contained in the first two sentences of paragraph 157 of the Complaint.  National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 157 of the Complaint and on that basis denies those allegations.  By way of further response, National Gypsum states that, to the extent the allegations in paragraph 157 of the Complaint refer to or purport to have restated information from a written communication, the document speaks for itself and National Gypsum denies any attempt by Plaintiffs to characterize the contents of the communication.

158.    National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 158 of the Complaint and on that basis denies those allegations.

159.    National Gypsum denies the allegations contained in the first two sentences of paragraph 159 of the Complaint.  National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of paragraph 159 of the Complaint and on that basis denies those allegations.

160.    National Gypsum denies the allegations contained in the first sentence of paragraph 160 of the Complaint.  National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of paragraph 160 of the Complaint and on that basis denies those allegations, except National Gypsum states that to the extent those allegations cite to an industry analysts' report, that report is in writing and speaks for itself.

161.    National Gypsum denies the allegations contained in paragraph 161 of the Complaint.

162.    National Gypsum denies the allegations contained in paragraph 162 of the Complaint.

163.    National Gypsum denies the allegations contained in the first sentence of paragraph 163 of the Complaint.  National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 163 of the Complaint and on that basis denies those allegations.

164.    National Gypsum denies the allegations contained in the first sentence of paragraph 164 of the Complaint.  National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 164 of the Complaint and on that basis denies those allegations.

165.    National Gypsum denies the allegations contained in paragraph 165 of the Complaint, except National Gypsum admits that it sells its gypsum wallboard products to a variety of customers, including distributors and retail stores, some of which resell those products to their customers.

166.    National Gypsum denies the allegations contained in the first sentence of paragraph 166 of the Complaint.  National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 166 of the Complaint and on that basis denies those allegations.

167.    National Gypsum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 167 of the Complaint and on that basis denies those allegations.

168.     National Gypsum denies the allegations contained in paragraph 168 of the Complaint.

169.     National Gypsum denies the allegations contained in paragraph 169 of the Complaint.

170.     National Gypsum denies the allegations contained in paragraph 170 of the Complaint.

171.     National Gypsum denies the allegations contained in paragraph 171 of the Complaint.

172.     National Gypsum denies the allegations contained in paragraph 172 of the Complaint, except National Gypsum admits that the Plaintiffs purport to bring this action pursuant to the rules cited in paragraph 172 of the Complaint and on behalf of the class described therein.  By way of further response, National Gypsum specifically denies that the putative "Nationwide Class" defined in paragraph 172 of the Complaint is proper and further denies that this action can be properly maintained as a class action pursuant to Federal Rules of Civil Procedure Rules 23(a), (b)(2), and/or (b)(3).

173.     National Gypsum denies the allegations contained in paragraph 173 of the Complaint, except National Gypsum admits that the Plaintiffs purport to bring this action pursuant to the rules and statutes cited in paragraph 173 of the Complaint and on behalf of the Class described therein.  By way of further response, National Gypsum specifically denies that the putative Indirect Purchasers State Subclasses defined in paragraph 173 of the Complaint are proper and further denies that this action can be properly maintained as a class action pursuant to Federal Rule of Civil Procedure 23.

174.    Paragraph 174 of the Complaint is a statement as to which no response is required.  If and to the extent a response is required, National Gypsum denies that the Plaintiffs may properly or lawfully expand or narrow their purported Class definitions.

175.    National Gypsum denies the allegations contained in paragraph 175 of the Complaint.

176.    National Gypsum denies the allegations contained in paragraph 176 of the Complaint.

177.    National Gypsum denies the allegations contained in paragraph 177 of the Complaint, except National Gypsum admits the allegations contained in the last sentence of paragraph 177 of the Complaint.

178.    National Gypsum denies the allegations contained in paragraph 178 of the Complaint.

179.    National Gypsum denies the allegations contained in paragraph 179 of the Complaint.

180.    National Gypsum incorporates and realleges its answers to all preceding paragraphs of the Complaint as though set forth herein at length.

181.    National Gypsum denies the allegations contained in paragraph 181 of the Complaint.

182.    National Gypsum denies the allegations contained in paragraph 182 of the Complaint.

183.    National Gypsum denies the allegations contained in paragraph 183 of the Complaint.

184.    National Gypsum denies the allegations and legal conclusions contained in paragraph 184 of the Complaint.

185.    National Gypsum denies the allegations and legal conclusions contained in paragraph 185 of the Complaint.

186.    National Gypsum denies the allegations contained in paragraph 186 of the Complaint.

187.    National Gypsum denies the allegations contained in paragraph 187 of the Complaint.

188.    National Gypsum denies the allegations contained in paragraph 188 of the Complaint.

189.    National Gypsum denies the allegations contained in paragraph 189 of the Complaint.

190.    National Gypsum denies the allegations and legal conclusions contained in paragraph 190 of the Complaint that Plaintiffs are entitled to any relief.

191.    National Gypsum denies the allegations and legal conclusions contained in paragraph 191 of the Complaint that Plaintiffs are entitled to any relief.

192.    National Gypsum denies the allegations and legal conclusions contained in paragraph 192 of the Complaint that Plaintiffs are entitled to a jury trial.

193.    National Gypsum incorporates and realleges its answers to all preceding paragraphs of the Complaint as though set forth herein at length.

194.    National Gypsum denies the allegations and legal conclusions contained in paragraph 194 of the Complaint.

195.    National Gypsum denies the allegations contained in paragraph 190 of the Complaint.

196.    National Gypsum denies the allegations contained in paragraph 196 of the Complaint that Plaintiffs are entitled to any relief.

197.    National Gypsum incorporates and realleges its answers to all preceding paragraphs of the Complaint as though set forth herein at length.

198.    National Gypsum denies the allegations and legal conclusions contained in paragraph 198 of the Complaint.

199.    National Gypsum denies the allegations contained in paragraph 199 of the Complaint.

200.    National Gypsum denies the allegations contained in paragraph 200 of the Complaint that Plaintiffs are entitled to any relief.

201.    National Gypsum incorporates and realleges its answers to all preceding paragraphs of the Complaint as though set forth herein at length.

202.    National Gypsum denies the allegations contained in paragraph 202 of the Complaint.

203.    National Gypsum denies the allegations contained in paragraph 203 of the Complaint.

204.    National Gypsum denies the allegations contained in paragraph 204 of the Complaint.

205.    National Gypsum denies the allegations contained in paragraph 205 of the Complaint that Plaintiffs are entitled to any relief.

206.    National Gypsum denies the allegations contained in paragraph 206 of the Complaint, except National Gypsum admits that the Plaintiffs purport to bring this action pursuant to the laws of the states listed in paragraph 206 of the Complaint and on behalf of the Classes or Subclasses described in the Complaint.

207.    National Gypsum denies the allegations contained in paragraph 207 of the Complaint that Plaintiffs are entitled to a jury trial.

208.    National Gypsum denies the allegations contained in paragraph 208 of the Complaint that Plaintiffs are entitled to any relief.

209.    National Gypsum denies each and every allegation contained in the Complaint not specifically and expressly admitted above.

## ADDITIONAL DEFENSES

National Gypsum reserves the right to assert any and all applicable defenses to the Plaintiffs' claims.  National Gypsum has not yet obtained adequate discovery from the Plaintiffs or others in connection with this action, and National Gypsum therefore reserves the right to amend or otherwise supplement this pleading.  Without limiting the generality of the foregoing and without regard to whether defenses set forth below are affirmative defenses within the meaning of Federal Rule of Civil Procedure 8(c)(1), and without conceding that any such defenses must be set forth in its answer or assuming any burden of proof that it would not otherwise bear, National Gypsum states as follows:

## FIRST ADDITIONAL DEFENSE

Plaintiffs fail to state a claim against National Gypsum upon which relief may be granted.

## SECOND ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, because National Gypsum's alleged conduct did not unreasonably restrain trade and was lawful and justified, constituted bona fide business practices, and was carried out in furtherance of National Gypsum's independent and legitimate business interests

## THIRD ADDITIONAL DEFENSE

The claims of Plaintiffs and others claimed to be members of the alleged class or classes are barred because they have not suffered any actual, cognizable antitrust injury or injuries.

## FOURTH ADDITIONAL DEFENSE

The claims of Plaintiffs and others claimed to be members of the alleged class or classes are barred because they failed to mitigate any injuries or damages allegedly sustained.

## FIFTH ADDITIONAL DEFENSE

Plaintiffs and others claimed to be members of the alleged class or classes lack standing to bring or maintain this action against National Gypsum.

## SIXTH ADDITIONAL DEFENSE

The claims of Plaintiffs and others claimed to be members of the alleged class or classes are barred in whole or in part because their alleged damages, if any, are too speculative or remote, and because of the impossibility of the proof and allocation of those alleged damages.

## SEVENTH ADDITIONAL DEFENSE

Each of Plaintiffs' claims or causes of action is barred, in whole or in part, because Plaintiffs' claims are not properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

## EIGHTH ADDITIONAL DEFENSE

Each of Plaintiffs' claims or causes of action is barred, in whole or in part, because the named Plaintiffs are not proper class representatives.

## NINTH ADDITIONAL DEFENSE

The claims of Plaintiffs and others claimed to be members of the alleged class are barred in whole or in part by the doctrines of laches, estoppel, waiver, and/or unclean hands.

## TENTH ADDITIONAL DEFENSE

Plaintiffs and others claimed to be members of the alleged class or classes have not suffered any damages or injury resulting from any act or omission of National Gypsum.

## ELEVENTH ADDITIONAL DEFENSE

The claims of Plaintiffs and others claimed to be members of the alleged class or classes are barred, in whole or in part, because any alleged injuries or damages were not legally or proximately caused by any acts or omissions of National Gypsum and/or were caused, if at all, solely and proximately by the conduct of third parties, including without limitation the prior intervening or superseding conduct of such third parties.

## TWELFTH ADDITIONAL DEFENSE

The claims of Plaintiffs and others claimed to be members of the alleged class or classes are barred, in whole or in part, by reason of the ratification of, or acquiescence, agreement or consent to, the conduct of National Gypsum by the Plaintiffs and/or others claimed to be members of the alleged class or classes.

## THIRTEENTH ADDITIONAL DEFENSE

The claims of Plaintiffs and others claimed to be members of the alleged class or classes are barred, in whole or in part, because to the extent that any employee or agent of National

Gypsum engaged in any unlawful act or omission, which National Gypsum expressly denies, any such act or omission would have been committed by individuals acting *ultra vires*.

### FOURTEENTH ADDITIONAL DEFENSE

The claims of Plaintiffs and others claimed to be members of the alleged class or classes are barred, in whole or in part, because National Gypsum's alleged conduct did not unreasonably restrain trade and was lawful, justified, and pro-competitive, constituted bona fide business practices, and was carried out in furtherance of National Gypsum's independent and legitimate business interests.

### FIFTEENTH ADDITIONAL DEFENSE

The claims of Plaintiffs and others claimed to be members of the alleged class or classes are barred because Plaintiffs have failed to plead conspiracy with particularity, as required by the applicable rules, doctrines, and caselaw.

### SIXTEENTH ADDITIONAL DEFENSE

The claims of Plaintiffs and others claimed to be members of the alleged class or classes are barred to the extent that they did not purchase wallboard directly from National Gypsum or any of the other defendants.

### SEVENTEENTH ADDITIONAL DEFENSE

National Gypsum adopts and incorporates by reference any and all other defenses asserted by any other defendant to the extent National Gypsum may share in such defense.

WHEREFORE, National Gypsum respectfully requests that judgment be entered dismissing the Complaint in its entirety and that this Court grant National Gypsum an award of its costs and disbursements together with such other and further relief as the Court deems just and proper under the circumstances.

**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 38 DEFENDANT NEW NGC, INC., D/B/A NATIONAL GYPSUM COMPANY DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE**

Respectfully submitted,

Dated:  July 29, 2013

/s/ Steven E. Bizar

Steven E. Bizar (PA I.D. No. 68316)
Landon Y. Jones (PA I.D. No. 93878)
Benjamin McAnaney (PA I.D. No. 313054)
BUCHANAN INGERSOLL & ROONEY PC
Two Liberty Place, Ste. 3200
Philadelphia, PA 19102-2555
(215) 665-8700
(215) 665-8760 (fax)

Everett J. Bowman (Pro Hac Vice)
Lawrence C. Moore, III (Pro Hac Vice)
Nathan C. Chase, Jr. (Pro Hac Vice)
ROBINSON BRADSHAW & HINTON, PA
101 North Tryon Street, Ste. 1900
Charlotte, NC  28246
(704) 377-2536
(704) 378-4000 (fax)

Attorneys for Defendant New NGC, Inc.
d/b/a National Gypsum Company

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on Monday, July 29, 2013, the following document was filed electronically and is available for viewing and downloading on the Electronic Case Filing System of the United States District Court for the Eastern District of Pennsylvania:

ANSWER AND ADDITIONAL DEFENSES OF NEW NGC, INC., D/B/A NATIONAL GYPSUM COMPANY TO THE INDIRECT PURCHASERS' FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT.

Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing systems.  Parties may access the filing through the Court's CM/ECF System.

/s/ Steven E. Bizar