IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DOMESTIC DRYWALL ANTITRUST LITIGATION | MDL No. 2437<br>13-MD-2437 |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

### STIPULATION REGARDING EXPERT DISCOVERY

1. The parties to the above-captioned litigation ("Litigation") have agreed to certain limitations on the scope of expert-related discovery and testimony, as set out in this Stipulation. To the extent that this Stipulation imposes limitations on discovery that otherwise would be available under the Federal Rules of Civil Procedure, the parties have agreed to such limitations. The parties' agreement to the terms of this Stipulation does not imply that any of the information restricted from discovery in this Stipulation would otherwise be discoverable in the Litigation. The Stipulation does not supersede any provision of Rule 26 of the Federal Rules of Civil Procedure not expressly addressed herein.

2. The parties agree that the following categories of documents and information are outside the scope of permissible discovery (including deposition questions) and need not be produced or listed on a privilege log by any party or person:

    a) Any communication, whether oral or written, between a non-testifying expert ("Expert Consultant") and (i) counsel for the party retaining the Expert Consultant, (ii) the Expert Consultant's assistants and/or clerical or support staff, or (iii) any testifying expert witness ("Expert Witness"), and all documents or other information made or prepared in connection with the Litigation by an Expert Consultant, unless an Expert Witness relied upon

1

such communication, documents, or information in connection with his or her opinions in this matter;

        b) Draft expert reports, which include, without limitation, draft studies, analyses, opinions, or written expert testimony; expert work papers prepared in connection with the Litigation; preliminary or intermediate calculations, computations, modeling, or data runs prepared in connection with the Litigation; or other preliminary expert opinions or draft materials prepared by, for, or at the direction of an Expert Witness;

        c) Any notes or other writings taken or prepared by or for an Expert Witness in connection with this matter, including correspondence or memoranda to or from, and notes of conversations with (i) the Expert Witness' assistants and/or clerical or support staff, (ii) one or more other Expert Witnesses or Expert Consultants, or (iii) one or more attorneys for the party or parties offering the testimony of such Expert Witness, unless the Expert Witness relied upon those notes or other writings in connection with the Expert Witness' opinions in this matter;

        d) Any comments, whether oral or written, related to a report of an Expert Witness prepared in connection with the Litigation by (i) counsel for a party retaining the Expert Witness, (ii) an Expert Consultant, or (iii) any person working at the direction of an Expert Witness; and

        e) Any communication, whether oral or written, between an Expert Witness and (i) counsel for a party retaining the Expert Witness, (ii) an Expert Consultant, or (iii) any person working at the direction of an Expert Witness, except to the extent the Expert Witness relied upon the communication in connection with the Expert Witness' opinions in the Litigation.

3. Subject to the limitations described in Paragraph 2 of this Stipulation, any party is free to take discovery of all other documents and information provided for by Federal Rule of Civil Procedure 26(a)(2)(B).

4. Consistent with Paragraphs 2 and 3 of this Stipulation, discovery shall include, but not be limited to, the following documents and material, and nothing in Paragraph 2 shall be construed to limit discovery into such documents and material:

    a) The basis of the final opinions of an Expert Witness and the documents, factual material, data, calculations, computations, modeling, data runs, and other information the Expert Witness relied upon in forming those opinions;

    b) Assumptions provided by any attorney that the Expert Witness relied upon in forming his or her opinions;

    c) The Expert Witness' compensation, including, but not limited to, (i) the Expert Witness' hourly rate and that of any support staff, (ii) the total number of hours worked by the Expert Witness and by each of the Expert Witness' support staff on the matter, and (iii) the total amount billed with respect to the matter. However, time detail (narrative describing the work performed) is not discoverable.

5. Nothing in Paragraphs 2 through 4, however, shall be construed to prevent substantive deposition questions with respect to alternative analyses, testing methods, or approaches to issues on which the Expert Witness is testifying, whether or not the Expert Witness considered them in forming the opinions expressed.

6. The parties will make all disclosures required by Rule 26(a)(2)(B), as modified by this Stipulation, at the times provided by this Court for the service of written expert reports.

DAL:0104147/00021:2196165v5

7. No subpoenas for documents need be served on any Expert Witness for whom a report, declaration, or affidavit is provided. Instead, all documents, electronic data, and other information required to be produced under Rule 26(a)(2)(B), as modified by this Stipulation, together with any corresponding computer programs and instructions, shall be electronically transmitted or overnight delivered to opposing counsel or to a person at the direction of opposing counsel within three (3) business days of the issuance of an Expert Witness' report, declaration, or affidavit. To the extent the disclosure includes exhibits, information, or data processed or modeled by a computer at the direction of a disclosed Expert Witness in the course of forming the Expert Witness' opinions, machine readable copies of the data (including all input and output files) shall be produced consistent with this Stipulation. If data relied upon by an Expert Witness are derived from electronic data provided by any party to this action, that original data, in machine readable format, shall be produced. No party need produce computer programs to access and use the data that are reasonably and readily commercially available. Furthermore, no party need produce copies of any documents or data already produced in the Litigation that are specifically identified in the Expert Witness' reports.

8. The parties agree to comply with this Stipulation pending its approval by the Court.

9. This Stipulation shall govern all actions currently pending in and subsequently transferred to this multidistrict proceeding and shall survive and continue to be binding on all parties following the conclusion of consolidated pretrial proceedings and the transfer of the constituent actions to their respective transferor courts.

4

APPROVED AS TO FORM, SUBSTANCE,
AND ENTRY

| | |
|---|---|
| /s/ Steven E. Bizar<br>Steven E. Bizar<br>**BUCHANAN INGERSOLL & ROONEY PC**<br>Two Liberty Place<br>50 South 16th Street, Suite 3200<br>Philadelphia, PA 19102-2555<br>(215) 665-3826<br>steven.bizar@bipc.com<br>*Liaison Counsel for Defendants* | /s/ H. Laddie Montague, Jr.<br>H. Laddie Montague, Jr.<br>**BERGER & MONTAGUE, P.C.**<br>1622 Locust Street<br>Philadelphia, PA 19103<br>(215) 875-3000<br>hlmontague@bm.net<br>*Liaison Counsel and Co-Lead Counsel for Direct Purchaser Plaintiffs* |
| | /s/ Lesley Weaver<br>Lesley Weaver<br>**GREEN & NOBLIN, P.C.**<br>700 Larkspur Landing Circle, Suite 275<br>Larkspur, CA 94939<br>(415) 477-6700<br>lew@classcounsel.com<br>*Co-Lead Counsel for Indirect Purchaser Plaintiffs* |

IT IS SO ORDERED.

Dated: _____, 2013

_____
MICHAEL M. BAYLSON
Senior United States District Judge

5