IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DOMESTIC DRYWALL ANTITRUST LITIGATION | MDL No. 2437 13-MD-2437 |

THIS DOCUMENT RELATES TO:

ALL ACTIONS

## PRETRIAL ORDER #6

## PROTOCOL RE COMMUNICATION WITH ABSENT CLASS MEMBERS

WHEREAS, Defendants believe certain absent class members will have information relevant to the claims and defenses in these cases and wish to have access to such entities or persons to develop their defenses;

WHEREAS, Plaintiffs believe that, under Pennsylvania law, putative class members may be characterized as parties to this action and, therefore, are arguably afforded the protections in Rule 4.2 of the Pennsylvania Rules of Professional Conduct limiting communications with parties, *see Dondor v. NGK Metals Corp.*, 152 F.Supp. 2d 662 666 (E.D. Pa. 2001);

WHEREAS, Defendants do not believe that their communications with absent class members prior to class certification should be restricted, *see Parks v. Eastwood Ins. Servs.*, Inc., 235 F.Supp. 2d 1082, 1084 (C.D. Cal.2002);

WHEREAS, the parties have met and conferred on the question of how Defendants' counsel may contact and interact with absent class members and, as a result of those discussions, have agreed to the protocols set forth in this order for purposes of this litigation only;

AND NOW, this 22nd day of November, 2013, upon consideration of the parties' joint letter-request in relation to defense counsel's contacts with absent class members, it is hereby ORDERED that De-fendants' counsel may contact absent class members in compliance with

applicable rules of professional conduct PROVIDED THAT the following protocols are followed:

1. Defense counsel wishing to contact absent class members must explicitly inform the absent class member that he or she is an attorney, must identify the party that he or she is representing in the suit, and must explain that his client is a defendant in a case that has been brought on behalf of purchasers of gypsum wallboard alleging that the defendants have engaged in price-fixing and violated the antitrust laws. Defendants' counsel should stop all efforts to engage any absent class member who does not wish to speak to counsel.

2. Defense counsel must ask the absent class members, at the outset of the communication, whether they are already represented by counsel and, if not, whether they would like to consult with an attorney before engaging in further communication. Defendants' counsel must also inform absent class members that they may elect to consult with class counsel without charge prior to (or after) speaking with Defendants' counsel, and must supply contact information if desired by the absent class member.

3. Defendants shall supplement their initial disclosures pursuant to Federal Rules of Civil Procedure 26(a)(1)(A) and 26(e)(1)(A) to identify any individual that they may use to support their defenses or opposition on any issue in this matter.

4. Defendants' counsel's discussion with the absent class member shall be restricted to discussion of the facts of the case and, in particular, there will be no discussion of settlement, whether to join the class, whether to opt out, or related matters. If such matters are raised by the absent class member, defense counsel shall refer the absent class member to class counsel (and provide the necessary contact information). There shall be no discussion of class counsel (except as set forth above) or any communications involving class counsel. The provisions in this paragraph shall not apply to discussions between defense counsel and any attorney representing an absent class member, except that defense counsel shall provide contact information for class counsel if requested.

5. Defense counsel will provide class counsel with copies of any documents provided to or received from absent class members, including declarations, within twenty-one (21) days of providing (or receipt of) those documents.

6. The parties reserve the right to seek amendment of this protocol for good cause shown. Without limiting the foregoing, the parties specifically reserve the right to seek modification of any provision of this protocol in connection with any certification of a class.


Dated: _November __, 2013_      _____
                                HON. MICHAEL M. BAYLSON, U.S.D.J.