

Brent W. Johnson
(202) 589-2271
bjohnson@cohenmilstein.com

April 1, 2014

Honorable Michael M. Baylson
United States District Court for the
Eastern District of Pennsylvania
3810 United States Courthouse
601 Market Street
Philadelphia, PA 19106

    Re:    *In re Domestic Drywall Antitrust Litigation, MDL No. 2437, 13-MD-2437: This Letter Relates to All Cases—*
<u>*Selection of Joint Deposition Vendor*</u>

Dear Judge Baylson:

    Direct and Indirect Purchaser Plaintiffs hereby jointly respond to Defendants' letter concerning the selection of a single vendor to provide deposition services for all parties.

    The endeavor to select a joint deposition vendor attendant to all parties is a novel one in our experience. In the past, Plaintiffs' counsel have solicited bids from various vendors and selected one that offered the necessary services at the best price for the class. That process has not involved the defendants in our cases at least in part because plaintiffs and defendants frequently have different budgets and demands in terms of costs. We believe that process accords with our fiduciary duties to the proposed class to reduce expenses. *See In re Pharm. Indus. Average Wholesale Price Litig.*, 588 F.3d 24, 36 n.12 (1st Cir. 2009) ("Class counsel are fiduciaries to the class."). Acting similarly here would fulfill those obligations, in keeping with the Court's admonitions to "treat the class fairly" and "be thrifty in their expenditure of money on litigation expenses." Dkt. 12, Mem. re: Plaintiffs' Attorneys' Fees and Expenses, at 2, 3.

    Defendants' insistence on a joint deposition vendor here is different from their past approach to cost-sharing. Previously, the Court asked the parties to consider using a joint e-discovery vendor to reduce expenses for all parties—an issue of greater financial impact than the selection of a deposition vendor. Dkt. 11, Pretrial Order No. 3 – Case Management, at 10 n.1. Plaintiffs proposed a number of e-discovery vendors to Defendants. Defendants briefly met and conferred with Plaintiffs, but early in the process rejected our choices and never offered any of their own. Plaintiffs accepted this as the prerogative of Defendants' clients and did not raise it

Cohen Milstein Sellers & Toll PLLC     1100 New York Ave. NW     Suite 500, West Tower     Washington, DC 20005
t 202.408.4600     f 202.408.4699     www.cohenmilstein.com

1866051.1



with the Court despite our belief that such a vendor might have saved all parties significant expense.

      The Court has not asked the parties to explore a joint deposition vendor, but in the spirit of the Court's suggestion about the e-discovery vendor, Plaintiffs agreed to discuss the novel procedure when Defendants raised it. Defendants then demanded a role in Plaintiffs' selection of a deposition vendor that previous defendants have not had. Plaintiffs are not obligated to provide them such a role.

      On the issue of the cost charged each party for transcripts and video, it is standard industry practice for a firm to negotiate rates with a deposition vendor or court reporting service not just for one case, but for a period of time across cases, based on volume. Plaintiffs' counsel have received negotiated rates as have at least some of Defendants' counsel, including the firm that signed their letter. It is also common that the parties noticing numerous depositions receive discounts for certain items. Neither Plaintiffs nor Defendants owe a duty to share any volume discount they negotiate as good business people with the other side. But again, in an effort to not waste judicial resources and be mindful of all parties' costs, Plaintiffs will insist that any vendor provide the same discounts that Plaintiffs negotiate for transcripts, videos or other services to Defendants and will offer to Defendants only bids that do so.

      Nevertheless, in an effort to eliminate any burden on the Court from considering this administrative issue and to continue to be attentive to Defendants' costs as well as those of the Class, Plaintiffs pledge to continue to negotiate with Defendants in an effort to select a single deposition vendor for all parties, including providing Defendants with rates, fees and other particulars for bids, and will ensure that any discounts that Plaintiffs negotiate will be provided to Defendants as well. With regard to the services Defendants note in their letter, *i.e.*, real-time transcription services and remote access, we will attempt to ensure that a vendor will be able to provide those services, at an appropriate cost to the party using them. Dkt. 98, pg. 1. We do not anticipate difficulties there. We do not, however, promise to pick whatever vendor Defendants prefer.

      We believe these significant accommodations by Plaintiffs should mean that the Court need not hear from the parties again on this administrative issue.

                                                       Respectfully submitted,

                                                        */ s / Brent W. Johnson*
                                                        Brent W. Johnson