**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: DOMESTIC DRYWALL ANTITRUST LITIGATION** | **MDL No. 2437 13-MD-2437** |
| **THIS DOCUMENT RELATES TO: All Actions** | |

**PLAINTIFFS' JOINT MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL PLAINTIFFS TO RESPOND TO DEFENDANTS' JOINT FIRST SET OF INTERROGATORIES**

Less than three months into a relatively expedited eight month Phase I fact discovery period, in the face of more than one million documents produced by Defendants—production which for many Defendants is not yet complete—and prior to Plaintiffs taking a single deposition, Defendants seek to compel immediate responses to Defendants' premature contention interrogatories. Not only would this derail Plaintiffs' efforts to conclude Phase I discovery on a timely basis, it would also require Plaintiffs to mine Defendants' own documents, which are equally available to Defendants, if not more accessible and familiar to them at this stage of the case.

Moreover, the contention interrogatories for which Defendants seek responses at this early date are overbroad and are therefore objectionable on their face. The two interrogatories, and their combined fifteen separate subparts, seek the identification and description of all facts, acts, omissions, documents, and communications regarding Plaintiffs' fundamental claim: that Defendants conspired to fix drywall prices in the United States. Nevertheless, this dispute concerns not *whether* Plaintiffs will respond to Interrogatories 14 and 15 (subject to note 2,

*infra*), but only *when*.  Plaintiffs have not refused to respond to these interrogatories.  Rather, Plaintiffs object to them as premature, and have offered to provide substantive responses shortly after the close of Phase I discovery.  In order to assure the efficient and timely conclusion of Phase I discovery, and in accord with the weight of federal law and commonsense practice, Plaintiffs should not be required to respond to these interrogatories until after the conclusion of Phase I discovery.

## **ARGUMENT**

### I.      **Interrogatories 14 and 15 Are Contention Interrogatories**

Defendants spend a great deal of time denying that their obviously contention interrogatories are not what they clearly are.  Contention interrogatories are those that ask a party "to state what it contends; to state whether it makes a specified contention; to state all the facts upon which it bases a contention; to take a position, and explain or defend that position, with respect to how the law applies to facts; or to state the legal or theoretical basis for a contention." *B. Braun Med. Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (citing *Fischer & Porter Co. v. Tolson*, 143 F.R.D. 93, 95 (E.D. Pa. 1992)); *In re Convergent Tech. Sec. Litig.*, 108 F.R.D. 328, 332 (N.D. Cal. 1985)); *see also U.S. ex rel. Hunt v. Merck-Medco Managed Care, LLC*, No. 00 CV 737, 2005 WL 1971885, at *1 (E.D. Pa. Aug. 15, 2005) (contention interrogatories "may ask another party to indicate what it contends, to state all the facts on which it bases its contentions, to state all the evidence on which it bases its contentions, or to explain how the law applies to the facts" (citation omitted)); *Leotta v. Firestone Tire & Rubber*, No. 88-3989, 1989 WL 51797, at *2-3 (E.D. Pa. May 12, 1989) (same).

That is exactly what Defendants' Interrogatories 14 and 15 seek.  They are squarely aimed at Plaintiffs' primary contention that Defendants conspired to fix drywall prices.  Rather than set forth the full interrogatories in this opposition brief—the first of which, along with its

ten subparts, runs a full three pages—Plaintiffs respectfully refer the Court to the exhibits to

Defendants' motion.  *See* Defs.' Br.[1] Ex. 3, at 35-39 (Direct Purchaser Pls.' Supplemental

Consolidated Resps. and Objections to Defs.' First Joint Set of Interrogs.); Defs.' Br. Ex. 4,

at 15-19 (Indirect Purchaser Pls.' Supplemental Resp. and Objections to Defs.' Joint First Set of

Interrogs. to Indirect Purchaser Pls.).  Interrogatory 14 requests, in just one of its ten subparts,

that Plaintiffs "[i]dentify and describe with particularity . . . all acts and omissions that

[Plaintiffs] contend each [Defendant] took in furtherance of the alleged conspiracy."  Defs.' Br.

Ex. 3, at 36; Defs.' Br. Ex. 4, at 15.  Interrogatory 15 requests a comprehensive catalogue of all

communications in furtherance of the conspiracy, including "the substance of the communication

including the specific information conveyed by each Person."  Defs.' Br. Ex. 3, at 39; Defs.' Br.

Ex. 4, at 18.  Thus, not only are these requests for all facts and other evidence demonstrably

premature, but they are also overbroad.[2]

---

[1] Defs.' Br. in Support of Their Mot. to Compel Pls. to Respond to Defs.' Joint First Set of Interrogs., Mar. 28, 2014 (Dkt. No. 99-1).

[2] Once Phase I discovery closes and it is appropriate to respond to contention interrogatories, Plaintiffs are not required to include "all" evidence, facts, documents, or testimony, nor "each" and "every" piece of evidence or testimony, fact, or document, but rather only those that are "material or principal" pieces of evidence or testimony, facts and documents.  *See, e.g., Cmty. Voice Line, LLC v. Great Lakes Commc'n Corp.*, No. C12–4048, 2013 WL 4048495, at *8 (N.D. Iowa Aug. 1, 2013) ("So-called 'blockbuster' or 'contention' interrogatories (i.e., those that demand disclosure of each and every fact supporting a claim or defense) are disfavored."); *Presbyterian Manors, Inc. v. Simplexgrinnell, L.P.*, No. 09-cv-2656, 2010 WL 3880027, at *14 (D. Kan. Sept. 28, 2010) ("Defendant is entitled to know the theories under which Plaintiff is proceeding and the factual basis of Plaintiff's claims.  The Court, however, will limit this interrogatory to the material or principal facts supporting the contention, rather than requiring Plaintiff to describe 'all' facts."); *Mancini v. Ins. Corp. of New York*, No. 07-cv-1750-L, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009) ("Contention interrogatories are often overly broad and unduly burdensome when they require a party to state 'every fact' or 'all facts' supporting identified allegations or defenses. . . . Accordingly, the Court hereby modifies each interrogatory to seek 'the material or principal facts' instead of 'all facts' . . . .") (internal citations omitted); *Quicken Loans v. Jolly*, No. 07-CV-13143, 2007 U.S. Dist. LEXIS 84423, at *4 (E.D. Mich. Nov. 15, 2007) (interrogatories which "in effect seek to have the Plaintiff recant on its contentions in the complaint or produce Plaintiff's entire case in response" need not be

While Defendants suggest that so long as an interrogatory requests the identification of individuals or documents it cannot be a contention interrogatory, *see* Defs.' Br. at 6, that is not the law.  Interrogatories that are *limited* to "seeking the identity of witnesses and . . . the location of documents or other tangible evidence" may be permissible early in discovery.  *Fischer & Porter*, 143 F.R.D. at 96.  The purpose is to identify potential deponents, not Defendants' own officers, employees, or agents.  Information on Plaintiffs' personnel and documents has already been provided.  But Interrogatories 14 and 15 are much broader than that, seeking detailed descriptions of individuals, catalogs of acts and omissions taken in furtherance of the conspiracy, and the identification of all documents that support Plaintiffs' claims.  This breadth is what renders them contention interrogatories that should not be answered until Phase I discovery is complete.[3]

---

answered); *Thompson v. United Transp. Union*, No. 99-2288, 2000 WL 1375293, at *1 (D. Kan. Sept. 15, 2000) ("The interrogatory seeks not just the material or principal facts but 'each and every fact.'  It also covers the entire case rather than discrete issues.  Case law is well settled that interrogatories which seek 'each and every fact' and which blanket the entire case are objectionable.").

[3] The cases cited by Defendants are not to the contrary.  Indeed, while Defendants rely heavily on *In re Automotive Refinishing Paint Antitrust Litigation*, the court there found the interrogatories at issue were contention interrogatories because each "cited an allegation in the Complaint and asked Plaintiffs to '[s]tate all facts that you believe support this allegation.'" No. MDL 1426, 2006 WL 1479819, at *4 & n.1 (E.D. Pa. May 26, 2006).  "While it may appear at first blush that these interrogatories are non-contention interrogatories that seek only the 'identification of witnesses or documents,' they substantively seek *all facts* on which a contention is based.  These are contention interrogatories."  Mem. & Order at 5, *In re Automotive Refinishing Paint Antitrust Litig.*, No. MDL 1426 (E.D. Pa. Oct. 14, 2003) (Dkt. No. 111) (Ex. A) (emphasis in original).  The court found in 2003 that the contention interrogatories were premature because, despite the thousands of documents that had already been produced, "[i]t is clear that substantial discovery remains to be conducted."  *Id.* at 6.  The court only ordered plaintiffs to respond after an additional two and a half years of discovery had taken place.  2006 WL 1479819, at *4.  Likewise, in *Merck-Medco*, the interrogatories were issued *after* the close of fact discovery and asked plaintiffs to identify "all contracts relevant to the Complaints" and "certain communications related to a specific paragraph of the Amended Complaint."  2005 WL 1971885, at *1, 2.  Here, in contrast, Defendants have asked for all documents and communications supporting Plaintiffs' contention that Defendants conspired to fix drywall prices

Defendants' contention that they only "'seek information that formed the basis for allegations made in Plaintiffs'' complaints," Defs.' Br. at 5 (citation omitted), is belied by the emphasis they place on the document discovery that has taken place to date.  If Defendants truly intended Plaintiffs to base their responses to Interrogatories 14 and 15 on the information that formed the basis of their complaints, there would be no reason to mention the volume of documents Defendants have produced, the (relatively short) amount of time since they produced them, or the documents produced by third parties.  *See* Defs.' Br. at 1-2, 4, 7-8, 9-10.  Moreover, to the extent Defendants actually only seek the factual bases for Plaintiffs' allegations, Plaintiffs have already provided or agreed to provide substantial discovery regarding that topic.[4]

Defendants cannot demonstrate any prejudice for waiting until after the close of Phase I discovery for evidence which Plaintiffs submit supports their conspiracy claim.  While Defendants initially proposed filing a summary judgment motion before any development of the

well before discovery is complete.  Unlike in *Merck-Medco*, Interrogatories 14 and 15 are broadly targeted at Plaintiffs' claims in their entirety, not specific factual allegations.

[4] In their First Amended Initial Disclosures, served on Defendants over seven months ago, Direct Purchaser Plaintiffs identified 27 individuals (not counting over 100 identified employees of Defendants) who may have discoverable information.  *See* Direct Purchaser Pls.' First Am. Initial Disclosures at 2-9 (Aug. 30, 2013) (Ex. B).  Likewise, Indirect Purchaser Plaintiffs' First Amended Initial Disclosures identified 38 non-Defendant individuals and over 100 employees of Defendants who may have discoverable information.  *See* Indirect Purchaser Pls.' First Am. Initial Disclosures at 2-8 (Aug. 30, 2013) (Ex. C).  Both Direct and Indirect Purchaser Plaintiffs also identified multiple publications or articles that they may use to support their claims.  *See* Ex. B at 10; Ex. C at 8-9.  Furthermore, in response to Defendants' Requests for Production, all Plaintiffs agreed to produce from their own files documents regarding their allegations (a) that Defendants entered into an agreement to fix the prices of wallboard, to eliminate job quotes, and to restrict the supply of wallboard; (b) regarding market demand for wallboard; and (c) regarding wallboard input costs.  *See* Direct Purchaser Pls.' Positions on Defs.' Reqs. for Produc. (Nov. 15, 2013) (Ex. D) (requests for production 47, 49, 50) (Indirect Purchaser Plaintiffs have adopted the positions set forth in this chart).  After meeting and conferring with Defendants, Plaintiffs also recently agreed to expand their response to Request for Production 61 and will now identify or produce any document that was quoted or referenced in the Consolidated Amended Complaints.  Whatever needs Defendants have to understand the bases for Plaintiffs' complaints are more than adequately met by this other discovery that Plaintiffs have already provided or agreed to provide.

factual record, they have since abandoned that approach, and Plaintiffs propose to provide sufficient notice of the bases for their claims once the factual record is sufficiently developed.

## II.    Responses to Contention Interrogatories Are Properly Deferred Until the Close of Fact Discovery

At this juncture, contention interrogatories are premature.  "Indeed, there is considerable support for deferring contention interrogatories until the end of the discovery period."  *B. Braun Med. Inc.*, 155 F.R.D. at 527 (citing *Convergent Tech.*, 108 F.R.D. at 336); *see also* 7 James Wm. Moore, et al., Moore's Federal Practice § 33.02(2)(b) (7th ed. 2010) ("The better view is that contention interrogatories are appropriate, but only after both sides have had an opportunity to conduct discovery").  Where "the matters about which the contention interrogatories inquire are properly the subject of depositions, at least in the first instance," then contention interrogatories are "premature" until after depositions are taken.  *Shannon v. N.Y.C. Transit Auth.*, No. 00 Civ. 5079, 2001 U.S. Dist. LEXIS 3162, at *8-9 (S.D.N.Y. Mar. 17, 2001).  Before discovery is substantially complete, it is inefficient for the parties to divert their focus from the development of the factual record in order to continually synthesize for the opposing party how that incomplete record intersects with their fundamental claims and contentions in the litigation. "The interests of judicial economy and efficiency for the litigants dictate that contention interrogatories are more appropriate after a substantial amount of discovery has been conducted." *Fischer & Porter*, 143 F.R.D. at 95 (quotations omitted; citing *Nestle Foods Corp. v. Aetna Casualty and Surety Co.*, 135 F.R.D. 101, 110–11 (D.N.J. 1990); *Convergent Tech.*, 108 F.R.D. at 338)); *cf. Conopco, Inc. v. Warner-Lambert Co.*, No. 99-101, 2000 WL 342872, at *5 (D.N.J. Jan. 26, 2000) (deferring contention interrogatory responses "although many documents have been produced").  It is no answer to suggest—as Defendants do, *see* Defs.' Br. at 10—that a party may respond early, and then supplement to include later-discovered information, because

6

"repeated supplementation will not increase the efficiency of the discovery process." *United States v. Educ. Mgmt. LLC*, No. 07-CV-00461, 2013 WL 3854458, at *21 (W.D. Pa. May 14, 2013) *report and recommendation adopted*, 07-CV-461, 2013 WL 3863963 (W.D. Pa. July 23, 2013).

Defendants' recitation of the volume of documents produced to date ignores how much of the factual record is yet undeveloped.  Here, the entire Phase I discovery period is scheduled to take eight months, and more than five months remain until it closes.  Defendants did not substantially complete their document production until February 2014, and Plaintiffs are still reviewing the more than 1.2 million documents Defendants produced.  Indeed, many Defendants have not yet concluded their productions.  Significantly, neither side has taken a single deposition, and so Plaintiffs have not yet been able to probe the issues raised by Defendants' documents or otherwise develop relevant facts through sworn testimony.  In short, Plaintiffs are at an early stage in their development of the factual record, and responses to contention interrogatories should wait until Phase I discovery is complete.[5]  Consistent with an efficient approach to litigation and the weight of case law, Plaintiffs have offered to provide substantive

---

[5] The amount of fact discovery that remains distinguishes this case from those relied on by Defendants.  In *In re NCAA Student-Athlete Name & Likeness Licensing Litigation*, *see* Defs.' Br. at 9, the case had been going for 3 years, plaintiffs' motion for class certification was already pending, some depositions had already been taken, and fact discovery was set to close in less than two months.  No. 09-cv-1967, 2012 WL 4111728, at *2, 4 (N.D. Cal. Sept. 17, 2012).  Indeed, the court cited the pending class certification motion as a justification for compelling responses to the interrogatories.  *Id.* at *4.  Likewise, in *County of Santa Clara v. Astra USA, Inc.*, the case had been pending for four years and discovery was set to close in less than two months.  No. C-05-3740, 2009 WL 2868428, at *2 (N.D. Cal. Sept. 3, 2009).  The court affirmed that contention interrogatories are "disfavored early in the proceedings," but noted that "[t]his case, however, is hardly in the early proceedings."  *Id.*  Here, in contrast, the operative complaints were filed less than a year ago, no depositions have been taken, more than five months remain until the close of Phase I discovery, and no class certification or summary judgment motions are pending, or even scheduled.

responses to Interrogatories 14 and 15 within 60 days of the end of Phase I discovery. Defendants rejected that offer.

When a party seeks responses to contention interrogatories "before substantial documentary or testimonial discovery has been completed, [it] has the burden of justification." *Fischer & Porter*, 143 F.R.D. at 96.  Defendants here "must present specific, plausible grounds for believing that securing early answers to [their] contention questions will materially advance the goals of the Federal Rules of Civil Procedure." *Id.* (quotation omitted).  Significantly, "special vigilance in the evaluation of the proffered justification is required when a complaint is not facially infirm and when defendants appear to have control over or adequate access to much of the evidence to their alleged misconduct." *Id.* (quotation omitted); *see also Gen-Probe Inc. v. Becton, Dickinson & Co.*, No. 09-cv-2319, 2010 WL 2011526, at *2 (S.D. Cal. May 19, 2010) (denying motion to compel response to contention interrogatory where the propounding party "did not sufficiently tailor its question and show that an early response would promote any of the goals of the Federal Rules of Civil Procedure").

Defendants fail to meet that burden here.  Plaintiffs' detailed complaints are not facially infirm, which Defendants acknowledged by not filing motions to dismiss.  Defendants have presented no specific or plausible grounds to show that requiring Plaintiffs to answer Interrogatories 14 and 15 now, during this early period of Phase I discovery, will materially advance the goals of the Federal Rules of Civil Procedure.  Instead, Defendants have offered only "vague or speculative statements" that Plaintiffs' responses might provide a basis for a Rule 56 motion.  *See Fischer & Porter*, 143 F.R.D. at 96 ("The burden cannot be met by vague or speculative statements about what might happen if the interrogatories were answered." (quotation omitted)).  Defendants have already abandoned their initial plan to file summary

judgment motions before the development of the factual record, and the Court already rejected the notion that summary judgment can be decided before Plaintiffs receive and analyze Defendants' transactional data.  *See* Oct. 24, 2013 Hr'g Tr. 23:10-25:2 (Dkt. No. 77) (this Court suggested it could be reversible error to grant summary judgment without permitting discovery of transactional data).

Additionally, Defendants' claim that they lack sufficient information regarding the individuals and issues in the litigation to adequately prepare a summary judgment motion lacks credibility.  *See* Defs.' Br. at 9.  Plaintiffs' detailed complaints, their initial disclosures, as well as Plaintiffs' provision or agreement to promptly provide responses to discovery directed to materials quoted or referenced in the complaints (*see* note 4, *supra*) are more than sufficient for Defendants to determine what additional discovery is necessary for any contemplated Rule 56 motion.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' motion to compel Plaintiffs to respond to Interrogatories 14 and 15 at this time, and permit Plaintiffs to respond to those interrogatories after the conclusion of Phase I discovery.

April 11, 2014                                      Respectfully submitted,

                                                   / s / Brent W. Johnson
                                                   Brent W. Johnson
                                                   COHEN MILSTEIN
                                                   SELLERS & TOLL PLLC
                                                   1100 New York Ave., NW, Suite 500
                                                   Washington, DC  20005
                                                   Tel:  (202) 408-4600
                                                   Email:  bjohnson@cohenmilstein.com

                                                   *On behalf of all Direct and Indirect*
                                                   *Purchaser Interim Co-Lead Counsel*

H. Laddie Montague, Jr.
Ruthanne Gordon
Michael C. Dell'Angelo
Caitlin G. Coslett
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA  19103
Tel:  (215) 875-3000
Email: hlmontague@bm.net
      rgordon@bm.net
      mdellangelo@bm.net
      ccoslett@bm.net

Kit A. Pierson
Richard A. Koffman
Brent W. Johnson
David A. Young
COHEN MILSTEIN
SELLERS & TOLL PLLC
1100 New York Ave., NW, Suite 500
Washington, DC  20005
Tel:  (202) 408-4600
Email: kpierson@cohenmilstein.com
      rkoffman@cohenmilstein.com
      bjohnson@cohenmilstein.com
      dyoung@cohenmilstein.com

Eugene A. Spector
Jeffrey J. Corrigan
Rachel E. Kopp
Jeffrey L. Spector
SPECTOR ROSEMAN
KODROFF & WILLIS, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Tel:  (215) 496-0300
Email: espector@srkw-law.com
      jcorrigan@srkw-law.com
      rkopp@srkw-law.com
      jspector@srkw-law.com

*Interim Co-Lead Counsel for the Proposed Class of Direct Purchasers*

Robert S. Green
James Robert Noblin
Lesley E. Weaver
GREEN & NOBLIN, P.C.
700 Larkspur Landing Circle, Suite 275
Larkspur, CA  94939
Tel: (415) 477-6700
Fax: (415) 477-6710

Whitney Street
BLOCK & LEVITON, LLP
155 Federal Street, Suite 1303
Boston, MA  02110
Tel:  (617) 398-5600
Fax: (617) 507-6020

Michael G. McLellan
Douglas G. Thompson, Jr.
L. Kendall Satterfield
Eugene J. Benick
FINKELSTEIN THOMPSON LLP
1077 30th Street NW, Suite 150
Washington, D.C. 20007
Tel:  (202) 337-8000
Fax:  (202) 337-8090

*Interim Co-Lead Counsel for the Proposed Class of Indirect Purchasers*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused a true and correct copy of Plaintiffs' Joint Memorandum in

Opposition to Defendants' Motion to Compel Plaintiffs to Respond to Defendants' Joint First Set

of Interrogatories to be served on all counsel via ECF on April 11, 2014.

/ s / Brent W. Johnson
Brent W. Johnson

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: DOMESTIC DRYWALL ANTITRUST LITIGATION** | **MDL No. 2437**<br>**13-MD-2437** |
| **THIS DOCUMENT RELATES TO:**<br><br>**All Actions** | |

**[PROPOSED] ORDER**

AND NOW, this ___ day of _____, 2014, upon consideration of Defendants' Motion to Compel Plaintiffs to Respond to Defendants' Joint First Set of Interrogatories, Plaintiffs' Opposition thereto, and any other submissions or argument properly before the Court, it is hereby ORDERED that Defendants' Motion is DENIED.

**BY THE COURT:**

_____
**MICHAEL M. BAYLSON, U.S.D.J.**