# McDermott Will & Emery

Boston  Brussels  Chicago  Düsseldorf  Frankfurt  Houston  London  Los Angeles  Miami
Milan  Munich  New York  Orange County  Paris  Rome  Seoul  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

David L. Hanselman, Jr.
Attorney at Law
dhanselman@mwe.com
+1 312 984 3610

April 28, 2014

BY ELECTRONIC CASE FILING AND HAND DELIVERY

Honorable Michael M. Baylson
United States District Court for the
   Eastern District of Pennsylvania
James A. Byrne United States Courthouse
601 Market Street, Room 3810
Philadelphia, Pennsylvania 19106-1727

Re:    *In re Domestic Drywall Antitrust Litigation*, No. 13-MD-2437 (MMB) (E.D. Pa.) - <u>Defendants' Proposed Topics for Plaintiffs' Pre-Trial Disclosure</u>

Dear Judge Baylson:

In response to the Court's direction at the pre-trial conference last Tuesday, April 22, 2014, Defendants respectfully submit the below list of topics that they propose be included in Plaintiffs' pre-trial disclosure. The following topics seek Plaintiffs' purported factual support for their allegations that Defendants entered a conspiracy to fix the price of wallboard products and eliminate the practice of job quotes.

1. Products that were the object of the alleged conspiracy;
2. Members of the alleged conspiracy (Defendants and co-conspirators);
3. Individuals who participated in the alleged conspiracy;
4. The date or time period when the alleged conspiracy started and ended;
5. The date and location of and individual participants in any meetings held or communications made, whether involving Defendants and/or third parties, in furtherance of the alleged conspiracy;

U.S. practice conducted through McDermott Will & Emery LLP.
227 West Monroe Street  Chicago, Illinois  60606-5096  Telephone: +1 312 372 2000  Facsimile: +1 312 984 7700  www.mwe.com

6. The "plus factors" that Plaintiffs believe show circumstantial evidence of an alleged conspiracy, if any; and

7. The identities of any other witnesses that Plaintiffs may use to support their claims of an alleged conspiracy.

Defendants believe these topics are consistent with the Court's comments at the April 22 hearing and that Plaintiffs should be required to provide that information, at a minimum, in their disclosure. Tr. of Pretrial Conf. 63:5-16, Apr. 22, 2014 (anticipating that "they would state in their pretrial statement as to each defendant what facts they believe they have at that time in terms of meetings with other defendants at which prices may have been discussed, they would identify what specific products they believe from the facts they have were the subject of . . . the [alleged] agreement on pricing, whether it was elimination of job quotes or otherwise, they would identify the time periods that were impacted by this relationship, they would identify those individuals for each defendant who they believe were in a position to or did discuss pricing with other defendants, and where such discussions took place and things of that nature"). Although the subject of third parties was not specifically addressed, Defendants respectfully suggest that Plaintiffs also disclose, pursuant to the fifth topic above, the identity of any third parties that they claim were involved in the alleged conspiracy and describe the role those third parties played in the conspiracy, including any communications with Defendants in furtherance of the alleged conspiracy. The discussion at the hearing regarding Thompson Research Group's motion to quash underscores why Defendants need this information. *See id.* 22:6-15, 26:19-25, 27:14-21, 34:8-18 (statements of Plaintiffs' counsel). Defendants also respectfully suggest that Plaintiffs identify the "plus factors" they claim support the existence of a price-fixing conspiracy

based on circumstantial evidence. The identification of these factors prior to the deposition phase will allow Defendants the time to take discovery relevant to those factors.

This narrow list seeks specific factual information that goes to the heart of the alleged conspiracy to fix the price of wallboard products and eliminate the practice of job quotes. Defendants have focused this proposed disclosure on the information they need to defend the allegations made against them, consistent with the Court's suggestions. Plaintiffs' responses to these proposed topics will provide Defendants with information regarding the alleged conspiratorial communications and potential witnesses needed to take appropriate discovery and defend the allegations made against them. The topics do not require evidence to substantiate every aspect of the complaints, for example. *Cf. Fischer & Porter Co. v. Tolson*, 143 F.R.D. 93, 96 (E.D. Pa. 1992) (denying movant's request for answers to interrogatories because a significant portion of them "'systemically track[ed] all of the allegations in [the] opposing party's pleadings'") (quoting *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 337 (N.D. Cal. 1985)).

Defendants further agree with the Court's suggestion that Plaintiffs be required to serve their disclosure before or at the beginning of the depositions, Tr. 64:4, that Plaintiffs' counsel certify that the information they provide is correct as of that date, *id.* 63:2-3, and that the statement would be subject to amendment as discovery continues. *Id.* 63:4-5. As Plaintiffs have not yet noticed any depositions, Defendants propose May 30, 2014, as an appropriate deadline.

    Respectfully yours,

    David L. Hanselman, Jr.