1622 LOCUST STREET | PHILADELPHIA, PA 19103-6305 | phone 215/875-3000 | fax 215/875-4604 | www.bergermontague.com

# Berger&Montague, P.C.
ATTORNEYS AT LAW

H. LADDIE MONTAGUE, JR.   ALSO ADMITTED IN DC
WRITER'S DIRECT DIAL | 215/875-3010
WRITER'S DIRECT FAX | 215/875-4671
WRITER'S DIRECT E-MAIL | hlmontague@bm.net

April 28, 2014

**VIA HAND DELIVERY**

The Honorable Michael M. Baylson
United States District Court
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106

Re:   *In re Domestic Drywall Antitrust Litigation*, No. 13-md-2437

Dear Judge Baylson:

In response to Your Honor's invitation during the April 22, 2014 pretrial conference (4/22/14 Tr. at 63:17-20), Plaintiffs submit their suggestions as to the facts which Plaintiffs should include in a pretrial statement in lieu of Plaintiffs responding to Defendants' Interrogatories Nos. 14 and 15.

Plaintiffs propose to provide to Defendants on July 1, 2014, material facts[1] on the following topics as they are reasonably available to Plaintiffs at that time[2] :

- Known dates of the trade association meetings, where prices may have been discussed, and known attendees from Defendants.

---

[1] As the Court directed at the conference, Plaintiffs will not be providing each and every fact on which Plaintiffs may ultimately rely. (4/22/14 Tr. at 76:7-10)

[2] This will still be early in the discovery process, document review will be ongoing, the substantial majority of depositions will not yet have been taken, and the pretrial statement would be subject to amendment, (Tr. at 63:4-5), before expert opinions are due (Tr. at 65:18-20).

**Berger & Montague, P.C.**
ATTORNEYS AT LAW

The Honorable Michael M. Baylson
April 28, 2014
Page -2-

- Names of Defendant officers and employees known to have had direct communications with employees of another Defendant.

- The drywall products which Plaintiffs believe were the subject of an agreement among Defendants on pricing.

- Defendants' relevant price announcements and elimination of job quote announcements have already been identified in Plaintiffs' consolidated amended complaints. To the extent there are others, Plaintiffs will identify them.

Plaintiffs previously detailed information as to the factual basis for their claims in their consolidated amended complaints, filed June 24, 2013 (Dkt. Nos. 20-21). Further, Plaintiffs' Initial Disclosures identified all individuals known to them who they believe might possess information relevant to Plaintiffs' claims. *See, e.g.,* Direct Purchaser Plaintiffs' First Amended Initial Disclosures (Exhibit A hereto). As Plaintiffs advised Defendants prior to the April 22, 2014 conference, Plaintiffs do not have any undisclosed "secret witness". Should any additional individuals be identified, Plaintiffs will supplement their initial disclosures in a timely manner, as required by Fed. R. Civ. P. 26(e)(1)(A) and 26(a)(1)(A).

Plaintiffs further note that, by agreement reached on March 27, 2014, Plaintiffs have agreed to either provide copies to Defendants of all documents quoted or referenced in their complaints, or, if publicly available, to identify the documents for Defendants. See, e.g., March 27, 2014 email reflecting this agreement and April 24, 2014 letter from Direct Purchaser Plaintiffs implementing the agreement (jointly Exhibit B hereto).

**Berger & Montague, P.C.**
ATTORNEYS AT LAW

The Honorable Michael M. Baylson
April 28, 2014
Page -3-

As to Defendants' reciprocal pretrial statement (*see* 4/22/14 Tr. at 65:8-15), Plaintiffs respectfully suggest that Defendants be required to submit their statement to Plaintiffs on or before August 1, 2014, or sixty (60) days before the close of fact discovery, whichever is earlier, as Defendants' statement may inform Plaintiffs' discovery efforts. As to the factual matters to be addressed in Defendants' pretrial statement, in addition to the matters identified by the Court (*see* 4/22/14 Tr. at 65:10-15), Plaintiffs propose that Defendants should include the following:

- Any witness(es) upon whom they expect to rely upon to testify about the trade association meetings or other activities, or communications and meetings among Defendants identified in Plaintiffs' statement.

- Any Plaintiffs' personnel or absent class member personnel on whom they expect to rely in support of their defense(s), *e.g.*: (a) no conspiracy to fix prices; (b) no conspiracy to eliminate job quotes; or (c) any of the economic factors or industry characteristics alleged in Plaintiffs' consolidated amended complaints.

Respectfully submitted,

*/s/ H. Laddie Montague, Jr.*

H. Laddie Montague, Jr.

cc: Plaintiffs' Interim Lead Counsel
    Counsel for Defendants

Kal6642888