IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DOMESTIC DRYWALL ANTITRUST LITIGATION | MDL No. 2437<br>13-MD-2437 |
| THIS DOCUMENT RELATES TO:<br>All Actions | |

MEMORANDUM OF LAW RE PLAINTIFFS' MOTION TO COMPEL DISCOVERY
FROM THIRD PARTIES

Baylson, J.                                                                                                          November 14, 2014

I.    Introduction

Plaintiffs, who have alleged in this multi-district litigation that Defendants, domestic drywall manufacturers, engaged in price-fixing in violation of antitrust laws, have sought discovery of reports and investigative files prepared by two non-party analysts who collect information on the drywall industry from sources they often keep confidential. The Court previously ruled that Plaintiffs were only entitled to receive these materials with redactions to protect the analysts' confidential information, but left open the possibility that the discovery process might reveal facts warranting broader access. Plaintiffs argue that this has now occurred, and accordingly have moved for access to unredacted versions of the analysts' investigative files and reports. Pl.'s Mot., ECF 135; Mem. of Law Supp. Pl.'s Mot., ECF 136

II.   Background and Facts

    A.    Thompson Research Group, LLC's Motion to Quash

In its Motion to Quash, ECF 1, Case No. 14-MC-52 (E.D. Pa.), Thompson Research Group, LLC ("TRG") objected under Federal Rule of Civil Procedure 45 to production of two

1

types of materials: 1) reports containing research findings and opinions on industry trends, which TRG sells primarily to institutional investors, and 2) the investigative files documenting research on which the reports are based.[1] The Court granted TRG's motion in part. Mem. of Law, ECF 120, Case No. 13-MD-2437 (E.D. Pa.); Order, ECF 121. Applying the burden-shifting framework of Rule 45, the Court held that Plaintiffs had shown a substantial need for 1) factual statements attributed to confidential sources in TRG's reports and 2) file notes regarding the substance of its communications with these sources for the purpose of determining "what pricing information TRG may have communicated to all the defendant manufacturers." Mem. of Law 9–13, 15–19, ECF 120. Plaintiffs, however, had not shown a substantial need for TRG's opinions and analysis contained in its reports, and also, Plaintiffs' interest in obtaining the identities of TRG's sources was outweighed by TRG's interest in maintaining their confidentiality. *Id.* at 15–16, 21–26.

Accordingly, the Court concluded that TRG must produce its reports and investigative files, but allowed TRG to redact any opinions and analysis contained in its reports, as well as names of any confidential sources that appeared in either its reports or investigative files.[2] *Id.* at 20, 26. The Court left open the possibility that Plaintiffs could be entitled to further discovery of

---

[1] The Court has already described the research activities of TRG and Longbow Research ("Longbow") in detail in its opinion on TRG's Motion to Quash.

[2] The Court also held that the subpoena was not otherwise unduly burdensome to TRG, and that TRG was only entitled to compensation for the costs it incurred in producing the materials rather than the value of the intellectual property contained in the reports.

these materials, but only based on "a stronger showing by Plaintiffs than ha[d] been presented."[3] *Id.* at 33–34.

### B. Events After the Court's Ruling

After the Court ruled on TRG's motion, TRG produced its investigative files with its sources' names redacted. Plaintiffs notified the Court that they would review TRG's initial production before determining whether they additionally needed TRG's reports. Mem. of Law Supp. Pl.'s Mot. 6–7, ECF 136; TRG's Resp. Opp'n re Mot. 3, ECF 146. In the meantime, without objecting to the identical subpoena it received from Plaintiffs, Longbow also produced its investigative files with its sources' identities redacted. Longbow Resp. Opp'n re Mot. 1–2, ECF 142.

Notwithstanding the redactions, Plaintiffs were able to determine from the investigative files that certain Defendants' personnel had been communicating with the analysts, which Plaintiffs claim supports their conduit theory. *See, e.g.*, Mem. of Law Supp. Pl.'s Mot. 7, ECF 136. Moreover, after the Court ruled on TRG's Motion to Quash, Defendants "identified which of their employees served as sources for TRG and Longbow" in their answers to Plaintiffs' interrogatories. *Id.* at 3 n.6; Pl.'s Reply 1, ECF 151. In late August, armed with these materials as well as contemporaneous telephone and email records, Plaintiffs deposed Mr. Craig Weisbruch, a Vice President of Sales and Marketing for Defendant NGC, about whether he served as a confidential source for TRG and/or Longbow. Mem. of Law Supp. Pl.'s Mot. 8–23,

---

[3] The Court had ordered the parties to submit within fourteen days a proposed order outlining 1) measures to protect the confidentiality of TRG's sources, including redaction; 2) measures to narrow discovery of TRG's files to materials relevant to Plaintiffs' "conduit" theory; and 3) what compensation Plaintiffs would provide to TRG. *Id.* at 33. The parties were never able to agree on these issues, resulting in Plaintiffs' motion.

ECF 136.  Mr. Weisbruch admitted that he discussed NGC's pricing decisions with both TRG and Longbow, but refused to confirm that he was the source of any particular communications memorialized in their investigative files, even when confronted with strong circumstantial evidence that he was the confidential source.  *See id.*

TRG also informed Plaintiffs after the Court issued its May 15 Order that it would redact all opinions and analysis from any reports it produced at an estimated cost of $10,000.[4]  *Id.* at 8.  After further discovery, however, Plaintiffs discovered that TRG had provided its reports to Defendants for free.  *Id.* at 3–4.  Plaintiffs were previously unsure whether Defendants had ever received any TRG reports.  *Id.*  Based on their review of the investigative files TRG had produced, Plaintiffs also concluded that the complete reports would be duplicative and of little additional value after all but "unattributed factual statements and quotations from Defendants" were redacted.  *Id.* at 8.  Plaintiffs therefore offered to purchase unredacted reports from TRG for a "reasonable" price less than the $10,000 estimated cost of redaction, but TRG refused.  *Id.*

Plaintiffs have now filed a motion to compel TRG to reveal the identities of any of Defendants' personnel whose names are redacted from the investigative files[5] and to sell unredacted versions of its reports to Plaintiffs.  Plaintiffs assert that they have now made the stronger showing the Court indicated would be necessary for further discovery into TRG and Longbow's protected materials.  Plaintiffs claim that a number of new circumstances justify

---

[4] This estimate assumes "twenty (20) minutes for TRG's CEO or CFO to review and redact each report at a rate of $300 per hour, plus approximately $1,000 for TRG's counsel to review the redactions."  Mem. of Law Supp. Pl.'s Mot. 8, ECF 136.

[5] Plaintiffs have made clear that they do not object to redactions of the identities of confidential sources who were not Defendants' personnel. Pl.'s Reply 1 n.1, ECF 151.

additional discovery, most notably: the presence of relevant communications in the investigative files the analysts have produced; Mr. Weisbruch's recalcitrance during his deposition, which Plaintiffs fear other defense witnesses might imitate in the future; and TRG's refusal to sell unredacted reports to Plaintiffs despite having given them to Defendants for free. TRG and Longbow contend that they have complied with the Court's May 15 Order and no new circumstances warrant further discovery of these protected materials.[6]

The Court held oral argument on Plaintiff's motion on October 6, 2014. During the hearing, the Court questioned whether Plaintiffs had demonstrated a "substantial need" to use unredacted investigative files in depositions of Defendants' personnel, as there was already strong circumstantial evidence that Mr. Weisbruch was the confidential source whose identity was redacted from documents presented to him at his deposition. The Court also expressed doubt that it could require a non-party to sell a product it did not want to sell. The Court therefore requested further briefing on whether it had authority to require TRG to sell its reports to Plaintiffs. By letter dated October 29, 2014, Plaintiffs submitted that the Court need not order TRG to sell its reports; rather, the Court may order production of the reports as relevant materials under Rule 26 and find that "the compensation Plaintiffs have already offered TRG is reasonable" under Rule 45. Letter from Jeffrey J. Corrigan, Esq. 2, Oct. 29, 2014, ECF 172.

---

[6] Defendants also submitted a letter to the Court on September 23, 2014 advising that they did not object to additional discovery of the analysts' files or reports. Letter from Robert A. Milne, Esq. 2, Sept. 23, 2014, ECF 149. They contend, however, that neither the documents the analysts had already produced nor other record evidence supported Plaintiffs' conduit theory. *Id.* at 2–9.

## III. Discussion

Plaintiffs do not dispute that the materials they seek remain protected under Rule 45(d)(3)(B)(i) and (ii), but argue that new circumstances emerged during the discovery process weighing in favor of disclosure, rather than protection, of these materials.[7] The Court concludes Plaintiffs have not sustained this burden.

### A. TRG and Longbow's Investigative Files

Plaintiffs have not demonstrated that their need for unredacted investigative files outweighs TRG and Longbow's interests in maintaining the confidentiality of their sources. Although TRG and Longbow's confidentiality interest has lessened now that Defendants have revealed which of their employees served as confidential sources to the analysts, Plaintiffs now possess—in addition to redacted versions of TRG and Longbow's investigative files—email communications between TRG and Longbow and their sources as well as written discovery from, and documents produced by, Defendants. Mem. of Law Supp. Pl.'s Mot. 3 n.6, 9, Ex. A, ECF 136; Longbow Resp. Opp'n re Mot. 2, ECF 142; TRG's Resp. Opp'n re Mot. 3, ECF 146.

Plaintiffs have found circumstantial evidence in the materials they have already obtained that Mr. Weisbruch is the individual identified in TRG's investigative files, and Plaintiffs may find similar evidence in these materials regarding certain Defendants' other personnel. As noted

---

[7] As the Court explained in its May 15 ruling, once a nonparty establishes that a subpoena requests materials subject to Rule 45(d) protection, the burden shifts to the requesting party to show "'a substantial need for the testimony or material that cannot be otherwise met without undue hardship,' and demonstrate "that the subpoenaed [nonparty] will be reasonably compensated." Mem. of Law, 5–6, ECF 120 (citations omitted). If the requesting party is able to demonstrate a substantial need and that it will provide reasonable compensation for the materials, the Court then "weigh[s] (1) the relevance, (2) need, (3) and confidentiality of the requested materials, as well as (4) the harm that compliance would cause the subpoenaed nonparty" to determine whether the protected information should be disclosed. *Id.* at 6.

at the hearing, however, if TRG or Longbow's redactions cause substantial prejudice to Plaintiffs, such as in responding to a motion for summary judgment or at trial, the Court is willing to consider on a case-by-case basis further modifications or steps such as *in camera* review.

### B.     TRG's Reports

Although the Court may order TRG to produce its unredacted reports in exchange for "reasonable compensation" equaling the cost of production if Plaintiffs make the requisite showing under Rule 45, Plaintiffs have not submitted any other authority permitting the Court to order TRG to sell its unredacted reports to Plaintiffs.  The only new circumstance to which Plaintiffs have pointed is that they assert TRG provided some of its reports to Defendants free of charge.[8]  Mem. of Law Supp. Pl.'s Mot. 3–4 & n.8, ECF 136.  This does not demonstrate that Plaintiffs have a substantial need for TRG's opinions and analyses contained in the reports.  The Court therefore will not modify its May 15 Order.

## VII.     Conclusion

For the foregoing reasons, Plaintiffs' Motion to (A) Obtain Unredacted Investigative Files from Thompson Research Group, LLC and Longbow Research; and (B) Purchase Unredacted Reports from Thompson Research Group, LLC will be DENIED.  An appropriate order follows.

O:\13-MD-2437 - drywall\13md2437.Mem.Pl.Mot.Obtain.Unredacted.Files.docx

---

[8] If Defendants in fact have any or all of TRG's reports, presumably they would have been subject to production.  Plaintiffs have not specifically asserted any failure to produce by Defendants themselves.