# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: DOMESTIC DRYWALL ANTITRUST LITIGATION | MDL No. 2437 13-MD-2437 |
| THIS DOCUMENT RELATES TO: ALL DIRECT PURCHASER ACTIONS | |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF DIRECT PURCHASER PLAINTIFFS' PROPOSED SETTLEMENT WITH DEFENDANT USG CORPORATION, DEFENDANT UNITED STATES GYPSUM COMPANY, AND L&W SUPPLY CORPORATION; CERTIFYING THE USG SETTLEMENT CLASS FOR THE PURPOSE OF PROVIDING NOTICE; AND AUTHORIZING DISSEMINATION OF NOTICE TO THE USG SETTLEMENT CLASS MEMBERS**

Upon consideration of the Direct Purchaser Plaintiffs' Motion for Preliminary Approval of the Proposed Settlement with Defendant USG Corporation, Defendant United States Gypsum Company, and L&W Supply Corporation; Certification of the USG Settlement Class for the Purpose of Providing Notice; and Authorization to Disseminate Notice to the USG Settlement Class Members (the "Motion"),

WHEREAS, this multidistrict litigation involves allegations of a conspiracy in restraint of trade among manufacturers of gypsum wallboard, including USG Corporation and United States Gypsum Company (collectively, with USG Corporation's wholly-owned subsidiary L&W Supply Corporation, "USG"); and Defendants, including USG, deny liability and deny the existence of any conspiracy in violation of the Sherman Act or any other law; and

WHEREAS, discovery has proceeded on issues relating to whether the Defendants conspired, and Direct Purchaser Plaintiffs ("Plaintiffs") have had an opportunity to review extensive document productions and take numerous depositions in this matter; and

WHEREAS, USG denies any wrongdoing or liability relating to any of the allegations made by Plaintiffs, and it is agreed among USG and Plaintiffs that the Settlement Agreement shall not constitute, and shall not be construed as or deemed to be evidence of or an admission of any fault, wrongdoing, or liability by USG or any other person or entity; and

WHEREAS, the Court has considered the Settlement Agreement, the proposed Notice, and the other documents submitted in connection with Plaintiffs' request for preliminary approval of the Settlement Agreement, certification of the Settlement Class set forth in the Settlement Agreement (the "USG Settlement Class") for the purposes of settlement only, and appointment of counsel for the USG Settlement Class, and good cause appearing therefore;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1.      The Motion is **GRANTED**.

2.      Terms used in this Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used in this Order as defined in the Settlement Agreement.

**Preliminary Approval of the USG Settlement**

3.      The Court finds that: (a) the proposed Settlement with USG, as set forth in the Settlement Agreement, is sufficiently fair, reasonable and adequate to authorize the dissemination of notice of the Settlement to potential members of the USG Settlement Class and to schedule a fairness hearing to determine whether to grant final approval of the proposed USG Settlement under Fed. R. Civ. P. 23(e); (b) the Settlement Agreement was negotiated at arm's-length by experienced counsel acting in good faith; and (c) there has been adequate opportunity for discovery for experienced counsel to evaluate the claims and risks at this stage of the litigation.

4.     The Court finds that preliminary approval is appropriate and hereby grants preliminary approval of the Settlement subject to final determination following notice and hearing.

**Certification of the USG Settlement Class, Appointment of USG Settlement Class Representatives, and Appointment of USG Settlement Class Counsel**

5.     For purposes of the settlement of the claims against USG, and only for that purpose, and without an adjudication on the merits and without any impact upon the issues between Plaintiffs and non-settling Defendants or issues between Plaintiffs and USG in the event that final approval of the Settlement does not occur, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the requirements for a class action are met, and the Court provisionally certifies the following class solely for purposes of settlement of claims against USG (the "USG Settlement Class"):

> All persons or entities that purchased Wallboard in the United States directly from any of the Defendants or their subsidiaries from January 1, 2012 through November 30, 2014.  Excluded from the USG Settlement Class are Defendants, the officers, directors and employees of any Defendant, the parent companies, subsidiaries, and affiliates of any Defendant, the legal representatives and heirs or assigns of any Defendant, any federal governmental entities and instrumentalities of the federal government, any judicial officer presiding over the Action, and any member of his or her immediate family and judicial staff.

6.     For purposes of preliminary approval, the Court finds that provisional certification of the USG Settlement Class is warranted in light of the proposed Settlement under the prerequisites of Federal Rule of Civil Procedure 23(a) because: (1) the members of the USG Settlement Class are so numerous that joinder is impracticable; (2) there are issues of law and fact common to the USG Settlement Class; (3) Plaintiffs' claims are typical of the claims of the USG Settlement Class Members; and (4) Plaintiffs and Interim Co-Lead Counsel will fairly and adequately represent the interests of the USG Settlement Class Members.

7.     For purposes of preliminary approval, the Court finds that provisional certification of the USG Settlement Class is warranted in light of the proposed Settlement under Federal Rule of Civil Procedure 23(b)(3) because common issues, including whether USG and other Defendants entered into any conspiracy, predominate over any questions affecting only individual members of the USG Settlement Class, and settlement of this action on a class basis is superior to other means of resolving the Action as to USG.

8.     The Court hereby appoints Plaintiffs Sierra Drywall Systems, Inc., Janicki Drywall, Inc., New Deal Lumber & Millwork Co., and Grubb Lumber Co., Inc. as the USG Settlement Class Representatives.   The Court preliminarily finds that the USG Settlement Class Representatives will fairly and adequately protect the interests of the USG Settlement Class because: (1) the interests of the USG Settlement Class Representatives are consistent with those of USG Settlement Class Members; (2) there appear to be no conflicts between or among the USG Settlement Class Representatives and the other USG Settlement Class Members; (3) the USG Settlement Class Representatives have been and appear to be capable of continuing to be active participants in both the prosecution and the settlement of this litigation; and (4) the USG Settlement Class Representatives and USG Settlement Class Members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated class action cases, including those concerning violation of the antitrust laws.

9.     In making these preliminary findings, the Court has considered, *inter alia*, (1) the interests of the USG Settlement Class Members in individually controlling the prosecution or defense of separate actions; (2) the impracticality or inefficiency of prosecuting or defending separate actions; (3) the extent and nature of any litigation concerning these claims already commenced; and (4) the desirability of concentrating the litigation of the claims in a particular

forum.

10.    At this juncture, the Court makes no determination regarding the manageability of this litigation as a class action, if this litigation were to go to trial.

11.    The requirements of Rule 23(g) of the Federal Rules of Civil Procedure are met, and the Court hereby appoints the law firms of Berger & Montague, P.C., Cohen, Milstein, Sellers & Toll, PLLC, and Spector Roseman Kodroff & Willis, P.C. as Settlement Class Counsel for the USG Settlement Class.

<b>CAFA Notice</b>

12.    Pursuant to the Settlement Agreement, within ten (10) days after filing with the Court the motion papers seeking preliminary approval of the Settlement, USG shall provide notice of the Settlement to the appropriate state and federal officials as provided in the Class Action Fairness Act, 28 U.S.C. § 1715.

<b>Notice to Potential USG Settlement Class Members</b>

13.    The Court finds that the proposed Settlement with USG, as set forth in the Settlement Agreement, subject to final determination following proper notice and a fairness hearing, is sufficiently fair, reasonable, and adequate to authorize dissemination of notice to the USG Settlement Class.

14.    The Court approves the form and content of the: (a) Notice of Proposed Settlements of Direct Purchaser Class Action with TIN Inc., USG Corporation and United States Gypsum Company ("Notice"), attached hereto as Exhibit A; and (b) Summary Notice of Proposed Settlements of Direct Purchaser Class Action with TIN Inc., USG Corporation and United States Gypsum Company ("Summary Notice"), attached hereto as Exhibit B.

15.    The Court finds that the dissemination of the Notice and Summary Notice in the

5

manner set forth herein constitutes the best notice practicable under the circumstances; is valid, due, and sufficient notice to all persons entitled to notice; and complies fully with the requirements of Federal Rule of Civil Procedure 23 and due process.

16. By _____ __, 201_ (10 days from the date of entry of this Order), all Defendants in the Action shall provide to USG Settlement Class Counsel, in a computer readable format, and, if not reasonably available in computer readable format, then in mailing label format, if available, or other similar format, the names and addresses of potential members of the USG Settlement Class, to the extent they are identifiable through reasonable efforts.

17. By _____ __, 201_ (18 days from the receipt of information needed to facilitate notice from Defendants), the Notice, in substantially the same form as Exhibit A, shall be mailed by first class mail, postage prepaid, to all potential members of the USG Settlement Class identified pursuant to paragraph 16. The Notice shall also be provided to all persons who request it. In addition, copies of the Notice shall be posted on the Internet on a website dedicated to this litigation.

18. Subject to lead time required for publication, USG Settlement Class Counsel shall cause the Summary Notice, in substantially the same form as Exhibit B, to be published in the LBM Journal on the first available publication date on or after 7 days from the provision of individual mailed notice.

19. By _____ __, 201_ (65 days from the date of entry of this Order), USG Settlement Class Counsel shall file with the Court their motion for final approval of the USG Settlement and request to utilize a portion of the USG Settlement Fund to pay Plaintiffs' ongoing litigation expenses, along with proof that notice was provided to potential members of the USG Settlement Class as directed by this Order.

20.     All requests for exclusion from the USG Settlement Class must be in writing, postmarked no later than _____ __, 201_ (80 days from the date of entry of this Order), and must otherwise comply with the requirements set forth in the Notice.

21.     Any USG Settlement Class Member who objects to the proposed Settlement, or to the request to utilize a portion of the USG Settlement Fund to pay Plaintiffs' ongoing litigation expenses, must do so in writing, postmarked no later than _____ __, 201_ (80 days from the date of entry of this Order), and shall otherwise comply with the requirements set forth in the Notice.

22.     USG Settlement Class Counsel shall file with the Court and serve on the parties their responses to any objection(s) to the Settlement and/or the request to use the USG Settlement Fund for ongoing litigation expenses on or before _____ (95 days from the date of entry of this Order).

23.     Each potential member of the USG Settlement Class shall retain all rights and causes of action with respect to claims against all Defendants other than USG, regardless of whether such potential member of the USG Settlement Class decides to remain in the USG Settlement Class or exclude itself from the USG Settlement Class.

24.     The Court will hold a fairness hearing on _____ 2015, at _____ _.m. (at least 120 days from the date of entry of this Order), at the James A. Byrne United States Courthouse, Courtroom 3A, 601 Market Street, Philadelphia, PA, to determine the fairness, reasonableness, and adequacy of the proposed Settlement with USG and to consider whether to approve the request to utilize a portion of the USG Settlement Fund to pay Plaintiffs' ongoing litigation expenses.  Any USG Settlement Class Member who follows the procedure set forth in the Notice may appear and be heard.  The fairness hearing may be rescheduled, adjourned or continued without further notice to the USG Settlement Class Members.

**Other Provisions**

25.     In the event that the USG Settlement is validly terminated as provided for in the Settlement Agreement, all proceedings had in connection with the Settlement and any orders regarding the Settlement shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo ante rights of the Plaintiffs, USG, and USG Settlement Class Members.

26.     In the event that the USG Settlement does not become final and effective for any reason, nothing in the Settlement Agreement, this Order, or proceedings or orders regarding the Settlement shall be construed to prejudice any position that any of the parties may assert in any aspect of this litigation.

27.     Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings in connection with it, shall be construed as an admission or concession by USG of the truth of any allegations in the litigation, or of any fault or wrongdoing of any kind, or lack of merit of Plaintiffs' allegations.

28.     The Court's provisional certification of the USG Settlement Class is without prejudice to, or waiver of, the rights of Defendants, including USG, in the event Final Approval of the USG Settlement does not occur, to contest certification of any other class proposed in MDL No. 2437.  The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any other class in MDL No. 2437, and no party may cite or refer to the Court's approval of the USG Settlement Class as compelling the same result with respect to a motion to certify any other class in MDL No. 2437.

29.     The Court approves the establishment of the USG escrow account under the Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code

Section 468B and the Treasury Regulations promulgated thereunder and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF.

30.     USG Settlement Class Counsel are, in accordance with the Settlement Agreement, authorized to expend funds from the QSF for the payment of notice and notice administration costs.

31.     Kurtzman Carson Consultants LLC is approved to serve as settlement administrator for the purpose of issuing notice to the USG Settlement Class.

32.     The litigation against USG is stayed except as provided for in the Settlement Agreement and to the extent necessary to obtain final approval of the USG Settlement.

BY THE COURT:

_____
**MICHAEL M. BAYLSON, U.S.D.J.**