# EXHIBIT E

**NOTICE OF PROPOSED SETTLEMENT OF
DIRECT PURCHASER CLASS ACTION WITH
TIN INC., USG CORPORATION AND UNITED STATES GYPSUM COMPANY**

**TO: Direct Purchasers of Wallboard**

*This notice is being sent to you pursuant to an Order of the United States District Court for the Eastern District of Pennsylvania.  This is not a solicitation from a lawyer.  You are not being sued.*

There is a pending class action lawsuit on behalf of direct purchasers of Wallboard from January 1, 2012 through the present.  "Wallboard" refers to paper-backed gypsum wallboard and is also known as drywall or plasterboard.  The lawsuit alleges that CertainTeed Gypsum, Inc., USG Corporation, United States Gypsum Company, New NGC, Inc., Lafarge North America, Inc., Eagle Materials, Inc., American Gypsum Company LLC, PABCO Building Products, LLC, and TIN, Inc. (collectively, the "Defendants") participated in a conspiracy to raise, fix, maintain or stabilize prices of Wallboard in violation of federal antitrust laws.  The Defendants deny that they violated the antitrust laws and have asserted defenses to the claims in this lawsuit.

Plaintiffs have entered into two settlement agreements to resolve claims against some Defendants, in exchange for $44.5 million and cooperation from those Defendants, as Plaintiffs continue to pursue the case against the remaining Defendants who have not settled.  More specifically, TIN Inc. ("TIN") has agreed to pay $5.25 million and provide cooperation, in exchange for the release and dismissal of TIN from the lawsuit.  Additionally, USG Corporation, United States Gypsum Company, and USG Corporation's subsidiary L&W Supply Corporation (collectively, "USG") have agreed to pay $39.25 million and provide cooperation, in exchange for the release and dismissal of USG from the lawsuit.

The Court has certified two identical settlement classes, the TIN Settlement Class and the USG Settlement Class, for the purpose of settling the case against TIN and USG.  These settlement classes are defined more precisely below.  This notice is intended to help you determine if you are a member of these settlement classes, and your choices and rights related to those classes.

**If you purchased Wallboard directly from one or more of the Defendants or their subsidiaries between January 1, 2012 and November 30, 2014, you may be a member of the settlement classes certified by the Court, and your rights may be affected by the settlements with TIN and USG.**

*<u>You should read this Notice carefully.</u>*

The caption of the lawsuit is as follows:

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: DOMESTIC DRYWALL ANTITRUST LITIGATION** | **MDL No. 2437** <br> **13-MD-2437** |

**THIS DOCUMENT RELATES TO:**

**ALL DIRECT PURCHASER ACTIONS**

The purpose of this Notice is to inform you that:

- There is a class action lawsuit known as *In re: Domestic Drywall Antitrust Litigation*, MDL No. 2437 and 13-MD-2437, pending in the United States District Court for the Eastern District of Pennsylvania.

- The lawsuit seeks damages for alleged overcharges for Wallboard, and injunctive relief, from the Defendants. The Defendants deny Plaintiffs' allegations and state that they have not violated the law.

- TIN, while denying the allegations in the lawsuit and asserting defenses to the claims, has agreed to settle the lawsuit on a class basis with direct purchasers of Wallboard from January 1, 2012 through November 30, 2014 for a cash payment of $5.25 million and cooperation with Plaintiffs in connection with Plaintiffs' prosecution of the lawsuit.

- USG, while denying the allegations in the lawsuit and asserting defenses to the claims, has agreed to settle the lawsuit on a class basis with direct purchasers of Wallboard from January 1, 2012 through November 30, 2014 for a cash payment of $39.25 million and cooperation with Plaintiffs in connection with Plaintiffs' prosecution of the lawsuit.

- If the Court approves the TIN and USG settlements and dismisses TIN and USG from the case, the lawsuit will continue against the non-settling Defendants CertainTeed Gypsum, Inc., New NGC, Inc., Lafarge North America, Inc., Eagle Materials, Inc., American Gypsum Company LLC, and PABCO Building Products, LLC. The Court may approve either settlement or neither settlement. If the TIN settlement is not approved, the case may continue against TIN. If the USG settlement is not approved, the case may continue against USG.

- Your legal rights may be affected by the proposed TIN and USG settlements whether or not you act, so please read this entire Notice carefully. If you desire, you may contact Settlement Class Counsel listed below, or other legal counsel of your choosing, to discuss this Notice.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT WITH RESPECT TO THE TIN AND USG SETTLEMENTS ARE DESCRIBED BELOW ||
|---|---|
| **REMAIN A MEMBER OF THE TIN AND USG SETTLEMENT CLASSES BY DOING NOTHING** | You do not need to take any action at this time to remain a member of the TIN and USG Settlement Classes.  Your interests will be represented by the Settlement Class Representatives and Settlement Class Counsel listed below.  As a member of the Settlement Classes, you will be bound by any judgment dismissing the lawsuit against TIN or USG, and you will not be able to file or maintain your own lawsuit against TIN or USG regarding the subject of this lawsuit.  By remaining in a Settlement Class, you are eligible to receive a share of the settlement amount for that settlement once it is paid out, after payment for attorneys' fees, costs and other expenses. |
| **EXCLUDE YOURSELF FROM THE TIN AND/OR USG SETTLEMENT CLASSES** | You have the right to exclude yourself from one or both of the settlements.  If you exclude yourself from a settlement, you will not be bound by that settlement and will not be entitled to receive any money from that settlement.  Your rights regarding the non-settling Defendants, however, will not be affected. |
| **HIRE YOUR OWN LAWYER** | You may, but are not required to, hire your own lawyer at your own expense to advise you of your rights under the settlements.  If you do not request exclusion from the Settlement Classes you may also, but are not required to, enter an appearance in the lawsuit through your attorney. |
| **OBJECT TO THE SETTLEMENT OR THE REQUEST TO USE A PORTION OF THE SETTLEMENT FUNDS TO PAY LITIGATION EXPENSES** | If you do not choose to exclude yourself from a particular Settlement Class, then you may write to the Court to object to the terms of that settlement or to Settlement Class Counsel's request to use up to $2.5 million of the TIN and USG settlement funds to pay litigation expenses in connection with the ongoing lawsuit against the non-settling Defendants. |

- Your right to request exclusion from the TIN and/or the USG Settlement Classes, **and the deadline to exercise it**, are explained in this Notice.

- If you remain in either the TIN or USG Settlement Class, your right to object to the settlements or the request to use up to $2.5 million of the TIN and USG settlement funds to pay litigation expenses in connection with the ongoing lawsuit with the non-settling Defendants, **and the deadline to exercise it**, is also explained in this Notice.

- This Notice is not an expression by the Court concerning the merits of the claims or defenses in the litigation.  All Defendants deny that they violated the law or that they are liable to the Plaintiffs or the members of the Settlement Classes and assert various defenses to the claims asserted in the lawsuit.

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION** .................................................................................................................. **4**
    1.    Why did I receive this Notice? ................................................................... 4
    2.    What is this lawsuit about? ........................................................................ 4
    3.    Why is this a class action lawsuit? ............................................................ 5
    4.    The proposed settlements with TIN and USG. .......................................... 5
    5.    Will I receive money from the settlements? ............................................. 6
    6.    The settlement hearing and objecting to the settlements. ......................... 6
**EXCLUDING YOURSELF FROM THE SETTLEMENT CLASSES** .................................... **6**
    7.    How do I request exclusion from the Settlement Classes? ....................... 6
    8.    What is the difference between objecting and excluding? ....................... 7
    9.    What am I giving up to stay in the Settlement Classes? ........................... 7
**THE LAWYERS REPRESENTING YOU** ................................................................................ **8**
    10.    Do I have a lawyer in this case? ................................................................ 8
    11.    How will the lawyers be paid? ................................................................... 8
    12.    If I stay in the Settlement Classes, may I enter an appearance in the action through an attorney at my own expense? .................................................. 9
**IF YOU DO NOTHING** ............................................................................................................... **9**
    13.    What happens if I do nothing at all? ......................................................... 9
**GETTING MORE INFORMATION** ......................................................................................... **9**
    14.    Are there more details available about the lawsuit? ................................. 9
    15.    How do I get more information? ............................................................. 10

## BASIC INFORMATION

| 1. Why did I receive this Notice? |
|---|

You have been sent this Notice because you have been identified as a direct purchaser of Wallboard from one or more of the Defendants or their subsidiaries.  The Court authorized this Notice because you have a right to know about the settlements with TIN and USG in the lawsuit and your options regarding those settlements.  This Notice explains the lawsuit, the TIN and USG settlements, and your legal rights and options with respect to those settlements.

The Court in charge of this case is the United States District Court for the Eastern District of Pennsylvania, Judge Michael M. Baylson.  This case is known as *In re: Domestic Drywall Antitrust Litigation*, MDL No. 2437 and 13-MD-2437.  The direct purchasers of Wallboard who are named in the lawsuit are the Plaintiffs and are also called the TIN and USG Settlement Class Representatives.  The companies that have been sued are the Defendants.

| 2. What is this lawsuit about? |
|---|

Starting in December 2012, direct purchasers of Wallboard filed lawsuits claiming that the Defendants conspired, in violation of the federal antitrust laws, to raise, fix, maintain or stabilize

the price of Wallboard and, to help further this price-fixing conspiracy, abolish the industry's long-standing practice of limiting price increases for the duration of a construction project through the use of "job quotes."

On March 4, 2013, Plaintiffs filed a Consolidated Direct Purchaser Class Action Complaint and Demand for Jury Trial against the Defendants.  On June 24, 2013, the Plaintiffs filed a Consolidated Amended Class Action Complaint and Demand for Jury Trial (the "Complaint").  The Defendants answered the Complaint.  In their answers, Defendants deny that they violated the federal antitrust laws and assert defenses to Plaintiffs' claims.  The Court has not yet heard or resolved the merits of Plaintiffs' claims, nor determined whether the Plaintiffs' or Defendants' contentions are true.

### 3. Why is this a class action lawsuit?

In a class action, the plaintiff (or the class representative) sues on behalf of others who have similar claims.  All the people who have similar claims are the "class" or "class members."  In a class action, one court resolves the issues in the lawsuit for all class members, except for those who choose to be excluded from (or "opt out" of) the class.  In this case, Sierra Drywall Systems, Inc., Janicki Drywall, Inc., New Deal Lumber & Millwork Co., and Grubb Lumber Co., Inc. are the plaintiffs that brought the case, and are also the Settlement Class Representatives for both the TIN and the USG settlements.

In connection with the TIN and USG settlements, the Court certified identical Settlement Classes composed of all persons or entities that purchased Wallboard in the United States directly from any of the Defendants or their subsidiaries from January 1, 2012 through November 30, 2014.  Excluded from the Class are Defendants, the officers, directors and employees of any Defendant, the parent companies, subsidiaries and affiliates of any Defendant, the legal representatives and heirs or assigns of any Defendant, any federal governmental entities and instrumentalities of the federal government, any judicial officer presiding over the Action, and any member of his or her immediate family and judicial staff.  The Settlement Class Representatives and all other persons or entities that fit this definition and do not timely exclude themselves are referred to as Settlement Class Members.

### 4. The proposed settlements with TIN and USG.

Plaintiffs have agreed with both TIN and USG to settle the lawsuit on a class basis.  The proposed settlements are only with TIN and USG, and the lawsuit will continue against the Defendants other than TIN and USG.

The settlement with TIN provides that TIN will pay $5.25 million and cooperate with the Plaintiffs in connection with the claims against the non-settling Defendants.  The settlement with USG provides that USG will pay $39.25 million and cooperate with the Plaintiffs in connection with the claims against the non-settling Defendants.

Settlement Class Counsel believe that the TIN and USG settlements are fair and in the best interests of the Settlement Class Members.

### 5. Will I receive money from the settlements?

Settlement Class Counsel will not be asking the Court to distribute any of the funds from either settlement to the Settlement Class Members at this time. Except as provided elsewhere in this Notice, it is Settlement Class Counsel's intention to hold the funds received in an interest-bearing account until it is determined whether there will be additional settlements with, or judgments against, the non-settling Defendants. At a later date, Settlement Class Counsel will file with the Court a plan of distribution of the funds to Class members, after reduction for any court-approved attorneys' fees, expense reimbursements, or incentive awards to the Plaintiffs for their service to the Class.

Settlement Class Counsel are also not presently asking for an award of attorneys' fees. Settlement Class Counsel will, however, seek permission from the Court to use up to $2.5 million of the TIN and USG settlement funds to pay ongoing expenses incurred by Plaintiffs in pursuing the litigation against the remaining Defendants. That request is comprised of a request for $500,000 from the TIN settlement fund and $2 million from the USG settlement fund.

### 6. The settlement hearing and objecting to the settlements.

The Court will hold a hearing on _____ [at least 120 days from the date of the preliminary approval order] at __ __. m. at the James A. Byrne United States Courthouse, 601 Market Street, Philadelphia, PA 19106, Courtroom 3A to consider whether the TIN and USG settlements are fair and should be approved. The Court will also consider whether to approve Plaintiffs' request to use up to $2.5 million of the TIN and USG settlement funds to pay ongoing litigation expenses. The hearing may be continued without further notice.

For each settlement of which you do not opt out, you may object to the terms of the settlement agreement or to Plaintiffs' request to utilize up to $2.5 million of the TIN and USG settlement funds to pay Plaintiffs' litigation expenses. Your objection must be in writing, include the caption of this litigation (provided on page 2 of this Notice), state the nature and grounds for your objection, be signed by you, and be **filed no later than** _____ [80 days from the date of the preliminary approval order] with the Clerk of Court, United States District Court for the Eastern District of Pennsylvania, James A. Byrne United States Courthouse, 601 Market Street, Philadelphia, PA 19106, with copies mailed to Settlement Class Counsel (addresses provided in Section 9 below). If you do not object to the proposed settlements or Plaintiffs' request to utilize up to $2.5 million of the TIN and USG settlement funds to pay Plaintiffs' ongoing litigation expenses, you do not need to appear at the hearing or take any other action at this time.

### EXCLUDING YOURSELF FROM THE SETTLEMENT CLASSES

### 7. How do I request exclusion from the Settlement Classes?

If you want to exclude yourself from either the TIN or the USG Settlement Class you must request exclusion in writing, in the form and by the date set forth below. The Court will exclude from the Settlement Classes all class members who submit valid and timely requests for

exclusion. If you ask to be excluded from the TIN Settlement Class, you will not be part of the TIN settlement, but you will preserve your right to file or maintain your own lawsuit against TIN, and you will not be bound by any judgment dismissing TIN from the lawsuit. If you ask to be excluded from the USG Settlement Class, you will not be part of the USG settlement, but you will preserve your right to file or maintain your own lawsuit against USG, and you will not be bound by any judgment dismissing USG from the lawsuit. You will not be able to collect money from any settlement from which you exclude yourself. Excluding yourself from either settlement will have no effect on your rights regarding Defendants other than TIN and USG.

To exclude yourself from a settlement class, you must send a written request for exclusion by mail to Clerk of the Court, c/o Domestic Drywall Class Administrator, _____. Your request for exclusion must include: (i) your name, the name of the direct purchaser of Wallboard, current business address, and signature; (ii) a statement that you want to be excluded, which must be specific as to the settlement(s) from which you want to be excluded (e.g., the TIN settlement, the USG settlement, or both); (iii) a statement that you are authorized to exclude the direct purchaser from the settlement(s); and (iv) a statement indicating from which Defendant(s) you directly purchased Wallboard. You must mail your exclusion request by First Class U.S. mail, postage paid, **postmarked no later than** _____ [80 days from date of preliminary approval order]. You cannot exclude yourself by phone or e-mail; your request must be in writing, signed, and sent by mail.

### 8. What is the difference between objecting and excluding?

Objecting is simply telling the Court that you do not like something about the settlement. You can object to a settlement only if you do not exclude yourself from that settlement class. Excluding yourself is telling the Court that you do not want to participate in the settlement. If you exclude yourself, you cannot object because the settlement no longer affects you.

### 9. What am I giving up to stay in the Settlement Classes?

By staying in the TIN Settlement Class you will give up your right to individually sue TIN for claims related to its alleged violations of the federal antitrust laws, as set forth in the Complaint. That means you cannot sue, continue to sue, or be part of any other lawsuit against TIN for the claims asserted in this lawsuit against TIN. It also means that all of the Court's rulings will apply to you with respect to TIN and legally bind you, whether favorable or unfavorable to the TIN Settlement Class.

By staying in the USG Settlement Class you will give up your right to individually sue USG for claims related to its alleged violations of the federal antitrust laws, as set forth in the Complaint. That means you cannot sue, continue to sue, or be part of any other lawsuit against USG for the claims asserted in this lawsuit against USG. It also means that all of the Court's rulings will apply to you with respect to USG and legally bind you, whether favorable or unfavorable to the USG Settlement Class.

## **THE LAWYERS REPRESENTING YOU**

### 10.     Do I have a lawyer in this case?

The Court appointed the following law firms to represent you and the other Settlement Class Members:

| | | |
|---|---|---|
| H. Laddie Montague, Jr.<br>Ruthanne Gordon<br>Michael C. Dell'Angelo<br>Candice J. Enders<br>BERGER & MONTAGUE, P.C.<br>1622 Locust Street<br>Philadelphia, PA  19103<br>Tel: (215) 875-3000<br>Email:  hlmontague@bm.net<br>           rgordon@bm.net<br>           mdellangelo@bm.net<br>           cenders@bm.net | Kit A. Pierson<br>Brent W. Johnson<br>David A. Young<br>COHEN MILSTEIN<br>SELLERS & TOLL PLLC<br>1100 New York Ave., N.W., Ste. 500<br>Washington, D.C.  20005<br>Tel:  (202) 408-4600<br>Email:  kpierson@cohenmilstein.com<br>           bjohnson@cohenmilstein.com<br>           dyoung@cohenmilstein.com | Eugene A. Spector<br>Jeffrey J. Corrigan<br>Rachel E. Kopp<br>Jeffrey L. Spector<br>SPECTOR ROSEMAN<br>KODROFF & WILLIS, P.C.<br>1818 Market Street, Ste. 2500<br>Philadelphia, PA  19103<br>Tel: (215) 496-0300<br>Email:  espector@srkw-law.com<br>           jcorrigan@srkw-law.com<br>           rkopp@srkw-law.com<br>           jspector@srkw-law.com |

These law firms are called Settlement Class Counsel.  These law firms have also been appointed by the Court as Interim Co-Lead Counsel in this lawsuit for the direct purchasers of Wallboard.  If you have questions concerning this Notice or the lawsuit, you may contact one of the law firms listed above.

### 11.     How will the lawyers be paid?

Settlement Class Counsel will seek payment of attorneys' fees and costs and expenses from any amounts obtained from the Defendants by way of judgment or settlement.  Settlement Class Counsel are not presently seeking an award of attorneys' fees from the settlement funds.  Any payment of fees must be approved by the Court.  Before any attorneys' fees are awarded to Settlement Class Counsel, you will be sent another notice and have the opportunity to object to the request and be heard by the Court.

In connection with the TIN and USG settlements, Settlement Class Counsel intend to seek authorization from the Court to use up to $2.5 million of the TIN and USG settlement funds to pay ongoing litigation expenses that have been incurred or that are incurred in the future for such things as economic experts, depositions, and document reproduction and review.  Settlement Class Counsel will make this request by _____ [65 days from the date of the preliminary approval order].  You may obtain a copy of this request at www._____ or you may contact Settlement Class Counsel at one of the addresses listed above if you would like a copy of this request.  As described above in Section 5, you may object to this request by filing an objection no later than _____ [80 days from the date of the preliminary approval order].

| 12. | If I stay in the Settlement Classes, may I enter an appearance in the action through an attorney at my own expense? |
|---|---|

If you stay in either of the Settlement Classes, you may, but do not have to, enter an appearance in the lawsuit through an attorney at your own expense.

## IF YOU DO NOTHING

| 13. | What happens if I do nothing at all? |
|---|---|

If you do nothing and the Court finally certifies the TIN Settlement Class as part of final approval of the TIN settlement, you will be part of the TIN Settlement Class, and your interests with respect to the claims in this lawsuit with respect to TIN will be represented by the Class Representatives and Settlement Class Counsel.  You will not be able to sue TIN individually for any claims related to its alleged violation of the federal antitrust laws.  You will be bound by all rulings made in this case as to TIN, whether favorable or unfavorable to the TIN Settlement Class.  You will be eligible to receive a distribution of money from the TIN settlement fund when it is distributed.

If you do nothing and the Court finally certifies the USG Settlement Class as part of final approval of the USG settlement, you will be part of the USG Settlement Class, and your interests with respect to the claims in this lawsuit with respect to USG will be represented by the Class Representatives and Settlement Class Counsel.  You will not be able to sue USG individually for any claims related to its alleged violation of the federal antitrust laws.  You will be bound by all rulings made in this case as to USG, whether favorable or unfavorable to the USG Settlement Class.  You will be eligible to receive a distribution of money from the USG settlement fund when it is distributed.

## GETTING MORE INFORMATION

| 14. | Are there more details available about the lawsuit? |
|---|---|

This Notice summarizes the lawsuit, the terms of the TIN and USG settlements, and your rights and options in connection with those settlements.  There are more details regarding the Plaintiffs' claims and the Defendants' defenses in the various documents filed with the Court.  This Notice, together with the Complaint, the TIN Settlement Agreement, the USG Settlement Agreement, and other documents relating to the settlements, are posted at _____.

You may also obtain copies of documents filed in the lawsuit through the Federal Court's Public Access to Court Electronic Records ("PACER") system with registration and payment of the required fee, or by contacting Settlement Class Counsel.

| 15. | How do I get more information? |
|---|---|

You may contact Settlement Class Counsel, visit www._____, or call 1-___-____-_____ for more information about this lawsuit.  PLEASE DO NOT CONTACT THE COURT.


DATED: _____, _____                    BY ORDER OF THE COURT:

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

# ENVELOPE

**IMPORTANT LEGAL DOCUMENT**

**NOTICE OF PROPOSED SETTLEMENTS OF DIRECT PURCHASER CLASS ACTION WITH TIN, INC., USG CORP., UNITED STATES GYPSUM CO., AND L&W SUPPLY CORP.**