# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DOMESTIC DRYWALL<br>ANTITRUST LITIGATION | MDL No. 2437<br>13-MD-2437 |
| THIS DOCUMENT RELATES TO:<br><br>ALL DIRECT PURCHASER ACTIONS | |

### [PROPOSED] FINAL JUDGMENT ORDER

Direct Purchaser Plaintiffs ("Plaintiffs"), individually and on behalf of a class of direct purchasers of gypsum wallboard (the "TIN Settlement Class"), and TIN, Inc. ("TIN") entered into a Settlement Agreement dated February 11th, 2015 (the "Settlement Agreement") to fully and finally resolve the TIN Settlement Class's claims against TIN (the "TIN Settlement"). On February 12th, 2015, Plaintiffs moved the Court for an order preliminarily approving the TIN Settlement, authorizing Plaintiffs to disseminate notice to the TIN Settlement Class members, and scheduling a hearing to determine whether the TIN Settlement is fair, reasonable and adequate and should be finally approved pursuant to Fed. R. Civ. P. 23(e). By order entered _____, 201\_ (the "Preliminary Approval Order"), the Court granted preliminary approval of the TIN Settlement, certified the TIN Settlement Class for purposes of sending notice to the TIN Settlement Class members, and authorized the Plaintiffs to disseminate notice of the TIN Settlement, the fairness hearing, and related matters to the TIN Settlement Class members. Notice has been provided to the TIN Settlement Class members and the appropriate governmental entities under the Class Action Fairness Act, pursuant to the Preliminary Approval Order. The Court held a hearing on the fairness of the TIN Settlement on _____, 201\_.

The Court has considered the Settlement Agreement, Plaintiffs' Motion for Final Approval of the Proposed Settlement with TIN, the arguments presented at the fairness hearing, and the entire record in this matter,

**AND NOW**, this ___ day of _____, 201_, it is hereby **ORDERED** that:

1. The Court has jurisdiction over the subject matter of this litigation.

2. Terms capitalized in this Final Judgment Order and not otherwise defined differently herein have the same meanings as they have in the Settlement Agreement.

3. The Preliminary Approval Order outlined the form and manner by which the Plaintiffs would provide the TIN Settlement Class members with notice of the TIN Settlement, the fairness hearing, and related matters. Individual notice by first class mail was sent to members of the TIN Settlement Class who could be identified through reasonable efforts, a summary notice was published once in LBM Journal, and the mailed and summary notices were posted on the Internet on a website dedicated to this litigation. Proof that mailing, publication and posting conformed with the Preliminary Approval Order has been filed with the Court. Due and adequate notice has been provided to the TIN Settlement Class members in compliance with Fed. R. Civ. P. 23, and the requirements of due process.

4. The settlement was entered into by Plaintiffs and TIN in good faith following an extensive investigation of the facts, and substantial discovery sufficient for experienced plaintiffs' counsel to evaluate the matter. It resulted from vigorous arm's-length negotiations, which were undertaken by counsel with significant experience litigating antitrust class actions.

5. Final approval of the settlement with TIN is hereby granted pursuant to Fed. R. Civ. P. 23(e) because it is fair, reasonable, and adequate to the TIN Settlement Class members. In reaching this conclusion, the Court considered: (1) the amount of the settlement payment; (2)

the cooperation to be provided by TIN to Plaintiffs; (3) the complexity, expense, and likely duration of the litigation; and (4) the TIN Settlement Class members' reaction to the settlement.

      6. The TIN Settlement Class provisionally certified by the Court in its Preliminary Approval Order is certified as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure for purposes of the settlement with TIN, and is comprised of all persons or entities that purchased wallboard in the United States directly from any of the Defendants or their subsidiaries from January 1, 2012 through November 30, 2014.  Excluded from the TIN Settlement Class are Defendants, the officers, directors, and employees of any Defendant, the parent companies, subsidiaries and affiliates of any Defendant, the legal representatives and heirs or assigns of any Defendant, any federal governmental entities and instrumentalities of the federal government, any judicial officer presiding over the Action, and any member of his or her immediate family and judicial staff.  In finally certifying the TIN Settlement Class the Court adopts and incorporates herein all findings made under Rule 23 in its Preliminary Approval Order.

      7. The Court's certification of the TIN Settlement Class is without prejudice to, or waiver of, the rights of the Defendants to contest certification of any other class proposed in MDL No. 2437.  The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any other class in MDL No. 2437 and no party may cite or refer to the Court's approval of the TIN Settlement Class as compelling the same result with respect to any motion to certify any other class in MDL No. 2437.

      8. The persons and entities identified on the attached Exhibit A have timely and validly requested exclusion from the TIN Settlement Class.  Those persons and entities are not included in or bound by this Final Judgment Order or the final judgment regarding TIN.

9. All of Plaintiffs' claims against TIN in the Direct Purchasers' Consolidated Amended Class Action Complaint and Demand for Jury Trial are dismissed with prejudice and without costs (except as provided for in the Settlement Agreement).

10. Plaintiffs and all members of the TIN Settlement Class who have not timely excluded themselves from the TIN Settlement Class (including all of their past and present, direct and indirect parents, subsidiaries and affiliates, and their past and present directors, officers, employees, stockholders, attorneys, representatives, parents, subsidiaries, affiliates, partners, and assignees of any claim that is subject to the Release) (collectively, "Releasors") are permanently barred and enjoined from prosecuting against TIN (and all of its current and former parents; the predecessors, affiliates, assigns, successors, and subsidiaries of any of the above; and any officers, directors, agents, representatives, employees, attorneys, heirs, executors, and administrators of each of the foregoing) (collectively, "Releasees") any and all claims, demands, actions, suits, injuries, and causes of action, damages of any nature, whenever or however incurred (whether actual, punitive, treble, compensatory, or otherwise) including, without limitation, costs, fees, expenses, penalties, and attorneys' fees, whether class, individual, or otherwise in nature, that Releasors, or any of them, ever had, now has, or hereafter can, shall, or may have, directly, representatively, derivatively or in any other capacity against the Releasees or any of them, whether known or unknown, suspected or unsuspected, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, asserted or unasserted, whether in law or equity or otherwise based in whole or in part or arising out of or relating in any way to any conduct, act or omission of the Releasees (or any of them) prior to and including November 30, 2014, concerning any of the facts, occurrences, transactions, agreements, conspiracies, communications, announcements, notices, or other matters alleged in the Action against TIN that

4

arise under any federal or state law, including, without limitation, the Sherman Act, 15 U.S.C. § 1 *et seq*. and any federal or state antitrust, unfair competition, unfair practices, price discrimination, unjust enrichment, unitary pricing or trade practice law, including but not limited to any causes of action asserted or that could have been or could still be alleged or asserted, in any class action complaints filed in this Action or related actions, which collectively includes, without limitation, any action transferred to this multidistrict litigation proceeding (the "Released Claims"). Releasees does not include any Defendant in the Action other than TIN, including any of other Defendants' current and former parents, their predecessors, affiliates, assigns, successors, subsidiaries, attorneys, and their officers, directors, agents, representatives, and employees in their capacity associated solely with other Defendants and not in association with TIN. Nothing herein shall release: (a) any claims based upon indirect purchases of Wallboard brought by prospective members of any class of indirect purchasers (the "Indirect Purchaser Class"); or (b) claims arising in the ordinary course of business for any product defect, breach of contract, or other contract, product performance or warranty claims relating to Wallboard.

11. Releasors have expressly waived and released any and all provisions, rights, and benefits conferred by Section 1542 of the California Civil Code, which states:

> <u>CERTAIN CLAIMS NOT AFFECTED BY GENERAL RELEASE.</u>
> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR;

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to Section 1542 of the California Civil Code. Each Releasor may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject of the provisions of Paragraph

10 of this Order, but each Releasor has expressly waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, contingent or non-contingent claim with respect to the subject matter of the provisions of Paragraph 10 of this Order, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

12. The Escrow Account into which TIN will deposit $5,200,000 along with any funds transferred from the federally insured interest-bearing bank account for the payment of notice and notice administration costs, plus accrued interest thereon, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

13. Neither the Settlement Agreement, nor any act performed or document executed pursuant to the Settlement Agreement, constitutes an admission of wrongdoing by any party in any civil, criminal, administrative, or other proceeding in any jurisdiction.

14. This Final Judgment Order does not settle or compromise any claims by the Plaintiffs against the other Defendants or any other person or entity other than TIN and the other Releasees, and all rights against any of the other Defendants or other person or entity have been specifically reserved by the Plaintiffs.

15. Without affecting the finality of this Final Judgment Order, the Court retains exclusive jurisdiction over: (a) the Final Judgment Order; (b) the Settlement Agreement; (c) any application for disbursement of the TIN Settlement Fund made by Interim Co-Lead Counsel; and (d) the Opt-Out Fee and Expense Account.

16. Pursuant to Fed. R. Civ. P. 54(b), the Court finds that there is no just reason for delay and directs the entry of final judgment as to TIN.

BY THE COURT:

_____
**MICHAEL M. BAYLSON, U.S.D.J.**