# EXHIBIT I

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: MICROCRYSTALLINE CELLULOSE ANTITRUST LITIGATION | Master File No. 01-CV-111 (O'Neill, J.)<br><br>MDL NO. 1402 |

[PROPOSED]
FINAL JUDGMENT ORDER

AND NOW, this 15th day of June, 2005, upon consideration of the Plaintiffs' Motion for Final Approval of Class Action Settlement with defendants Asahi Kasei Corporation, formerly known as Asahi Chemical Industry Co., Ltd., and Asahi Kasei Chemicals Corporation ("Asahi"), after a duly-noticed final approval hearing held on 15th June, 2005, and the Court expressly finding, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, the Court expressly directs the entry of the following Final Judgment as to defendant Asahi:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The Court finds that due and adequate notice was provided of the settlement with Asahi, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to all members of the Classes certified by Order of the Court dated August 13, 2003. The notice provided was the best notice practicable under the circumstances and included individual notice by first class mail to all members of the Classes who could be identified through reasonable effort and notice published in *The Pink Sheet*, *The Tan Sheet* and in *Food Technology*. The Court finds and concludes that the notice provided fully complied in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process. Moreover, the Court's prior notice dated February 19, 2004

allowing Class members to opt out met all of the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

2. The Court finds that the Class members identified on Exhibit A hereto, and no others, have timely requested to be excluded from the Class and accordingly are not included in or bound by the Final Judgment being entered pursuant to this Order.

3. The Court finds that the Agreement of Settlement between Class Plaintiffs and the Classes, on the one hand, and Asahi on the other, is fair, reasonable and adequate. A copy of the Agreement of Settlement is attached hereto as Exhibit B. The Agreement of Settlement is hereby approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

4. All claims of Class Plaintiffs and the Classes which were asserted against Asahi in the Consolidated and Amended Class Action Complaint as well as in the individual actions included in MDL Docket No. 1402 ("Actions") are dismissed with prejudice, with each party to bear its own costs (except as provided for in the Agreement of Settlement).

5. Class Plaintiffs and any and all members of the three Classes who have not excluded themselves in a timely manner from the Classes pursuant to the Notice of Pendency dated February 19, 2004 and their respective past and present parents, subsidiaries and affiliates ("Releasors"), or any one of them, whether or not they object to the settlement and whether or not they make a claim or participate in the Fund, completely release, acquit, and forever discharge Asahi and its past and present officers, directors, employees, attorneys, parents, subsidiaries, affiliates, divisions and any of their legal representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing ("Releasees") from any and all claims, demands, actions, suits, and causes of action, damages whenever incurred, liabilities of any nature, including costs, expenses, penalties and attorneys' fees, known or unknown, suspected or unsuspected, in law or equity,

whether class, individual, or otherwise in nature that Releasors, or any one of them, ever had, now has, or hereafter can, shall, or may have directly, representatively, derivatively or in any other capacity against the Releasees or any of them, on account of, arising out of, relating to, or resulting from the purchase of MCC in the United States during the Class Period based in whole or in part on the facts, occurrences, transactions or other matters alleged in the Complaint or otherwise the subject of this litigation, which arise under any federal or state antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, trade practice, or civil conspiracy law, including, without limitation, the Sherman Antitrust Act, 15 U.S.C. § 1 et seq. (the "Released Claims"). The Class Actions shall be dismissed against the Releasees with prejudice and without costs to the Releasees. Each Releasor also waives California Civil Code Section 1542 and similar provisions in other states. The provisions of this release apply, regardless of the provisions of Section 1542 or any equivalent, similar, or comparable present or future law or principle of law of any jurisdiction. Each Releasor may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims that are the subject matter of this paragraph, but each Releasor hereby expressly and fully, finally and forever waives, relinquishes, and forever settles and releases any and all rights and benefits existing under (i) Section 1542 or any equivalent, similar or comparable present or future law or principle of law of any jurisdiction and (ii) any law or principle of law of any jurisdiction that would limit or restrict the effect or scope of the provisions of the release set forth above. Each Releasor also expressly waives and fully, finally and forever settles any claims it may have against Releasees or any of them under California Business and Professions Code § 17200 et seq. Nothing in this Order shall: (i) limit the right of any member of the Classes that has not previously excluded itself from the Classes in accordance with the Court's Notice of Pendency dated February 19, 2004 to submit a claim and participate in the settlement; (ii) affect the

rights of any person to participate in or benefit from any relief or other recovery as part of a settlement or judgment on behalf of any direct purchaser(s) of microcrystalline cellulose; (iii) constitute a release of any claim arising from a purchase of microcrystalline cellulose outside the United States; or (iv) be deemed to settle or compromise any claim against Defendant FMC Corporation or its affiliates. All rights against Defendant FMC Corporation or its affiliates are specifically reserved.

6. Except as provided in the Agreement of Settlement, Asahi shall have no obligation for attorneys' fees, incentive awards to plaintiffs, costs or expenses, including but not limited to expenses of administering and distributing the Settlement Fund, which expenses are to be, or may already have been, paid out of settlement funds subject to further order of this Court.

7. In addition, after the Final Settlement Date, Class Plaintiffs may use up to $2.5 million of the Fund to pay such expenses as may reasonably be incurred in the prosecution of the Class Actions, including reimbursement of expert expenses incurred or paid by Class Counsel after the date of execution of the Settlement Agreement, subject to an accounting to the Court at the time of the final resolution of the Class Actions, and, at a later date, Class Plaintiffs shall apply to the Court for, and Asahi shall not oppose, an order authorizing the payment of counsel's fees from the Fund, in an amount to be determined by the Court.

8. Nothing in this Final Judgment Order or the Agreement of Settlement and no aspect of the settlement or negotiation thereof is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Asahi or of the truth of any of the Class Plaintiffs' allegations, and evidence thereof shall not be discoverable or used, directly or indirectly, in any way, whether in any of the Actions or in any other action or proceeding other than to enforce the terms of this Final Judgment Order or the Agreement of

4

Settlement.

9. Without affecting the finality of this judgment in any way, this Court hereby retains continuing jurisdiction for the purposes of implementing, effectuating, and enforcing the Agreement of Settlement.

10. Terms used in this Final Judgment Order that are defined in the Agreement of Settlement are, unless otherwise defined herein, used in this Final Judgment Order as defined in the Agreement of Settlement.

Dated: 6/15, 2005

Thomas N. O'Neill, Jr.
Senior United States District Judge