# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: DOMESTIC DRYWALL ANTITRUST LITIGATION**  **THIS DOCUMENT RELATES TO:** All Actions | MDL No. 2437  13-MD-2437 |

## MEMORANDUM AND ORDER RE DISPUTE OVER ATTORNEY/CLIENT PRIVILEGE

**Baylson, J.**                                                                                                          **June 17, 2015**

After plaintiffs filed a motion to compel production of documents as to which defendant Certainteed had claimed a privilege (ECF 213, 228), and defendant responded (ECF 221), the Court held extensive argument on June 16, 2015.

To summarize, the dispute centers on two internal Certainteed documents dated September 28, 2011 and November 11, 2011, both of which concern Certainteed pricing practices. A Certainteed in-house lawyer was involved in the preparation of these documents.

Certainteed produced some documents related to these two principal documents, but other documents, which may be related, were identified as privileged on the Certainteed privilege log and have not been produced.

This dispute came to a head when a Certainteed expert witness relied on the two documents as part of his opinion in this case.

At the hearing, the Court reviewed Federal Rule of Evidence 502, and also the general principle of fair discovery in an antitrust case alleging a price-fixing conspiracy, that if a party produces a "conclusory" document stating a firm's practice or policy, underlying documents prepared in the defendant's organization on the same topic should also be produced.

After considerable discussion, the Court determined that a formal ruling on the motion would be delayed pending further exchanges of information between counsel and possibly involving submission of certain documents on Certainteed's privilege log to the Court for *in camera* review. It is therefore **ORDERED** as follows:

1. By July 8, 2015, plaintiffs will designate to Certainteed counsel those entries on the Certainteed privilege log dated between September 20 and November 11, 2011, that plaintiffs believe may relate to this issue.

2. By July 31, 2015, in response to each of plaintiffs' designations, defendant will either (a) produce the document in full, without otherwise waiving the attorney/client privilege, or (b) produce certain parts of the document that do not contain privileged communications but continue the designation of other parts of the document as privileged and increase the description of the document on the privilege log, or (c) withhold the entire document as privileged and increase the description of the document on the privilege log.

3. As to those documents or parts thereof designated by plaintiffs which Certainteed continues to maintain as privileged, the non-produced parts shall be submitted to the Court for *in camera* review by August 5, 2015.

**BY THE COURT:**

**/s/ Michael M. Baylson**
_____
**MICHAEL M. BAYLSON, U.S.D.J.**

O:\13-MD-2437 - drywall\13md2437.memo.order.privilege..docx