Kelly Hortiz Kress, Esq.
P.O. Box 6525
St. Louis, MO 63125

June 27, 2015

Clerk of Court
United States District Court
for the Eastern District of Pennsylvania
James A. Byrne United States Courthouse
601 Market Street
Philadelphia, PA 19106

**Re:**

## IN THE UNITED STATES DISTRIC COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**IN RE: DOMESTIC DRYWALL**         **MDL No. 2437**
**ANTITRUST LITIGATION**            **13-MD-2437**

**THIS DOCUMENT RELATES TO:**

**ALL INDIRECT PURCHASER ACTIONS**

To Whom This May Concern:

I am a member of this class, having purchased wallboard during the class period in question, in the State of Missouri.  I am objecting to this proposed settlement, and I also object to Class Counsel's request to use 2.5 Million of the settlement funds to pay "litigation expenses" related to their efforts at litigating against the non-settling defendants in this case.

I also object that you are treating the class members differently who decide to exclude themselves from those that object to the settlement.  I'm supposed to get this letter to you on June 30th, whereas the persons that exclude themselves only have to get their letter postmarked by such date.  It places more of a burden on people such as myself to mail their objection much earlier, or take the time and money to pay a courier (which I have done in this instance) to insure that the letter arrives on June 30th.

I object on the basis that you (class counsel) are withholding payment to the class, while at the same time you are petitioning the Court to allow you to take a portion of that payment to fuel your remaining lawsuits against the remaining defendants.  I believe that class counsel should be required to tell the class

members how much they are to receive, and approximately when they will receive it. In the alternative, they should disseminate the settlement proceeds now that have been collected from TIN and USG to that class members receive the benefit of such settlements now, and not years from now.

How much of this settlement is attorney's fees? The Long Form Notice doesn't explain that, and such issue is equally murky, and is objectionable. What percentage of the money collected from these defendants is earmarked as attorney's fees? That is also unknown, and objectionable. I have the right to object at a later time to the specific amount of the attorney's fees, once such information is revealed to the class members.

I also object that class counsel has not revealed to the class members that the amount agreed upon to be paid by USG is reduced if another Defendant receives a more favorable settlement (Paragraph 57 and 58, "Most Favored Nations", Settlement Agreement with USG). Class Members should be informed of this, and class counsel has disguised the fact that the amount could be reduced if another Defendant receives a better "deal" than USG received. This would mean that if another Defendant pays more money into the Settlement Fund, then USG would pay less. Class Counsel should disclose this omitted fact in their Long Form Notice.

Please also accept my letter as preserving my right to object to the amount(s) provided to the class members, once such information is revealed.

Sincerely,

Kelly Hortiz Kress

Kelly Hortiz Kress


cc:

BLOCK & LEVITON LLP
155 Federal Street
Suite 400
Boston, MA 02110

FINKELSTEIN THOMPSON
LLP
1077 30th Street, NW
Suite 150
Washington, DC 20007

GREEN & NOBLIN, PC
700 Larkspur Landing Circle,
Suite 275
Larkspur, CA 94939