IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DOMESTIC DRYWALL ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | MDL No. 2437<br><br>13-MD-2437 |

**MEMORANDUM**

**Baylson, J.**                                                                                                               **August 20, 2015**

The Court held argument on May 20, 2015 concerning the plaintiffs' motion to compel defendants to produce judgment sharing agreements. A fair summary of the dispute about this issue is that the plaintiffs did not initially pursue this discovery as part of Phase I discovery, which concerned whether there was a legal agreement to fix prices. However, subsequently, plaintiffs have contended that these agreements should be produced, particularly after two of the defendants reached settlement agreements with plaintiffs.

The Court ordered defense counsel to bring the judgment sharing agreements to the hearing for *in camera* inspection, which took place during the hearing.

The Court also held an *ex parte* sidebar with defense counsel during which the Court recommended that one portion of the judgment sharing agreement should likely be produced to the plaintiffs, concerning the fact that the agreement did not restrict any defendant from individually settling with the plaintiffs. Defense counsel agreed to advise the Court and plaintiffs within fourteen (14) days whether this would be done voluntarily. By letter dated June 3, 2015, liaison counsel for defendants advised the Court that defendants had disclosed this provision as suggested.

The Court also noted that the judgment sharing agreements were dated in February and April, 2015, at least two years after the end of the relevant time period for Phase I of discovery. It was therefore unlikely that they could be relevant as to whether any agreement to fix prices had been made by any one or more of the defendants.

At the end of the hearing, the Court indicated that it would likely withhold ruling on this issue until plaintiffs had filed a response to the summary judgment motions, and plaintiffs were welcome to explain further in their summary judgment briefing why these documents might be relevant at this time.

Plaintiffs filed their response to the summary judgment motions on July 2, 2015. Although the Court is still reviewing the voluminous filings, Plaintiffs do not appear to have included additional arguments regarding the judgment sharing agreements, at least not prominently.

Under the circumstances, the Court concludes that the judgment sharing agreements are not relevant at this stage of the case. Plaintiffs' motion will be denied, without prejudice to Plaintiffs raising this issue again if another phase of discovery occurs after the Court reaches a decision on the summary judgment motions.

An appropriate order follows.

O:\13-MD-2437 - drywall\13md2437.memo.mtc.JSAs.08.19.2015.docx