IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DOMESTIC DRYWALL ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>All Direct Purchaser Actions<br>All Indirect Purchaser Actions | MDL No. 2437<br>13-MD-2437 |

**MEMORANDUM**

**Baylson, J.**                                                                                              June 3, 2016

      Plaintiffs and Defendants have submitted memoranda in response to the Court's Order dated May 20, 2016, which evaluated Defendants' Motions to Certify the Court's February 2016 Summary Judgment Order for Interlocutory Appeal under 28 U.S.C. § 1292(b). This Court concluded that Defendants had satisfied their statutory burden. To aid the Court in reaching a decision about whether and how to exercise its discretion, the Court asked the parties to express their preference as to whether the Court should certify its February 2016 Order for appeal now, or delay the decision until this Court makes a decision on Plaintiffs' Motion for Class Certification.

      The Plaintiffs, understandably, urge the Court to withhold certification, arguing that an appellate rejection of this Court's decision upholding the Plaintiffs' conduit theory would not make any difference in the decision denying summary judgment, particularly now that LaFarge, the defendant for which this issue may be very important, has now agreed to a settlement with at least the Direct Purchasers.

      Defendants have effectively argued, given the Court's conclusion that the statutory prerequisites have been satisfied, certification at this time would be appropriate. Prompt certification would allow the Third Circuit to decide for itself whether to hear argument on the

conduit theory in this case, along with its anticipated consideration of the same theory in the *Vaspar* litigation. The Third Circuit would also then be able to decide whether to make that decision without waiting for this Court's decision on the class-action issue.

In its last Order, this Court determined that the statutory prerequisites for interlocutory appeal were satisfied. (ECF 384) Today, the Court determines that it should exercise its discretion to certify the Order for interlocutory appeal because a resolution of the conduit-theory issue may simplify issues going forward. Finally, the Court also determines today that it should exercise its discretion promptly rather than wait for resolution of the class certification. Although the question is a close one, this Court has decided to certify the Order presently because doing so will give the Third Circuit discretion to decide, as the appellate court, whether to allow the interlocutory appeal at this time, reject the appeal completely, or postpone a decision until after this Court's decision on the class certification.

Thus, for the reasons stated above, the Court will certify its February 2016 Summary Judgment Order for interlocutory appeal. Although the Court recognizes that it is the Order and not a specific question that is certified, the question the Court would ask the Third Circuit to address is: May a fact finder conclude that an antitrust conspiracy exists by relying in part on circumstantial evidence that indicates that defendants communicated through a middle-man, or conduit, even though that middle-man is not alleged to have been a knowing participant in the conspiracy?

An appropriate Order follows.

O:\13-MD-2437 - drywall\13md2437 Memorandum re Certifying Class 06022016v2.docx