IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DOMESTIC DRYWALL ANTITRUST LITIGATION | MDL No. 2437<br>13-MD-2437 |
| THIS DOCUMENT RELATES TO:<br><br>Indirect Purchaser Actions | |

### MEMORANDUM RE: PROPOSED INTERVENORS' MOTION TO INTERVENE

**Baylson, J.**                                                                                                                    **August  18   , 2016**

## I.  Introduction

This multidistrict litigation involves claims by drywall purchasers that domestic drywall manufacturers agreed to fix prices and eliminate job quotes in violation of state and federal antitrust laws. Presently before the Court is a Motion to Intervene as Additional Class Representatives in the Indirect Purchaser Class Actions. ECF 402. This Motion was filed by seven indirect purchasers of drywall ("Proposed Intervenors") and relates only to the Indirect Purchaser Action within the MDL.

For the reasons that follow, Proposed Intervenors' Motion is GRANTED.

## II.  Background

Indirect Purchasers' First Amended Consolidated Class Action Complaint (the "Complaint") asserts antitrust claims under the Sherman Act and under state laws. ECF 21. It is well settled that Indirect Purchasers lack standing to sue under the laws of states in which they do not reside or did not purchase drywall. *In re Suboxone Antitrust Litig.*, 64 F. Supp. 3d 665, 692-94 (E.D. Pa. 2014). The Complaint seeks certification of twenty-nine "Indirect Purchaser

State Subclasses," but the Complaint itself names class representatives for only eight subclasses. ECF 21 ¶ 21-30. Two of these eight representatives have now withdrawn. ECF 406.

Based on the Complaint, more than half of Indirect Purchasers' state-law claims are insufficient for lack of representation. Thus, Indirect Purchasers need a class representative for each subclass for which they seek certification. Through the instant Motion, Indirect Purchasers seek to add seven new class representatives from five different states.

### III. Procedural History

Early in the litigation, Indirect Purchasers and Defendants agreed to a phased litigation. Phase I involved the single issue of whether Defendants entered an agreement to fix the price of drywall and eliminate job quotes. No part of Phase I involved consideration of Indirect Purchasers' state-law claims. This Court having largely denied Defendants' Summary Judgment Motion in Phase I, this litigation has now reached Phase II, which concerns class certification, which is closely tied to the sufficiency of Indirect Purchasers' state-law claims.

Proposed Intervenors filed the instant motion on the date this Court ordered as the "[d]eadline for filing a motion to intervene additional plaintiffs and proposed class representatives." ECF 367 at 3.[1]

---

[1] Defendants argue that they "agreed to that deadline without prejudice to their right to object to the motion on any grounds, including timeliness," and that "[b]y the time [Indirect Purchasers'] counsel approached Defendants about including the deadline in the pretrial order, any attempt to intervene was already untimely, and Plaintiffs cannot rely on the order to resurrect a right to intervene that had already expired." ECF 418 at 6 n.7. Thus, the parties dispute the weight that should be given to the fact that Proposed Intervenors filed on the deadline. Suffice it to say that this Court does not believe that Proposed Intervenors are relying on the Order to resurrect an expired right to intervene. This litigation has been structured such that the right to intervene did not expire during Phase I of the proceedings.

**IV.     Legal Standard**

Proposed Intervenors argue that they are entitled to intervene as of right under Federal Rule of Civil Procedure 24(a), or alternatively, that this Court should grant Proposed Intervenors permissive intervention under Rule 24(b)(1). Because this Court is granting the Motion pursuant to permissive intervention, this Court need not consider the arguments regarding and legal standards governing intervention as of right.

A court may grant permissive intervention upon concluding that the applicant's motion is timely made and the applicant "has a claim or defense that share with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). If the court determines that the requirements are met, the decision to grant or deny permissive intervention is within the discretion of the court. *In re Safeguard Scientifics*, 220 F.R.D. 43, 49 (E.D. Pa. 2004).

**V.      Discussion**

As explained below, this Court finds that Proposed Intervenors' Motion is timely, that Proposed Intervenors' claims have common questions of law and fact with the main action, and that the intervention will not unduly delay or prejudice the adjudication of the original parties' rights. Based on these findings and because of principles of fairness, this Court will exercise its discretion to permit intervention by Proposed Intervenors.

   **A.     Timely**

The timeliness of a Motion to Intervene is governed not by a clock but by "the totality of the circumstances." *Id.* at 46-47. In evaluating the timeliness of such a motion, a court should consider "(1) the stage of the proceedings . . . ; (2) the possible prejudice caused to other parties

3

by delay;; and (3) the reason for delay." *Id.* at 47. Based on these considerations, the Court finds Proposed Intervenors' Motion timely.

As to the first prong, substantial action has taken place in this case, but almost all of it has been related to whether Defendants entered an agreement. Thus, this Court finds that the proceedings have not advanced so far that intervention would be improper.

The Court also finds that Defendants will not experience prejudice because of the timing of this motion. As of yet, Defendants have not advanced any arguments related to the state-law claims of Proposed Intervenors. Defendants have advanced arguments related to Proposed Intervenors' federal antitrust claims, but Proposed Intervenors have stated an intention to be bound by all this Court's prior rulings in this case. ECF 407. Thus, Proposed Intervenors are not getting a "second bite at the apple" over any issues that have already been addressed by the Court. Rather, they are intervening in time for the Court to consider the merits of Indirect Purchasers' state-law claims and requests for class certification.

As to the third prong, although Proposed Intervenors could have filed the motion earlier, doing so could have been futile and a waste of both party and judicial resources. If the Proposed Intervenors had filed this Motion earlier, they would have injected Phase II issues into the first phase of litigation. This would have undermined the purpose of having a phased litigation. Thus, the third factor counsels in favor of timeliness

This Court is unpersuaded by Defendants' arguments that Proposed Intervenors' Motion is untimely. Defendants make much of the fact that Proposed Intervenors have waited until three years into the litigation to file the instant motion. Defendants are correct that major substantive proceedings have already occurred, but they ignore that these substantive proceedings have not been related to the state-law claims. Had substantial activity occurred related to the state-law

claims or class certification, the Court might agree with Defendants that it is too late in the game to add representatives. But it appears to this Court that Indirect Purchasers have waited until the appropriate time to make the instant motion under the circumstances of this case. This Court worked with the parties to create a phased discovery schedule, which has resulted in phased litigation. We are just now at the phase where class representation is being addressed by the parties and the Court.

Defendants argue that they will be greatly prejudiced by this intervention because it will permit Indirect Purchasers to move forward with claims despite the current complaint being obviously deficient as to those claims. But the sword of timeliness cuts both ways. If it was so obvious that Indirect Purchasers' state-law claims were deficient, Defendants had the opportunity to file a Motion to Dismiss those portions of the Complaint.[2] It would seem unfair at this stage to say that Indirect Purchasers should have cured a defect earlier when Defendants failed to challenge the defect until they responded to this motion and when the issues impacted by this intervention have not yet been addressed in the litigation.

Defendants argue additionally that, should the Court grant the instant motion, Defendants would need to respond to Proposed Intervenors' proposed complaint and analyze a number of new claims and allegations, "potentially leading to another round of motions to dismiss." ECF 418 at 5. They are correct that this may be required. However, this Court believes that now is the appropriate time for such action given the phased proceeding. Thus, the Court is unpersuaded by this fact.

For the foregoing reasons, the Court finds the instant motion timely.

---

[2] In fact, Defendants did file a Motion to Dismiss in the Homebuilder Action within this MDL, lobbing multiple attacks on the sufficiency of those plaintiffs' state-law claims.

### B. Common Questions of Law & Fact

It can hardly be disputed that the Proposed Intervenors' claims involve common questions of law and fact as the main action. Proposed Intervenors are individuals who allege identical injuries as the already named indirect purchaser plaintiffs: "overpayment for the wallboard they purchased resulting from defendants' artificially high prices." ECF 402-1 at 7. Their interests are directly related to the claims in this litigation.

### C. Undue Delay & Prejudice

The Court also finds that the intervention will not unduly delay or prejudice the adjudication of the original parties' rights. The parties are just now reaching the issues that this intervention will impact. The intervention may cause the parties to expend more time litigating the Proposed Intervenors' claims, but this delay is not undue. Rather, the Court envisioned that such time would need to be spent ironing out these issues at this stage.

The addition of the intervenors will likely make viable claims that are not viable based on the current complaint. However, Defendants have always been on notice of these claims. They cannot now honestly argue unfair surprise or prejudice at having to defend claims that have always existed within the Complaint.

### D. Discretion

The Court will exercise its discretion to permit the intervention. Based on the phased nature of the proceedings, permitting the intervention is fair even at this late date.

## VI. Conclusion

An appropriate order follows.

O:\13-MD-2437 - drywall\13md2437 Memo Intervenors 8.17.16.docx