IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DOMESTIC DRYWALL ANTITRUST LITIGATION | MDL No. 2437<br>13-MD-2437 |
| THIS DOCUMENT RELATES TO:<br><br>ALL DIRECT PURCHASER ACTIONS | |

**DIRECT PURCHASER PLAINTIFFS' SECOND RENEWED MOTION FOR AUTHORIZATION TO UTILIZE A PORTION OF THE USG AND TIN SETTLEMENT FUNDS FOR ONGOING LITIGATION EXPENSES**

Settlement Class Counsel for the Direct Purchaser Plaintiffs[1] ("Settlement Class Counsel") respectfully submit this second renewed motion for authorization to utilize a portion of the funds from the TIN Settlement and the USG Settlement to pay ongoing litigation expenses that have been incurred.[2] Settlement Class Counsel previously requested authorization to utilize $2,500,000.00 from the Settlement Funds for that purpose and provided Settlement Class Members with notice of that request in spring 2015. *See, e.g.,* Direct Purchaser Plaintiffs' Motion for Final Approval of Settlements with TIN, Inc. and USG Corporation, United States Gypsum Company, and L&W Supply Corporation and Request for Authorization to Utilize Up to $2,500,000 of the Settlement Funds for Ongoing Litigation Expenses (Doc. No. 218) and Exhibit 3 thereto (Doc. No. 218-4). There were no objections to Settlement Class Counsel's request.

In its August 20, 2015 Order re DPP Settlement Class Counsel's Request to Utilize Settlement Funds for Ongoing Litigation Expenses, this Court partially granted Settlement Class

---

[1] Direct Purchaser Plaintiffs are referred to herein as "Plaintiffs."

[2] As before, any portion of the Settlement Funds approved by the Court to be utilized for ongoing litigation expenses will not be used to reimburse Interim Co-Lead Class Counsel for any payments previously made.

1

Counsel's request, authorizing the use of $1,811,896.00 to pay outstanding expert costs that had been incurred but not yet paid. *See* Doc. No. 275. As ordered, those outstanding expert costs were paid proportionately from the TIN and USG Settlement Funds such that $213,763.01 from the TIN Settlement Fund was utilized and $1,598,132.99 from the USG Settlement Fund was utilized. In its Order, this Court stated that "[a]fter the Court rules on the pending summary judgment motions, and if this case then proceeds against one or more remaining Defendants, Counsel may reapply for permission to use more of the settlement funds for litigation expenses." *Id.*

This Court has since denied the summary judgment motions filed by four of the five then-remaining Defendants.[3] *See* Order dated February 18, 2016 (Doc. No. 352). Subsequent to that decision, on March 15, 2016, Settlement Class Counsel filed a renewed request to utilize $688,104.00 from the Settlement Funds (the balance of the original $2,500,000.00) for ongoing litigation expenses, including expert services relating to class certification and trial preparation. *See, e.g.,* Direct Purchaser Plaintiffs' Renewed Motion for Authorization to Utilize a Portion of the USG and TIN Settlement Funds for Ongoing Litigation Expenses (Doc. No. 357). On April 13, 2016, this Court denied Direct Purchaser Plaintiffs' Motion without prejudice, but "invite[d] these Plaintiffs to file a renewed motion after … secur[ing] further details about the costs … to be reimbursed." *See* Order dated April 13, 2016 (Doc. No. 371). In the memorandum accompanying that Order, the Court instructed Plaintiffs that it would "approve future motions seeking reasonable

---

[3] Plaintiffs have since settled with one of those remaining Defendants, Lafarge North America Inc. ("Lafarge") for $23 million. This Court preliminarily approved that settlement on July 18, 2016. *See* Order Granting Preliminary Approval of Direct Purchaser Plaintiffs' Proposed Settlement with Defendant Lafarge North America Inc.; Certifying the Lafarge Settlement Class for the Purpose of Providing Notice; and Authorizing Dissemination of Notice to the Lafarge Settlement Class Members (Doc. No. 427). As ordered, Plaintiffs intend to file for final approval of that agreement on October 3, 2016. *Id.* at ¶ 19. While that Order provides that Settlement Class Counsel may also file a request to utilize up to $1 million from the Lafarge settlement fund for ongoing litigation expenses on October 3, *see id.*, Settlement Class Counsel will not be making such a request at that time. Instead, Settlement Class Counsel may file such a request at a later date should they determine that such a request is necessary.

reimbursement of expert costs so long as Plaintiffs include some specificity (which may be submitted *in camera*)" on the expenses incurred and if Plaintiffs "demonstrate" that they "cooperated" with the Indirect Purchaser Plaintiffs to "economize [] the use of experts," though the Court recognized that "to some extent, cooperation may not be possible." *See* Memorandum re: Class Plaintiffs' Motions for Use of Settlement Funds (Doc. No. 370) at 4.[4]

Consequently, Settlement Class Counsel renew their request that the Court permit the use of $688,104.00 from the Settlement Funds (the balance of the original $2,500,000.00) for ongoing litigation expenses; specifically for expert services relating to class certification, as outlined in the letter Settlement Class Counsel is submitting *in camera* to the Court simultaneously with this motion. As before, said funds would be paid proportionately from the TIN and USG Settlement Funds ($81,180.81 from the TIN Settlement Fund; $606,923.19 from the USG Settlement Fund).

Dated:  September 26, 2016               Respectfully Submitted,

 /s/ H. Laddie Montague, Jr.                 /s/ Jeffrey J. Corrigan
H. Laddie Montague, Jr.                      Eugene A. Spector
Ruthanne Gordon                              Jeffrey J. Corrigan
Michael C. Dell'Angelo                       Rachel E. Kopp
Candice J. Enders                            Jeffrey L. Spector
BERGER & MONTAGUE, P.C.                      SPECTOR ROSEMAN
1622 Locust Street                           KODROFF & WILLIS, P.C.
Philadelphia, PA  19103                      1818 Market Street, Suite 2500
Tel:  (215) 875-3000                         Philadelphia, PA  19103
Email:  hlmontague@bm.net                    Tel:  (215) 496-0300
            rgordon@bm.net                   Email:  espector@srkw-law.com
            mdellangelo@bm.net                           jcorrigan@srkw-law.com
            cenders@bm.net                               rkopp@srkw-law.com
                                                         jspector@srkw-law.com

---

[4] Although Settlement Class Counsel have worked closely and cooperatively with Indirect Purchaser Plaintiffs' counsel, with regard to Plaintiffs' expert costs relating to class certification, there was limited opportunity for cooperation between the Plaintiffs' expert and the Indirect Purchaser Plaintiffs' expert(s). This is due to the diverging class certification schedules and the limited overlap between the questions about which the experts will testify. *See, e.g.,* Indirect Purchaser Plaintiffs' Motion for an Order Authorizing the Disbursement from the USG and TIN Settlement Funds for Specified Incurred Litigation Expenses (Doc. No. 455), at 3-4.

 /s/ Kit A. Pierson
Kit A. Pierson
Brent W. Johnson
David A. Young
COHEN MILSTEIN
SELLERS & TOLL PLLC
1100 New York Ave., NW, Suite 500
Washington, DC  20005
Tel:  (202) 408-4600
Email: kpierson@cohenmilstein.com
        bjohnson@cohenmilstein.com
        dyoung@cohenmilstein.com

*Settlement Class Counsel for the Direct Purchaser Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2016, Direct Purchaser Plaintiffs' Second Renewed Motion for Authorization to Utilize a Portion of the USG and TIN Settlement Funds for Ongoing Litigation Expenses was served upon all counsel of record *via* ECF.

/s/ Jeffrey J. Corrigan
Jeffrey J. Corrigan