IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DOMESTIC DRYWALL ANTITRUST LITIGATION | MDL No. 2437<br>13-MD-2437 |
| THIS DOCUMENT RELATES TO:<br>Indirect Purchaser Actions | |

### (PROPOSED) ORDER GRANTING PRELIMINARY APPROVAL OF IPP SETTLEMENT, CERTIFICATION OF CLASS FOR SETTLEMENT PURPOSES, AND APPROVAL OF CLASS NOTICE

Upon consideration of the Indirect Purchaser Plaintiffs' Motion for Preliminary Approval of the Proposed Settlement with Defendant Lafarge North America Inc. and Authorization to Disseminate Notice to the Lafarge Settlement Class Members (the "Motion"),

WHEREAS, this multidistrict litigation involves allegations of a conspiracy in restraint of trade among manufacturers of gypsum wallboard, including Lafarge North America Inc. ("Lafarge"); and Defendants, including Lafarge, deny liability and deny the existence of any conspiracy in violation of the Sherman Act or any other law; and

WHEREAS, discovery has proceeded on issues relating to whether the Defendants conspired, and Indirect Purchaser Plaintiffs ("Plaintiffs") have had an opportunity to review extensive document productions, numerous depositions in this matter, and the Court's summary judgment ruling as to Lafarge and other Defendants; and

WHEREAS, Lafarge denies any wrongdoing or liability relating to any of the allegations made by Plaintiffs, and it is agreed among Lafarge and Plaintiffs that the Settlement Agreement shall not constitute, and shall not be construed as or deemed to be evidence of or an admission of any fault, wrongdoing, or liability by Lafarge or any other person or entity; and

1

WHEREAS, the Court has considered the Settlement Agreement, the proposed forms of Notice, and the other documents submitted in connection with Plaintiffs' request for preliminary approval of the Settlement Agreement, certification of the Settlement Classes set forth in the Settlement Agreement (the "Lafarge Settlement Class") for the purposes of settlement only, and appointment of counsel for the Lafarge Settlement Class, and good cause appearing therefore;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. The Motion is GRANTED.

2. Terms used in this Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used in this Order as defined in the Settlement Agreement.

**Preliminary Approval of the Lafarge Settlement**

3. The Court finds that: (a) the proposed Settlement with Lafarge, as set forth in the Settlement Agreement, is sufficiently fair, reasonable and adequate to authorize the dissemination of notice of the Settlement to potential members of the Lafarge Settlement Class and to schedule a fairness hearing to determine whether to grant final approval of the proposed Lafarge Settlement under Fed. R. Civ. P. 23(e); (b) the Settlement Agreement was negotiated at arm's-length by experienced counsel acting in good faith; and (c) there has been adequate opportunity for discovery for experienced counsel to evaluate the claims and risks at this stage of the litigation.

4. The Court finds that preliminary approval is appropriate and hereby grants preliminary approval of the Settlement subject to final determination following notice and hearing.

**Certification of the Lafarge Settlement Class, Appointment of Lafarge Settlement Class Representatives, and Appointment of Lafarge Settlement Class Counsel**

5. For purposes of the settlement of the claims against Lafarge, and only for that purpose, and without an adjudication on the merits and without any impact upon the issues between

2

Plaintiffs and non-settling Defendants or issues between Plaintiffs and Lafarge in the event that final approval of the Settlement does not occur, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the requirements for a class action are met, and the Court provisionally certifies the following classes solely for purposes of settlement of claims against Lafarge (collectively, the "Lafarge Settlement Class"):

> **Nationwide Class:** All persons or entities currently residing in the United States that indirectly purchased Wallboard in the United States manufactured by any of the Defendants, their subsidiaries, affiliates, or joint venturers for end use and not for resale during the Settlement Class Period. Excluded from the Settlement Class are Defendants, the officers, directors and employees of any Defendant, the parent companies, subsidiaries and affiliates of any Defendant, the legal representatives and heirs or assigns of any Defendant, any co-conspirators, any state or federal entities or instrumentalities of the federal government or of a state, any judicial officer presiding over the Action, any member of his or her immediate family and judicial staff, and any juror assigned to the Action.
>
> **State Damages Class:** All persons or entities currently residing in the United States that indirectly purchased Wallboard in or from an entity located in Arizona, Arkansas, California, the District of Columbia, Florida, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Puerto Rico, Rhode Island, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin manufactured by any of the Defendants, their subsidiaries, affiliates, or joint venturers for end use and not for resale during the Settlement Class Period. Excluded from the Settlement Class are Defendants, the officers, directors and employees of any Defendant, the parent companies, subsidiaries and affiliates of any Defendant, the legal representatives and heirs or assigns of any Defendant, any co-conspirators, any state or federal entities or instrumentalities of the federal government or of a state, any judicial officer presiding over the Action, any member of his or her immediate family and judicial staff, and any juror assigned to the Action.

Excluded from the Lafarge Settlement Class are Defendants, the officers, directors and employees of any Defendant, the parent companies, subsidiaries and affiliates of any Defendant, the legal representatives and heirs or assigns of any Defendant, any co-conspirators, any state or federal entities or instrumentalities of the federal government or of a state, any judicial officer presiding over the Action, any member of his or her immediate family and judicial staff, and any juror assigned to the Action.

6. For purposes of preliminary approval, the Court finds that provisional certification of the Lafarge Settlement Class is warranted in light of the proposed Settlement under the prerequisites of Federal Rule of Civil Procedure 23(a) because: (1) the members of the Lafarge Settlement Class are so numerous that joinder is impracticable; (2) there are issues of law and fact common to the Lafarge Settlement Class; (3) Plaintiffs' claims are typical of the claims of the Lafarge Settlement Class Members; and (4) Plaintiffs and Interim Co-Lead Counsel will fairly and adequately represent the interests of the Lafarge Settlement Class Members.

7. For purposes of preliminary approval, the Court finds that provisional certification of the Lafarge Settlement Class is warranted in light of the proposed Settlement under Federal Rule of Civil Procedure 23(b)(3) because common issues, including whether Lafarge and other Defendants entered into any conspiracy, predominate over any questions affecting only individual members of the Lafarge Settlement Class, and settlement of this action on a class basis is superior to other means of resolving the Action as to Lafarge. The Court also finds that certification of the Nationwide Class is warranted under Federal Rule of Civil Procedure 23(b)(2), because Defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

8. The Court hereby appoints Plaintiffs Nicholas L. DeMarco, Afamefuna Agbodike, Brian Lisonbee, William Perry, Todd Ramsay, East Island Commercial LLC, and 220 Golden Gate Associates L.P. as the Lafarge Settlement Class Representatives. The Court preliminarily finds that the Lafarge Settlement Class Representatives will fairly and adequately protect the interests of the Lafarge Settlement Class because: (1) the interests of the Lafarge Settlement Class Representatives are consistent with those of Lafarge Settlement Class Members; (2) there appear to be no conflicts between or among the Lafarge Settlement Class Representatives and the other

Lafarge Settlement Class Members; (3) the Lafarge Settlement Class Representatives have been, and appear to be capable of continuing to be, active participants in both the prosecution and the settlement of this litigation; and (4) the Lafarge Settlement Class Representatives and Lafarge Settlement Class Members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated class action cases, including those concerning violation of the antitrust laws.

9. In making these preliminary findings, the Court has considered, inter alia, (1) the interests of the Lafarge Settlement Class Members in individually controlling the prosecution or defense of separate actions; (2) the impracticality or inefficiency of prosecuting or defending separate actions; (3) the extent and nature of any litigation concerning these claims already commenced; and (4) the desirability of concentrating the litigation of the claims in a particular forum.

10. At this juncture, the Court makes no determination regarding the manageability of this litigation as a class action, if this litigation were to go to trial.

11. The requirements of Rule 23(g) of the Federal Rules of Civil Procedure are met, and the Court hereby appoints the law firms of Block & Leviton LLP, Green & Noblin LLP, and Finkelstein Thompson LLP as Settlement Class Counsel for the Lafarge Settlement Class.

**CAFA Notice**

12. Pursuant to the Settlement Agreement, within ten (10) days after filing with the Court the motion papers seeking preliminary approval of the Settlement, Lafarge shall provide notice of the Settlement to the appropriate state and federal officials as provided in the Class Action Fairness Act, 28 U.S.C. § 1715.

**Notice to Potential Lafarge Settlement Class Members**

13. The Court finds that the proposed Settlement with Lafarge, as set forth in the Settlement Agreement, subject to final determination following proper notice and a fairness hearing, is sufficiently fair, reasonable, and adequate to authorize dissemination of notice to the Lafarge Settlement Class.

14. The Court ~~approves the form and~~ has suggested changes to the content of the: Notice of Proposed Settlement of Indirect Purchaser Class Action with Lafarge North America Inc. ("Notice"), ~~attached hereto as Exhibit A~~.

15. The Court finds that the dissemination of the Notice and Summary Notice in the plan of notice attached to IPPs' Motion for Preliminary Approval constitutes the best notice practicable under the circumstances; is valid, due, and sufficient notice to all persons entitled to notice; and complies fully with the requirements of Federal Rule of Civil Procedure 23 and due process.

16. By **December 1**, 2016 [~~proposed date: December 1, 2016~~], Lafarge Settlement Class Counsel shall file with the Court their motion for final approval of the Lafarge Settlement, and, by **January 1**, 2017 [~~proposed date: January 10, 2017~~] along with proof that notice was provided to potential members of the Lafarge Settlement Class as directed by this Order.

17. All requests for exclusion from the Lafarge Settlement Class must be in writing, postmarked no later than **January 17**, 2017 [~~proposed date: January 17, 2017~~], and must otherwise comply with the requirements set forth in the Notice.

18. Any Lafarge Settlement Class Member who objects to the proposed Settlement must do so in writing, postmarked no later than **January 17**, 2017 [~~proposed date: January 17, 2017~~], and shall otherwise comply with the requirements set forth in the Notice.

19. Lafarge Settlement Class Counsel shall file with the Court and serve on the parties their responses to any objection(s) to the Settlement and/or the request to use the Lafarge Settlement Fund for ongoing litigation expenses on or before January 24, 2017 [proposed date: January 24, 2017].

20. Each potential member of the Lafarge Settlement Class shall retain all rights and causes of action with respect to claims against all Defendants other than Lafarge, regardless of whether such potential member of the Lafarge Settlement Class decides to remain in the Lafarge Settlement Class or exclude itself from the Lafarge Settlement Class.

21. The Court will hold a fairness hearing on February 28, 2017 at 2:00 p.m., at the James A. Byrne United States Courthouse, Courtroom 3A, 601 Market Street, Philadelphia, PA, to determine the fairness, reasonableness, and adequacy of the proposed Settlement with Lafarge. Any Lafarge Settlement Class Member who follows the procedure set forth in the Notice may appear and be heard. The fairness hearing may be rescheduled, adjourned or continued without further notice to the Lafarge Settlement Class Members.

**Other Provisions**

22. In the event that the Lafarge Settlement is validly terminated as provided for in the Settlement Agreement, all proceedings had in connection with the Settlement and any orders regarding the Settlement shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo ante rights of the Plaintiffs, Lafarge, and Lafarge Settlement Class Members.

23. In the event that the Lafarge Settlement does not become final and effective for any reason, nothing in the Settlement Agreement, this Order, or proceedings or orders regarding the

Settlement shall be construed to prejudice any position that any of the parties may assert in any aspect of this litigation.

24. Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings in connection with it, shall be construed as an admission or concession by Lafarge of the truth of any allegations in the litigation, or of any fault or wrongdoing of any kind, or by Plaintiffs of any lack of merit of Plaintiffs' allegations.

25. The Court's provisional certification of the Lafarge Settlement Class is without prejudice to, or waiver of, the rights of Defendants, including Lafarge, in the event Final Approval of the Lafarge Settlement does not occur, to contest certification of any other class proposed in MDL No. 2437. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any other class in MDL No. 2437, and no party may cite or refer to the Court's approval of the Lafarge Settlement Class as compelling the same result with respect to a motion to certify any other class in MDL No. 2437.

26. The Court approves the establishment of the Lafarge escrow account under the Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF.

27. The Court approves the establishment of a federally insured interest-bearing bank account for the payment of expenses associated with providing notice to the Lafarge Settlement Class. Lafarge Settlement Class Counsel are, in accordance with the Settlement Agreement, authorized to expend funds from the federally insured interest-bearing bank account for the payment of notice and notice administration costs. If any funds remain in the federally insured

interest-bearing bank account after all notice and notice administration costs are paid, such funds will be transferred to the QSF in accordance with the Settlement Agreement.

28. Heffler Claims Group is approved to serve as settlement administrator for the purpose of issuing notice to the Lafarge Settlement Class.

29. The litigation against Lafarge is stayed except as provided for in the Settlement Agreement and to the extent necessary to obtain final approval of the Lafarge Settlement.

BY THE COURT:

_____
MICHAEL M. BAYLSON, U.S.D.J.