**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: DOMESTIC DRYWALL ANTITRUST LITIGATION** | **CIVIL ACTION** |
| **THIS DOCUMENT RELATES TO:** | **MDL No. 13-2437** |
| **Ashton Woods Holdings LLC, et al.,**<br>        **Plaintiffs,** | **15-cv-1712** |
| **v.** | |
| **USG Corp., et al.,**<br>        **Defendants.** | |

**MEMORANDUM RE: DISCOVERY ON DAMAGES**

Baylson, J.                                                                December 2, 2016

This Memorandum will deal with an ongoing discovery dispute between all Defendants and the "Homebuilder Plaintiffs," all of whom maintain their own damage claims against the drywall manufacturers who were also sued in the parallel class action cases.

The immediate issue is, to what extent the Plaintiffs are entitled to documents from Defendants dealing with damages that were allegedly incurred after the close of the conspiracy period identified as the calendar years 2012-2013.  The Court held argument on this issue on October 7, 2016 and issued an Order dated October 18, 2016 (ECF 147).  In that Order the Court identified three cases that the Court viewed as supporting Plaintiffs' requests:  In re Folding Carton Antitrust Litig., 83 F.R.D. 251 (N.D. Ill. 1978); In re Shopping Carts Antitrust Litig., 95 F.R.D. 299 (S.D.N.Y. 1982); In re Microcrystalline Cellulose Antitrust Litig., 221 F.R.D. 428 (E.D. Pa. 2004).  Since then supplemental briefs have been filed.

Defendants have filed a Memorandum which asserts that these cases are distinguishable because they only concern a liability theory, based on comparison of prices through a conspiracy

period compared with prices after the conspiracy period.  Defendants claim that these cases do not stand for any post-conspiracy period based on a "lingering effect doctrine."  Although Defendants are correct that in these three cases the court admitted this post-conspiracy evidence, in part, as possibly relevant on the issue of the existence of a conspiracy, the language of each of the cases clearly and specifically notes that this evidence may also be relevant on damages. Indeed, quoting from the last case by my colleague, Judge O'Neill, where there was a dispute as to whether the defendants must produce post-conspiracy evidence for six years or some lesser time, Judge O'Neill wrote:

> I acknowledge that sales and pricing data after the end of the allegedly anti-competitive conduct are needed in order to prove liability and calculate damages with the chosen methodologies, but I am not convinced that plaintiffs require more than three years of such data to conduct a meaningful 'before and after' analysis.

221 F.R.D. 428 at 430.

There are some other cases which have allowed the admission of post-conspiracy evidence as relevant on damages.  For example, in Wilk v. American Medical Association, 895 F.2d 352, 357 (7th Cir. 1990), the Seventh Circuit affirmed an award of damages based on the lingering effects of a boycott of chiropractic services even after the boycott ended.  Similarly, in In re London Silver Fixing, Ltd., Antitrust Litig., ___ F. Supp. 3d ___, 2016 WL 5794777, at *7 (S.D.N.Y. Oct. 3, 2016), the Plaintiffs based their damages calculation in part on the lingering effects of a depression in silver prices.

Although the Court will therefore not change its initial view that two years of post-conspiracy transactional data is relevant on proving damages, the Court notes that Defendants assert they have already produced this information, but a certification to this effect should be provided to the Homebuilder Plaintiffs by each Defendant.

As to the remaining discovery requests of the Plaintiffs, the Court will finalize its view that the Plaintiffs' pending requests are far too broad.  Given the Plaintiffs' involvement in this industry as substantial purchasers, from whomever – Defendants or Distributors or otherwise – Plaintiffs have the experience and wherewithal to pose very specific document requests as to documents that are not in possession of Homebuilder Plaintiffs, but arguably are in the possession of Defendants.

The Court would like to see the discovery in this case come to a reasonably prompt conclusion and will require a meet and confer to take place over the next fourteen (14) days, following which counsel should file a report and further motion, if necessary.

O:\13-MD-2437 - drywall\15cv1712 Memorandum re dispute re docs Pl entitled to dealing with damages.doc