IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: DOMESTIC DRYWALL ANTITRUST LITIGATION** | **MDL No. 2437** <br> **13-MD-2437** |
| **THIS DOCUMENT RELATES TO: INDIRECT PURCHASER ACTIONS** | |

**INDIRECT PURCHASER PLAINTIFFS' PROPOSAL AS TO HOW THE INDIRECT PURCHASER CASES SHOULD PROCEED**

In its August 24, 2017, Memorandum denying the Indirect Purchaser Plaintiffs' ("IPPs") motion for class certification (the "Decision"), the Court provided the following instructions to IPPs:

> The Court will require the Plaintiffs to consider their procedural options and file a detailed proposal as to how the Indirect Purchaser cases should proceed further in this Court, as an individual action, and/or in the state courts, whether the case should be dismissed without prejudice, or whether Plaintiffs intend to appeal under Rule 23(f). Plaintiffs shall file their proposals within 14 days and Defendants may respond within 14 days thereafter. A hearing thereafter may then be scheduled.[1]

Pursuant to the Court's Decision, IPPs respectfully submit the following proposal.

**I.     Rule 23(f) Petition**

Concurrently with the filing of this proposal, IPPs also file a petition for interlocutory appeal under Fed. R. Civ. P. 23(f) (the "23(f) Petition") with the Third Circuit in accordance with the 14-day deadline for doing so. IPPs did so to ensure they did not waive their right to seek interlocutory appeal of the Order, given the strictness with which the Third Circuit treats the deadline for 23(f) petitions. *See Gutierrez v. Johnson & Johnson*, 523 F.3d 187, 199 (3d Cir. 2008). However, IPPs believe that the Court's acceptance of their proposal regarding a renewed

---

[1] Decision (ECF No. 632) at 36-37. The Decision, along with its accompanying Order (ECF No. 633), are collectively referred to herein as the "Order."

motion to certify a narrower class (as described below) may render the 23(f) Petition moot. Under those circumstances, IPPs would withdraw the 23(f) Petition or request that it be stayed.

## II. Renewed Motion for Certification of a Narrower Class

Pursuant to Rule 23(c)(1)(C) of the Federal Rules of Civil Procedure, IPPs propose to file a motion for certification of a narrowed class consisting solely of persons and entities who purchased drywall manufactured by the Defendants[2] from The Home Depot, Inc., Lowe's Companies, Inc., or Menards Inc., during the period from January 1, 2012 through January 31, 2013. *See* Fed. R. Civ. Proc. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment.").

As this Court has recognized, District Courts have "ample discretion" to consider a revised class certification motion in the event an initial motion is denied. *Lugo v. Farmers Pride Inc.*, case no. 07-0749, 2010 WL 5060994, *2 (E.D. Pa. Dec. 10, 2010) (Baylson, J.), citing *In re Initial Public Offering Sec. Litig.*, 483 F.3d 70, 73 (2007).

IPPs believe that a renewed motion is particularly appropriate under the present circumstances, since the narrowed class definition would address the concerns raised by the Court in its Decision, including:

- The previous inclusion of end users who purchased from contactors, and related concerns about the complexity of the distribution chain with respect to those transactions;

- The class period;

- Pass-through, as class transactions would be limited to those flowing through the three direct purchasers who sold to class members, each of which were expressly analyzed by IPPs' experts on this issue;

---

[2] "Defendants," as referred to herein, means all defendants named in IPPs' Consolidated Class Action Complaint other than CertainTeed Gypsum, who was dismissed at summary judgment. *See In re Domestic Drywall Antitrust Litig.,* 163 F. Supp. 3d 175 (E.D. Pa. 2016). While IPPs do not intend to waive any appellate rights regarding CertainTeed, IPPs do not seek certification of claims relating to purchases of CertainTeed drywall.

- The damages model, which necessarily would be simplified for the redefined class and would tie directly to IPPs' proof in this case;

- Promoting cohesiveness of the class, while still providing any indirect purchasers who believe they may have an easier time proving causation with the opportunity to opt-out of the class; and,

- Clarification of issues raised in the Decision regarding IPPs' state law claims as they apply to IPPs' narrowed classes.[3]

*See also* Decision at 29, 36 (observing that, "[a]n indirect purchaser class that was limited to individuals who purchased drywall directly from the mass merchandisers (Home Depot, Lowe's and Menard's) would likely have been a closer case" and commenting favorably on a class period limited to January 1, 2012 through January 31, 2013).

Where "Plaintiff asserts that certification of this modified class will not trigger the same infirmities which caused the Court to deny Plaintiff's original Motion for Class Certification," a renewed motion is appropriate. *Bradburn Parent/Teacher Stores, Inc. v. 3M*, No. 02-cv-7676, 2004 WL 1842987, *1 (E.D. Pa. Aug. 18, 2004) (allowing plaintiffs in antitrust case to file renewed motion based on modified class definition); *see also In re Lithium Ion Batteries Antitrust Litig.*, No. 13-md-2420, 2017 WL 1391491 (N.D. Cal. Apr. 12, 2017) (where plaintiffs have suggested that they are able "to cure the deficiencies identified," "at least with respect to some [] issues," a renewed motion is appropriate); *see also Columbus Drywall & Insulation, Inc. v. Masco Corp.*, No. 04-cv-3066, 2009 WL 856306, *20 (N.D. Ga. Feb. 9, 2009) (court permitted a renewed motion with a modified class definition, noting, "[w]ith regard to the amended class definition, it is well-recognized that '[t]he act of refining a class definition is a natural outcome of federal class action

---

[3] IPPs envision submitting a chart similar to those that supported the certification of end payor classes in *In re Flonase Antitrust Litig.*, 284 F.R.D. 207 (E.D. Pa. 2012), and *In re Lidoderm Antitrust Litig.*, 14-md-02521, 2017 WL 679367 (N.D. Cal. Feb. 21, 2017). *See also In re Optical Disk Drive Antitrust Litig.*, No. 10-md-2143, 2016 WL 467444, *1 (N.D. Cal. Feb. 8, 2016) (granting indirect purchaser motion for class certification as to 23 states and the District of Columbia).

practice'. . .   This is particularly true in antitrust cases . . . ."); *see also In re Optical Disk Drive Antitrust Litig.*, No. 10-md-2143, 2016 WL 467444 (N.D. Cal. Feb. 8, 2016) (allowing renewed class certification that narrowed the class definition and limited the damages period).

### III.   Individual Action

IPPs believe any discussion of how class representatives' individual cases should proceed in this Court is premature at this time, given IPPs' request to file a renewed motion for certification and the pending 23(f) Petition.

### IV.   Proceeding in State Court

IPPs fully expect that, were they to refile in one or more state courts, Defendants would remove the case(s) to federal court under the Class Action Fairness Act, 28 U.S.C. §1332.  IPPs therefore do not view this as a viable or efficient option.

### V.   Dismissal

The Court previously denied the Defendants' motions for summary judgment as to certain Defendants, finding that "[w]hen Plaintiffs evidence is considered as a whole, it tends to exclude the possibility that National, American, PABCO, and Lafarge acted independently, or even interdependently."  *In re Domestic Drywall Antitrust Litig.,* 163 F. Supp. 3d at 259.  In light of that decision, and in view of IPPs' proposal to file a motion for class certification that would address the deficiencies identified by the Court, IPPs respectfully submit that dismissal is not warranted.

\* \* \* \* \*

For the reasons stated above, IPPs propose to file a narrowed motion for certification of a class consisting solely of persons and entities who purchased drywall manufactured by the Defendants from The Home Depot, Inc., Lowe's Companies, Inc., or Menards Inc., during the

period from January 1, 2012 through January 31, 2013.  Should the Court allow IPPs to file a renewed motion for class certification, IPPs would withdraw the 23(f) Petition filed concurrently herewith or request that it be stayed.

Dated: September 7, 2017                                         Respectfully submitted,

| | |
|---|---|
| */s/ Whitney E. Street* <br> Whitney E. Street <br> **BLOCK & LEVITON LLP** <br> 610 16th Street, Suite 214 <br> Oakland, CA  94612 <br> Tel: (415) 968-8999 <br> wstreet@blockesq.com <br> <br> */s/ James Robert Noblin* <br> James Robert Noblin <br> **GREEN & NOBLIN, P.C.** <br> 700 Larkspur Landing Circle, Suite 275 <br> Larkspur, CA 94939 <br> Tel: (415) 477-6700 <br> Fax: (415) 477-6710 <br> jrn@classcounsel.com | */s/Michael G. McLellan* <br> Michael G. McLellan <br> Douglas G. Thompson, Jr. <br> **FINKELSTEIN THOMPSON LLP** <br> 1077 30th Street NW, Suite 150 <br> Washington, D.C. 20007 <br> Tel:  (202) 337-8000 <br> Fax:  (202) 337-8090 <br> mmclellan@finkelsteinthompson.com <br> dthompson@finkelsteinthompson.com |