# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: DOMESTIC DRYWALL ANTITRUST LITIGATION** <br><br> **THIS DOCUMENT RELATES TO:** <br><br> **Ashton Woods Holdings LLC, et al.,** <br>       **Plaintiffs,** <br><br>       v. <br><br> **USG Corp., et al.,** <br>       **Defendants.** | **CIVIL ACTION** <br><br> **MDL No. 13-2437** <br><br> **15-cv-1712** |

## AMENDED PRE-TRIAL SCHEDULING ORDER
## RE: CONTENTION STATEMENTS

Following submissions on behalf of Plaintiffs and Defendants concerning the Contention Statements discussed at a hearing on October 19, 2017, the following will constitute the Court's decision on content and scheduling Contention Statements and further proceedings. This schedule is designed to assure exchange of relevant information among the parties in a manner that is fair to all parties and to keep this complex litigation moving at a reasonable pace, but allowing for sufficient time for the parties to assemble and receive information and proceed towards conclusion of pre-trial proceedings, hopefully within one year.

In finalizing this schedule, in antitrust cases, there is a distinction between the "fact of injury" and the "amount of injury," although there may be some overlapping facts as to both concepts. This Order is intended to require completion of pre-trial discovery on both issues by a fair, orderly schedule.

1.     Plaintiffs shall serve Contention Statements as to the fact of injury in consecutively numbered paragraphs – December 22, 2017.

2. Each Plaintiff shall serve a Contention Statement as to the amount of its damages, by January 15, 2018, and showing the basis for all calculations.

3. Not later than January 15, 2018, Defendants shall serve counter Contention Statements as to the "fact of injury," and by February 15, 2018, as to the amount of damages, as to each plaintiff. The Court will not require Defendants to make any calculation of damages.

4. General.

   a. If a contention does not apply to all Plaintiffs, or all Defendants, it shall be specific as to its applicability.

   b. The Contention Statements shall be stated in separately numbered paragraphs, in chronological order, if feasible, and shall be include reasonable details, a citation to the documents, sworn declarations or deposition testimony (or other source(s)) relied upon by each party, but not requiring every possible citation to the record.

   c. If any party desires to rely on an expert for these Statements, the expert reports must be served with the Contention Statements and with the information required by Rule 26(a)(2). As to any Contention Statement prepared by a party's own employees, or existing professional (such as an accounting firm), and the party does not serve an expert report, that party will be precluded from presenting expert testimony on these topics at any future time.

   d. Each party shall accompany its Contention Statement with identification of at least one, but not more than three, officers, employees, third parties or experts, who are knowledgeable about the Statement, and who will appear for a deposition if requested.

e. If a party relies on the same witness for both the fact of injury and the amount of damages, that individual may be deposed for a total of eight hours. Otherwise, these depositions will be limited to five hours each.

5. The Plaintiffs' statements as to the amount of damages shall contain at least the following information:

   a. How much gypsum wall board did each Plaintiff purchase (preferably stated in square feet) for which it is claiming damages;

   b. How much did the Plaintiff pay for that wallboard;

   c. Which manufacturer(s)' wallboard did the Plaintiff purchase and how much from each?

   d. Which entities purchased gypsum wallboard for each Plaintiff and how much did each entity purchase?

   e. If a Plaintiff does not know these numbers, it may estimate the amount by providing a calculation for the estimate.

   f. The date or date range for purchases and damages.

   g. How much does Plaintiff allege it was overcharged.

   h. State the basis of each element for damages (e.g., lost profits, lost going concern value), and the total amount of damages you are claiming.

6. As to the fact of injury, and assuming Plaintiffs are asserting any overcharge was "passed on" or "passed thru" to your customers, or by higher home sale prices, Plaintiffs must state the facts supporting the contention.

7. Defendants' Contention Statements shall have the same level of detail as the Plaintiffs'.

8. Counsel shall confer promptly about any asserted deficiencies in these statements, and attempt to resolve disputes. The Court will allow modifications or clarifications to avoid further disputes, provided this is accomplished within thirty (30) days of service.

9. Depositions shall be stayed, except for perpetuation of testimony, if necessary, until 14 days after Plaintiff has served its Contention Statements on fact of injury. Depositions of the individuals identified by each party may be taken by the opposing party, starting 14 days after the service of that party's Contention Statement. All depositions shall be completed by May 30, 2018.

10. The deadline for any dispositive motions or *Daubert* motions will be June 30, 2017. Responses will be due July 30, 2018; reply briefs by August 24, 2018.

11. The Court ascertains from the parties' submissions that there still may be some lingering disputes about production of documents and/or electronically-stored information by a party, whether Plaintiffs or Defendants. The Court will require that these issues be resolved promptly. Counsel shall confer with specifics, within the next 14 days. If the issue cannot be resolved, within seven (7) days thereafter, a party shall notice depositions of one or two witnesses of an opposing party, either named individually or by topic, under Rule 30(b)(6), and that deposition take place within 14 days thereafter. Any motion relating to this issue must be filed within 14 days after the deposition(s) of a party. In other words, the Court will not consider any future complaints about document discovery or ESI, unless presented for decision as required.

12. The Contention Statements will have a preclusionary effect in this case, but for an Act of God, or a substantial change in governing legal principles.

**BY THE COURT:**

**/s/ Michael M. Baylson**

**Date: 11/6/2017**

**MICHAEL M. BAYLSON**
**United States District Court Judge**

O:\13-MD-2437 - drywall\15 cv1712 Amended Pretrial Sched Order.docx