IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DOMESTIC DRYWALL ANTITRUST LITIGATION | MDL No. 2437<br>13-MD-2437 |
| THIS DOCUMENT RELATES TO:<br><br>ALL DIRECT PURCHASER ACTIONS | |

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF DIRECT PURCHASER PLAINTIFFS' PROPOSED JOINT SETTLEMENT WITH AMERICAN GYPSUM COMPANY LLC, EAGLE MATERIALS INC., NEW NGC, INC., AND PABCO BUILDING PRODUCTS, LLC, PRELIMINARY APPROVAL OF THE DISTRIBUTION PLAN, AND AUTHORIZATION TO DISSEMINATE NOTICE

Upon consideration of the Direct Purchaser Plaintiffs' Motion for Preliminary Approval of the Proposed Joint Settlement with American Gypsum Company LLC, Eagle Materials Inc., New NGC, Inc., and PABCO Building Products, LLC, Preliminary Approval of the Distribution Plan, and Authorization to Disseminate Notice (the "Motion") and the accompanying Memorandum;

WHEREAS, this multidistrict litigation involves allegations of a conspiracy in restraint of trade among manufacturers of gypsum wallboard, including American Gypsum Company LLC, Eagle Materials Inc., New NGC, Inc., and PABCO Building Products, LLC (collectively, the "Settling Defendants"), and Settling Defendants deny liability and the existence of any conspiracy in violation of the Sherman Act or any other law;

WHEREAS, discovery has proceeded on issues relating to conspiracy, and Direct Purchaser Plaintiffs ("Plaintiffs") have had an opportunity to review extensive document productions, numerous depositions, and the Court's summary judgment, class certification and *Daubert* rulings;

WHEREAS, Settling Defendants deny any wrongdoing or liability relating to any of Plaintiffs' allegations, and it is agreed among Settling Defendants and Plaintiffs that the Joint Settlement Agreement shall not constitute, and shall not be construed as or deemed to be evidence of or an admission of any fault, wrongdoing, or liability by Settling Defendants or any other person or entity; and

WHEREAS, the Court has considered the Joint Settlement Agreement, the proposed forms of Notice, and the other documents submitted in connection with Plaintiffs' request for preliminary approval of the Joint Settlement Agreement, and good cause appearing therefore;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. The Motion is **GRANTED**.

2. Terms used in this Order that are defined in the Joint Settlement Agreement are, unless otherwise defined herein, used in this Order as defined in the Joint Settlement Agreement.

**Preliminary Approval of the Joint Settlement and Distribution Plan**

3. The Court finds that: (a) the proposed Joint Settlement with Settling Defendants, as set forth in the Joint Settlement Agreement, is sufficiently fair, reasonable and adequate to authorize the dissemination of notice of the Joint Settlement to the Joint Settlement Class and to schedule a fairness hearing to determine whether to grant final approval of the proposed Joint Settlement under Fed. R. Civ. P. 23(e); (b) the Joint Settlement Agreement was negotiated at arm's-length by experienced counsel acting in good faith; and (c) there has been adequate opportunity for discovery for experienced counsel to evaluate the claims and risks at this stage of the litigation.

2

4. The Court finds that the proposed Distribution Plan is sufficiently fair, reasonable, and adequate to disseminate notice to the Joint Settlement Class and members of the previously certified USG, TIN, and Lafarge Settlement Classes.

5. The Court finds that preliminary approval is appropriate and hereby grants preliminary approval of the Joint Settlement and Distribution Plan subject to final determination following notice and hearing.

## Certification of the Joint Settlement Class, Appointment of Joint Settlement Class Representatives, and Appointment of Joint Settlement Co-Lead Counsel

6. For purposes of the settlement of the claims against the Settling Defendants, and only for that purpose, the Court provisionally certifies the following class (the "Joint Settlement Class"):

> All persons or entities that purchased Wallboard in the United States during the period January 1, 2012 through December 31, 2013 directly from (a) USG Corporation, United States Gypsum Company, CertainTeed Gypsum, Inc., New NGC, Inc., Lafarge North America Inc., American Gypsum Company LLC, Eagle Materials Inc., PABCO Building Products, LLC, TIN Inc., or Georgia Pacific LLC (collectively, "Wallboard Manufacturers"); and/or (b) L&W Supply Corporation or any of its subsidiaries or affiliates. Excluded from the Settlement Class are Wallboard Manufacturers, along with each of their respective parent companies, subsidiaries, and affiliates (including, without limitation, Pacific Coast Supply, LLC and L&W), and federal governmental entities and instrumentalities of the federal government and any judicial officer presiding over the Action, and any member of his or her immediate family and judicial staff.

7. For purposes of preliminary approval, the Court finds that provisional certification of the Joint Settlement Class is warranted in light of the proposed Joint Settlement under the prerequisites of Federal Rule of Civil Procedure 23(a) because: (1) the members of the Joint Settlement Class are so numerous that joinder is impracticable; (2) there are issues of law and fact common to the Joint Settlement Class; (3) Plaintiffs' claims are typical of the claims of the Joint

3

Settlement Class Members; and (4) Plaintiffs and Co-Lead Counsel will fairly and adequately represent the interests of the Joint Settlement Class Members.

8. For purposes of preliminary approval, the Court finds that provisional certification of the Joint Settlement Class is warranted in light of the proposed Joint Settlement under Federal Rule of Civil Procedure 23(b)(3) because common issues, including whether Settling Defendants and other Wallboard Manufacturers entered into any conspiracy, predominate over any questions affecting only individual members of the Joint Settlement Class, and settlement of this action on a class basis is superior to other means of resolving the Action as to Settling Defendants.

9. The Court hereby appoints Plaintiffs Sierra Drywall Systems, Inc., Janicki Drywall, Inc., New Deal Lumber & Millwork Co., and Grubb Lumber Co., Inc. as the Joint Settlement Class Representatives. The Court preliminarily finds that the Joint Settlement Class Representatives will fairly and adequately protect the interests of the Settlement Class because: (1) the interests of the Joint Settlement Class Representatives are consistent with those of Joint Settlement Class Members; (2) there appear to be no conflicts between or among the Joint Settlement Class Representatives and the other Joint Settlement Class Members; (3) the Joint Settlement Class Representatives have been and appear to be capable of continuing to be active participants in both the prosecution and the settlement of this litigation; and (4) the Joint Settlement Class Representatives and Joint Settlement Class Members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated class action cases, including those concerning violation of the antitrust laws.

10. In making these preliminary findings, the Court has considered, *inter alia*, (1) the interests of the Joint Settlement Class Members in individually controlling the prosecution or defense of separate actions; (2) the impracticality or inefficiency of prosecuting or defending

4

separate actions; (3) the extent and nature of any litigation concerning these claims already commenced; and (4) the desirability of concentrating the litigation of the claims in a particular forum.

11. The requirements of Rule 23(g) of the Federal Rules of Civil Procedure are met, and the Court hereby appoints the law firms of Berger & Montague, P.C., Cohen, Milstein, Sellers & Toll, PLLC, and Spector Roseman & Kodroff, P.C. as Co-Lead Counsel for the Joint Settlement Class.

## CAFA Notice

12. Pursuant to the Joint Settlement Agreement, within ten (10) days after filing with the Court the motion papers seeking preliminary approval of the Joint Settlement, Settling Defendants shall provide notice of the Joint Settlement to the appropriate state and federal officials as provided in the Class Action Fairness Act, 28 U.S.C. § 1715.

## Notice to Members of the USG, TIN, Lafarge, and Joint Settlement Classes

13. The Court finds that the proposed Joint Settlement with Settling Defendants, as set forth in the Joint Settlement Agreement, subject to final determination following proper notice and a fairness hearing, is sufficiently fair, reasonable, and adequate to authorize dissemination of notice to the Joint Settlement Class.

14. The Court approves the form and content of the: (a) Notice of Proposed Settlement of Direct Purchaser Class Action ("Notice"), attached as Exhibit C to the accompanying Memorandum; and (b) Summary Notice of Proposed Settlement of Direct Purchaser Class Action ("Summary Notice"), attached as Exhibit D to the accompanying Memorandum.

15. The Court finds that the dissemination of the Notice and Summary Notice in the manner set forth herein constitutes the best notice practicable under the circumstances; is valid,

due, and sufficient notice to all persons entitled to notice; and complies fully with the requirements of Federal Rule of Civil Procedure 23 and due process.

16. By **February 16**, 2018 (18 days from the date of entry of this Order), the Notice, in substantially the same form as Exhibit C to the Memorandum, shall be mailed by first class mail, postage prepaid, to all potential members of the Joint Settlement Class identified in Wallboard Manufacturers' data, as well as all members of the USG, TIN, or Lafarge Settlement Classes that are not also a potential member of the Joint Settlement Class. The Notice shall also be provided to all persons who request it. In addition, copies of the Notice shall be posted on the Internet on a website dedicated to this litigation.

17. Subject to lead time required for publication, Co-Lead Counsel shall cause the Summary Notice, in substantially the same form as Exhibit D to the Memorandum, to be published in the *LBM Journal* on the first available publication date on or after 7 days from the provision of individual mailed notice.

18. By **April 9**, 2018 (68 days from the date of entry of this Order), Co-Lead Counsel shall file with the Court their motion for final approval of the Joint Settlement, along with proof that notice was provided to potential members of the Joint Settlement Class as directed by this Order. On the same date, Co-Lead Counsel will file all briefs and materials in support of the proposed plan of allocation (including a sample claim form), petition for fees and costs and any application for service awards for the class representatives (the "Distribution Plan").

19. All requests for exclusion from the Joint Settlement Class must be in writing, postmarked no later than **May 7**, 2018 (98 days from the date of entry of this Order), and must otherwise comply with the requirements set forth in the Notice.

6

20. Any Joint Settlement Class Member who objects to the proposed Joint Settlement must do so in writing, postmarked no later than **May 7**, 2018 (98 days from the date of entry of this Order), and shall otherwise comply with the requirements set forth in the Notice.

21. Any Member of the Joint Settlement Class, or of the USG, TIN, or Lafarge Settlement Classes, who objects to the Distribution Plan must do so in writing, postmarked no later than **May 7**, 2018 (98 days from the date of entry of this Order), and shall otherwise comply with the requirements set forth in the Notice.

22. Co-Lead Counsel shall file with the Court and serve on the parties their responses to any objection(s) to the Joint Settlement or the Distribution Plan on or before **May 29, 2018** (118 days from the date of entry of this Order).

23. The Court will hold a fairness hearing on **June 28**, 2018, at **2:00** p.m. (at least 130 days from the date of entry of this Order), at the James A. Byrne United States Courthouse, Courtroom 3A, 601 Market Street, Philadelphia, PA, to determine the fairness, reasonableness, and adequacy of the proposed Joint Settlement and to consider whether to approve the proposed Distribution Plan. Any Member of the Joint Settlement Class or of the USG, TIN, or Lafarge Settlement Classes who follows the procedure set forth in the Notice may appear and be heard. The fairness hearing may be rescheduled, adjourned or continued without further notice to the Class Members.

## Other Provisions

24. In the event that the Joint Settlement is validly terminated as provided for in the Joint Settlement Agreement, all proceedings had in connection with the Joint Settlement and any orders regarding the Joint Settlement shall be null and void, except insofar as expressly provided

7

to the contrary in the Joint Settlement Agreement, and without prejudice to the status quo ante rights of the Plaintiffs, Settling Defendants, and Class Members.

25. In the event that the Joint Settlement does not become final and effective for any reason, nothing in the Joint Settlement Agreement, this Order, or proceedings or orders regarding the Joint Settlement shall be construed to prejudice any position that any of the parties may assert in any aspect of this litigation.

26. Neither the Joint Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings in connection with it, shall be construed as an admission or concession by Settling Defendants of the truth of any allegations in the litigation, or of any fault or wrongdoing of any kind, or by Plaintiffs of any lack of merit of Plaintiffs' allegations.

27. The Court approves the establishment of the escrow account under the Joint Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF. Co-Lead Counsel are, in accordance with the Joint Settlement Agreement, authorized to expend funds from the QSF for the payment of notice and notice administration costs.

28. Kurtzman Carson Consultants LLC is approved to serve as settlement administrator for the purpose of issuing notice.

29. The litigation against Settling Defendants is stayed except as provided for in the Joint Settlement Agreement and to the extent necessary to obtain final approval of the Joint Settlement.

Dated this 29th day of January, 2018

BY THE COURT:

_____
MICHAEL M. BAYLSON, U.S.D.J.

8