## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: DOMESTIC DRYWALL ANTITRUST LITIGATION** | **MDL No. 2437** <br> **13-MD-2437** |
| **THIS DOCUMENT RELATES TO:** <br><br> **ALL INDIRECT PURCHASER ACTIONS** | |

## (PROPOSED) ORDER GRANTING PRELIMINARY APPROVAL OF IPP SETTLEMENT, CERTIFICATION OF CLASS FOR SETTLEMENT PURPOSES, AND APPROVAL OF CLASS NOTICE

Upon consideration of the Indirect Purchaser Plaintiffs' Motion for Preliminary Approval of

the Proposed Settlement with Defendants American Gypsum Company LLC, New NGC, Inc., and

PABCO Building Products, LLC ("Settling Defendants"), Certification of Class for Settlement

Purposes, and Approval of Class Notice,

WHEREAS, this multidistrict litigation involves allegations of a conspiracy in restraint of

trade among manufacturers of gypsum wallboard, including Settling Defendants; and Defendants,

including Settling Defendants, deny liability and deny the existence of any conspiracy in violation of

the Sherman Act or any other law; and

WHEREAS, discovery has proceeded on issues relating to whether the Defendants conspired

and whether class certification is appropriate, and Indirect Purchaser Plaintiffs ("Plaintiffs") have had

an opportunity to review and participate in extensive document productions, numerous depositions in

this matter, motion arguments and hearings, and the Court's summary judgment and class

certification rulings as to Settling Defendants; and

WHEREAS, Settling Defendants deny any wrongdoing or liability relating to any of the

allegations made by Plaintiffs, and it is agreed among Settling Defendants and Plaintiffs that the

Settlement Agreement shall not constitute, and shall not be construed as or deemed to be evidence of

or an admission or concession of any fault, wrongdoing, or liability by Settling Defendants or any other person or entity with regard to the matters alleged in any of the Complaint(s) in this Action; and

WHEREAS, the Court has considered the Settlement Agreement, the proposed forms of Notice, and the other documents submitted in connection with Plaintiffs' request for preliminary approval of the Settlement Agreement, certification of the Settlement Class set forth in the Settlement Agreement (the "Settlement Class") for the purposes of settlement only, and appointment of counsel for the Settlement Class, and good cause appearing therefore;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1.      The Motion is GRANTED.

2.      Terms used in this Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used in this Order as defined in the Settlement Agreement.

**Preliminary Approval of the Settlement**

3.      The Court finds that: (a) the proposed Settlement with Settling Defendants, as set forth in the Settlement Agreement, is sufficiently fair, reasonable and adequate to authorize the dissemination of notice of the Settlement to potential members of the Settlement Class and to schedule a fairness hearing to determine whether to grant final approval of the proposed Settling Defendants' Settlement under Fed. R. Civ. P. 23(e); (b) the Settlement Agreement was negotiated at arm's-length by experienced counsel acting in good faith; and (c) there has been adequate opportunity for discovery for experienced counsel to evaluate the claims and risks at this stage of the litigation.

4.      The Court finds that preliminary approval is appropriate and hereby grants preliminary approval of the Settlement, plan of allocation, and claim form, subject to final determination following notice and hearing.

**Certification of the Settlement Class, Appointment of Settlement Class Representatives, and Appointment of Settlement Class Counsel**

5.      For purposes of the settlement of the claims against Settling Defendants, and only for

that purpose, and without an adjudication on the merits and without any impact upon the issues

between Plaintiffs and any non-settling Defendants or issues between Plaintiffs and Settling

Defendants in the event that final approval of the Settlement does not occur, pursuant to Rule 23 of

the Federal Rules of Civil Procedure, the Court finds that the requirements for a class action are met,

and the Court provisionally certifies the following classes solely for purposes of settlement of claims

against Settling Defendants (collectively, the "Settlement Class"):

> **Nationwide Class:** All persons or entities currently residing in the United States that
> indirectly purchased Wallboard in the United States manufactured by any of the
> Defendants, their subsidiaries, affiliates, or joint venturers for end use and not for
> resale during the Settlement Class Period.

> **State Damages Class:** All persons or entities currently residing in the United States
> that indirectly purchased Wallboard in or from an entity located in Arizona,
> Arkansas, California, the District of Columbia, Florida, Illinois, Iowa, Kansas,
> Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Nebraska,
> Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota,
> Puerto Rico, Rhode Island, South Dakota, Tennessee, Utah, Vermont, West Virginia,
> and Wisconsin manufactured by any of the Defendants, their subsidiaries, affiliates,
> or joint venturers for end use and not for resale during the Settlement Class Period.

Excluded from the Settlement Class are Defendants, the officers, directors and employees of

any Defendant, the parent companies, subsidiaries and affiliates of any Defendant, the legal

representatives and heirs or assigns of any Defendant, any co-conspirators, any state or federal

entities or instrumentalities of the federal government or of a state, any judicial officer presiding over

the Action, any member of his or her immediate family and judicial staff, and any juror assigned to

the Action.

6.      For purposes of preliminary approval, the Court finds that provisional certification of

the Settlement Class is warranted in light of the proposed Settlement under the prerequisites of

Federal Rule of Civil Procedure 23(a) because: (1) the members of the Settlement Class are so

numerous that joinder is impracticable; (2) there are issues of law and fact common to the Settlement

Class; (3) Plaintiffs' claims are typical of the claims of the Settlement Class Members; and (4)

Plaintiffs and Interim Co-Lead Counsel will fairly and adequately represent the interests of the Settlement Class Members.

7.      For purposes of preliminary approval, the Court finds that provisional certification of the Settlement Class is warranted in light of the proposed Settlement under Federal Rule of Civil Procedure 23(b)(3) because common issues, including whether Settling Defendants and other Defendants entered into any conspiracy, predominate over any questions affecting only individual members of the Settlement Class, and settlement of this action on a class basis is superior to other means of resolving the Action as to Settling Defendants.  The Court also finds that certification of the Nationwide Class for settlement purposes is warranted under Federal Rule of Civil Procedure 23(b)(2), because Defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

8.      The Court hereby appoints Plaintiffs William Perry, Afamefuna Agbodike, 220 Golden Gate Associates L.P., Todd Ramsay, Kevin Tragesser, East Island Commercial LLC, Dan Stringer, Mark Petersen, Geoffrey Jones, Nicholas DeMarco, Brian Lisonbee, Alan Shultz, and John and Amy Hauser as the Settlement Class Representatives. The Court preliminarily finds that the Settlement Class Representatives will fairly and adequately protect the interests of the Settlement Class because: (1) the interests of the Settlement Class Representatives are consistent with those of Settlement Class Members; (2) there appear to be no conflicts between or among the Settlement Class Representatives and the other Settlement Class Members; (3) the Settlement Class Representatives have been, and appear to be capable of continuing to be, active participants in both the prosecution and the settlement of this litigation; and (4) the Settlement Class Representatives and Settlement Class Members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated class action cases, including those concerning violations of the antitrust laws.

9.      In making these preliminary findings, the Court has considered, inter alia, (1) the interests of the Settlement Class Members in individually controlling the prosecution or defense of separate actions; (2) the impracticality or inefficiency of prosecuting or defending separate actions; (3) the extent and nature of any litigation concerning these claims already commenced; and (4) the desirability of concentrating the litigation of the claims in a particular forum.

10.     At this juncture, the Court makes no determination regarding the manageability of this litigation as a class action, if this litigation were to go to trial.

11.     The requirements of Rule 23(g) of the Federal Rules of Civil Procedure are met, and the Court hereby appoints the law firms of Block & Leviton LLP, Green & Noblin LLP, and Finkelstein Thompson LLP as Settlement Class Counsel for the Settlement Class.

### CAFA Notice

12.     Pursuant to the Settlement Agreement, within ten (10) days after filing with the Court the motion papers seeking preliminary approval of the Settlement, Settling Defendants shall provide notice of the Settlement to the appropriate state and federal officials as provided in the Class Action Fairness Act, 28 U.S.C. § 1715.

### Notice to Potential Settlement Class Members

13.     The Court finds that the proposed Settlement with Settling Defendants, as set forth in the Settlement Agreement, subject to final determination following proper notice and a fairness hearing, is sufficiently fair, reasonable, and adequate to authorize dissemination of notice to the Settlement Class.

14.     The Court approves the form and content of the: Notice of Proposed Settlement of Indirect Purchaser Class Action with Settling Defendants ("Notice"), attached hereto as Exhibit A.

15.     The Court finds that the dissemination of the Notice and Summary Notice in the plan of notice attached to IPPs' Motion for Preliminary Approval constitutes the best notice practicable under the circumstances; is valid, due, and sufficient notice to all persons entitled to notice; and

complies fully with the requirements of Federal Rule of Civil Procedure 23 and due process.

    16.    By July 20_____, 2018 Settlement Class Counsel shall file with the Court their

motion for final approval of the Settlement and plan of distribution, for attorney's fees and litigation

expenses, and for Class Representative incentive awards, and, by August 15_____, 2018 along with

proof that notice was provided to potential members of the Settlement Class as directed by this

Order.

    17.    All requests for exclusion from the Settlement Class must be in writing, postmarked

no later than September 21_____, 2018 and must otherwise comply with the requirements set forth in the

Notice.

    18.    Any Settlement Class Member who objects to the proposed Settlement, plan of

distribution, or the motions for attorney's fees and litigation expenses for Class Representative

incentive awards must do so in writing, postmarked no later than September 21_____, 2018, and shall

otherwise comply with the requirements set forth in the Notice.

    19.    Settlement Class Counsel shall file with the Court and serve on the parties their

responses to any objection(s) to the Settlement on or before October 5, 2018_____.

    20.    Each potential member of the Settlement Class shall retain all rights and causes of

action with respect to claims against all Defendants other than Settling Defendants, regardless of

whether such potential member of the Settlement Class decides to remain in the Settlement Class or

exclude itself from the Settlement Class.

    21.    The Court will hold a fairness hearing on October 25, 201 8_ at 2 :00 p.m.

_.m., at the James A. Byrne United States Courthouse, Courtroom 3A, 601 Market Street,

Philadelphia, PA, to determine the fairness, reasonableness, and adequacy of the proposed Settlement

with Settling Defendants. Any Settlement Class Member who follows the procedure set forth in the

Notice may appear and be heard.

**Other Provisions**

22.     In the event that the Settling Defendants' Settlement is validly terminated as provided

for in the Settlement Agreement, all proceedings had in connection with the Settlement and any

orders regarding the Settlement shall be null and void, except insofar as expressly provided to the

contrary in the Settlement Agreement, and without prejudice to the status quo ante rights of the

Plaintiffs, Settling Defendants, and Settlement Class Members.

23.     In the event that the Settling Defendants' Settlement does not become final and

effective for any reason, nothing in the Settlement Agreement, this Order, or proceedings or orders

regarding the Settlement shall be construed to prejudice any position that any of the parties may

assert in any aspect of this litigation.

24.     Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the

negotiations or proceedings in connection with it, shall be construed as an admission or concession

by Settling Defendants of the truth of any allegations in the litigation, or of any fault or wrongdoing

of any kind, or by Plaintiffs of any lack of merit of Plaintiffs' allegations.

25.     The Court's provisional certification of the Settlement Class is without prejudice to,

or waiver of, the rights of Defendants, including Settling Defendants, in the event Final Approval of

the Settlement does not occur, to contest certification of any other class proposed in MDL No. 2437.

The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify

to assign liability on the merits to any other class in MDL No. 2437, and no party may cite or refer to

the Court's approval of the Settlement Class as compelling the same result with respect to a motion

to certify any other class in MDL No. 2437.

26.     The Court approves the establishment of the Settling Defendants escrow account

under the Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue

Code Section 468B and the Treasury Regulations promulgated thereunder and retains continuing

jurisdiction as to any issue that may arise in connection with the formation and/or administration of

the QSF.

27.     The Court approves the establishment of a federally insured interest-bearing bank account for the payment of expenses associated with providing notice to the Settlement Class. Settlement Class Counsel are, in accordance with the Settlement Agreement, authorized to expend funds from the federally insured interest-bearing bank account for the payment of notice and notice administration costs. If any funds remain in the federally insured interest-bearing bank account after all notice and notice administration costs are paid, such funds will be transferred to the QSF in accordance with the Settlement Agreement.

28.     Heffler Claims Group is approved to serve as settlement administrator for the purpose of issuing notice to the Settlement Class.

29.     IPPs' litigation against Settling Defendants is stayed except as provided for in the Settlement Agreement and to the extent necessary to obtain final approval of the Settling Defendants Settlement.

Date: 6|6|18

BY THE COURT:

MICHAEL M. BAYLSON, U.S.D.J.

# EXHIBIT A

## LEGAL NOTICE

**If you purchased drywall indirectly for end use between January 1, 2012 and January 5, 2018, a settlement of a class action or distributions of several prior class action settlements may affect you.**

**TO: Indirect Purchasers of Drywall for End Use and Not for Resale**

*This notice is being provided pursuant to an Order of the United States District Court for the Eastern District of Pennsylvania. This is not a solicitation from a lawyer. You are not being sued.*

- This notice describes a class action lawsuit (*In re Domestic Drywall Antitrust Litigation*, MDL No. 2437 and 13-MD-2437), pending in the United States District Court for the Eastern District of Pennsylvania, in which Plaintiffs allege that certain manufacturers conspired to fix Drywall prices in violation of federal antitrust law. "Drywall" refers to paper-backed gypsum Drywall, also known as wallboard or plasterboard.

- The lawsuit claims that certain manufacturers agreed to fix prices for Drywall, and as a result the prices paid by individuals and entities for Drywall were higher than they otherwise would have been. The lawsuit seeks treble damages (triple the amount of actual damages), attorneys' fees and costs from Defendants. Defendants deny that any of their conduct was unlawful, but the Court has found that Plaintiffs have submitted sufficient evidence to allow their claims regarding the alleged conspiracy to go to trial against the Defendants that have not previously settled or been dismissed.

- You may have received prior notices regarding this lawsuit. The purpose of this Notice is to inform you of two new developments:

    o **New Settlement:** A New Settlement has been entered into with the remaining defendants in the case, American Gypsum Company LLC, New NGC Inc., and PABCO Building Products LLC for $1 million plus a $250,000 allotment to defray the cost of providing notice of this settlement.  Information about the New Settlement is in Part 2 of this Notice.

    o **Proposed Distribution:** If the New Settlement is approved, it will conclude the litigation and funds from this settlement and prior settlements, with Defendants TIN, Inc., USG Corporation, United States Gypsum Company, and Lafarge North America Inc. will be distributed. The total settlement proceeds are $17.95 million.  This Notice provides information about the Proposed Distribution of those funds and the process for submitting a claim.  Information about the Proposed Distribution and claims process is in Part 3 of this Notice.

- This Notice advises you of your rights – and the deadlines to exercise them – in connection with the above developments and Class Counsel's petition for an award of attorneys' fees and expenses and service awards to the Class Representatives. Your rights and options regarding the New Settlement and the Proposed Distribution are explained in this notice.

- Please visit [URL] or call XXXXXXXX for more information about this lawsuit, including access to court documents about the lawsuit, the prior settlements, and this settlement.

1

**DO NOT CONTACT THE COURT OR DEFENDANTS IF YOU HAVE QUESTIONS REGARDING THIS NOTICE**

| YOUR LEGAL RIGHTS AND OBLIGATIONS WITH RESPECT TO THE NEW SETTLEMENT AND PROPOSED DISTRIBUTION ARE DESCRIBED BELOW | |
| --- | --- |
| SUBMIT A CLAIM BY _____. | **This is the only way to receive a payment**. See Part 3. If you submit a claim, you will be bound by the judgment dismissing the lawsuit against NGC, American, and PABCO, and you will not be able to file or maintain your own lawsuit against NGC, American, or PABCO regarding the subject of this lawsuit. |
| DO NOTHING | If you do not submit a claim, you will receive no payment but will be bound by the judgment dismissing the lawsuit against NGC, American, and PABCO, and you will not be able to file or maintain your own lawsuit against NGC, American, or PABCO regarding the subject of this lawsuit. |
| EXCLUDE YOURSELF FROM THE NEW SETTLEMENT CLASS BY _____. | You have the right to exclude yourself from the New Settlement. If you exclude yourself from the New Settlement, you will not be bound by it and will not be entitled to receive any money from it. If you exclude yourself from the New Settlement, you may have the right to bring your own lawsuit against American Gypsum, NGC, or PABCO at your own expense.  Excluding yourself from the New Settlement Class will have no effect on your rights with respect to the prior settlements with Lafarge, TIN or USG. |
| HIRE YOUR OWN LAWYER | You may, but are not required to, hire your own lawyer at your own expense to advise you of your rights under the settlement.   If you do not request exclusion from the New Settlement Class you may also, but are not required to, enter an appearance in the lawsuit through your attorney. |
| OBJECT BY _____. | If you are a member of the New Settlement Class (and do not exclude yourself), then you may write to the Court to object to the terms of the New Settlement.  Any objection to the New Settlement will pertain only to that settlement, not to the USG, TIN, or LaFarge settlements previously approved by the Court.<br><br>If you are a member of the New Settlement Class, or of the USG, TIN, or LaFarge Settlement Classes, you may object to the Proposed Distribution, the request for attorney's fees and litigation expenses, and/or the Class Representative incentive awards. |

2

## PART 1: GENERAL INFORMATION

### *1.1 Why was this Notice published?*

The Court authorized this Notice because indirect purchasers of Drywall for end use and not for resale have a right to know about the New Settlement and the Proposed Distribution described below and their options regarding these matters. This Notice explains the lawsuit, the New Settlement, and your legal rights and options with respect to the New Settlement and the Proposed Distribution.

The Court in charge of this case is the United States District Court for the Eastern District of Pennsylvania, Judge Michael M. Baylson. This case is known as *In re: Domestic Drywall Antitrust Litigation*, MDL No. 2437 and 13-MD-2437. The indirect purchasers of Drywall who are named in the lawsuit are the Plaintiffs and are also called the Class Representatives. The Defendants—the companies sued by the Plaintiffs—include the major Manufacturers of Drywall, except for CertainTeed Gypsum, Inc. and Georgia Pacific LLC who are not Defendants in this case.

### *1.2 What is the lawsuit about?*

This lawsuit was filed by 220 Golden Gate Associates L.P., Afamefuna Agbodike, Nicholas L. DeMarco, East Island Commercial LLC, John Hauser, Amy Hauser, Geoffrey Jones, Brian Lisonbee, William Perry, Mark Petersen, Todd Ramsay, Alan Shultz, Daniel Stringer, and Kevin Tragesser (collectively, "Plaintiffs" or "Class Representatives") individually and as representatives of all persons in the United States who purchased Drywall manufactured by Defendants indirectly for end use and not for resale. The lawsuit asserts that the Manufacturers conspired, in violation of state and federal antitrust laws, to raise, fix, maintain or stabilize the price of Drywall and, to help further this price-fixing conspiracy, to abolish the industry's long-standing practice of limiting price increases for the duration of a construction project through the use of "job quotes." The lawsuit alleges that as a result of the Manufacturers' alleged conduct, the prices paid for Drywall were higher than they otherwise would have been. Plaintiffs seek to recover three times the actual damages that they allege the Manufacturers' conduct caused, as well as attorneys' fees, expenses and costs. Defendants deny Plaintiffs' allegations, but the Court has found that Plaintiffs have submitted sufficient evidence to allow their claims regarding the alleged conspiracy to go to trial against certain Defendants.

### *1.3 What is a class action lawsuit?*

In a class action, people or entities called class representatives sue on behalf of people or entities that have similar claims. All these entities make up the class and are called class members. The Court then resolves the issues for all class members in a single proceeding, except for those who exclude themselves from the class.

### *1.4 What is the current status of the lawsuit?*

Starting in December 2012, indirect and direct purchasers of Drywall filed lawsuits claiming that the Manufacturers conspired to fix prices, in violation of the federal antitrust laws, and the cases

were consolidated before Judge Baylson in the Eastern District of Pennsylvania. On June 24, 2013, Plaintiffs filed a Consolidated Amended Class Action Complaint (the "Complaint"). Defendants answered the Complaint, denying that they violated the federal antitrust laws and asserting defenses to Plaintiffs' claims.

In February 2015, Plaintiffs reached separate settlement agreements with USG and TIN for $8.75 million and $1.75 million, respectively, and the District Court granted final approval of those settlements on August 20, 2015. In June 2016, Plaintiffs reached a settlement agreement with Lafarge for $5.2 million, and the District Court granted final approval of that settlement on February 28, 2017. As a result of these settlements, USG, TIN, and Lafarge have been dismissed from the case. Notice was previously provided about those settlements; copies of those notices are available at [WEBSITE] or by calling [NUMBER]. More information regarding the proposed distribution of the funds from those settlements can be found in Part 3.

The Court has not resolved the merits of Plaintiffs' claims or determined whether the Plaintiffs' or Defendants' contentions are true. In February 2016, the Court found that Plaintiffs offered sufficient evidence to allow their claims to go forward against Lafarge (which subsequently settled), NGC, American Gypsum, and PABCO. However, the Court found Plaintiffs' evidence insufficient to allow their claims to go forward against CertainTeed.

On August 24, 2017, the Court denied Plaintiffs' motion to certify a class for trial. As described in Part 2, subsequent to the Court's decision, Plaintiffs reached a settlement with the remaining Defendants (NGC, American Gypsum, and PABCO). Case law precedents allow a court to approve a class-based settlement even though the court had denied a class during the litigation.

### 1.5 What is the case caption?

The caption (or title) of the lawsuit is provided here. You need to include the caption with any objection you file to the New Settlement Agreement or the Plan of Distribution.

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: DOMESTIC DRYWALL ANTITRUST LITIGATION** | **MDL No. 2437 13-MD-2437** |
| **THIS DOCUMENT RELATES TO:** **ALL INDIRECT PURCHASER ACTIONS** | |

4

## PART 2: THE NEW SETTLEMENT

### *2.1 The Proposed Settlement with American Gypsum, NGC and PABCO*

Plaintiffs have agreed with American Gypsum, NGC and PABCO to settle the lawsuit on behalf of
the New Settlement Class. The proposed settlement is only with American Gypsum, NGC and
PABCO. Defendants Lafarge, TIN, and USG were previously dismissed as a result of their prior
settlements.

The settlement with American Gypsum, Eagle Materials, NGC, and PABCO provides that the
Settling Defendants will pay $1.25 million, which includes $250,000 allocated for the cost of
notice.

Co-Lead Counsel believes that the New Settlement is fair and in the best interests of the New
Settlement Class Members.

### *2.2    How do I know if I am a member of the New Settlement Class?*

The New Settlement Class[1] includes:

> All persons or entities currently residing in the United States that indirectly purchased
> Drywall in the United States manufactured by any of the Defendants, their subsidiaries,
> affiliates, or joint venturers for end use and not for resale during the Settlement Class Period
> [January 1, 2012-January 5, 2018].

However, even if you meet these requirements, you are not a member of the New Settlement Class
if you are one or the following:

> Excluded from the Settlement Class are Defendants, the officers, directors and
> employees of any Defendant, the parent companies, subsidiaries and affiliates of any
> Defendant, the legal representatives and heirs or assigns of any Defendant, any co-
> conspirators, any state or federal entities or instrumentalities of the federal government

---

[1] Settlements have been reached for this Settlement Class and separately for the settlement class comprised of persons or
entities that purchased Drywall directly from a Defendant or a Defendant's subsidiary ("Direct Purchaser Settlement
Classes"). A separate notice was issued for the Direct Purchaser Settlement Class. You may be a member of the Indirect
Purchaser Settlement Class only if you indirectly purchased Drywall manufactured by a Defendant from a reseller and not
directly from a Defendant or a Defendant's subsidiary or affiliate and may be entitled to share in the monetary recovery if
you made those purchases in certain states. You may be a member of the Direct Purchaser Settlement Classes only if you
directly purchased Drywall from a Defendant or a Defendant's subsidiary. If you purchased Drywall both directly and
indirectly, you may be a member of the Indirect Purchaser Settlement Classes and also the Direct Purchaser Settlement
Classes. As to any specific transaction, a person or entity who purchased Drywall could be either a Direct or Indirect
purchaser, but not both. In that event, the Direct Purchaser must file a separate claim as part of the Direct Purchaser
settlement, for which the deadline may have already passed, and a separate claim in this litigation as an Indirect Purchaser.
No 'double-dipping' is allowed for the same purchase. Any attempt to 'double-dip' by making a claim as both a Direct and
an Indirect Purchaser for the same purchase of drywall will be reported to the court and could result in a criminal charge.
This notice only concerns the Indirect Purchaser Settlement Classes. For more information about the Direct Purchaser
Settlement Classes, visit http://classaction.kccllc.net/content.aspx?c=6330&sh=1.

or of a state, any judicial officer presiding over the Action, any member of his or her immediate family and judicial staff, and any juror assigned to the Action.

You are also not a member of the New Settlement Class if you choose to exclude yourself from the New Settlement Class.

"Indirectly purchased" means purchased from a source other than directly from Defendants, and "end use and not for resale" means drywall not purchased to be sold to someone else.    Thus, for example, contractors purchasing drywall to resell to their customers as part of construction projects would not be class members.  However:

- A commercial or business entity who paid a builder or contractor to renovate or repair an existing office building, professional office, or other establishment that the entity used for business purposes would be a class member.
- A homeowner purchasing drywall through a contractor by hiring a contractor to perform a construction project including drywall purchase and installation would be a class member.
- An individual or business entity purchasing drywall as a stand-alone product at a retailer such as Home Depot or Lowe's for use in a "Do-It-Yourself" project would be a class member.

An individual or entity indirectly purchasing drywall for end use does not stop being a class member if they later sold the property for which they purchased drywall.  If you have questions about whether you are a class member, you can call [NUMBER].

The New Settlement recovers money for the benefit of class members located in or making a purchase in or from an entity located in Arizona, Arkansas, California, the District of Columbia, Florida, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Puerto Rico, Rhode Island, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin ("Statewide Damages Class").  These states and the District of Columbia have antitrust and/or consumer protection laws permitting consumers to sue for damages for antitrust violations. If you made your relevant purchases of Drywall outside of these states, you cannot make a claim for damages.  The Plan of Allocation, set forth in paragraph 3.3 of this Notice, explains how the settlement proceeds will be allocated.

### 2.3    *What am I giving up if I stay in the New Settlement Class?*

By staying in the New Settlement Class you will give up your right to individually sue American Gypsum, NGC and PABCO for claims related to their alleged violations of the federal antitrust laws, as set forth in the Complaint.  That means you cannot sue, continue to sue, or be part of any other lawsuit against American Gypsum, NGC or PABCO for the claims asserted in this lawsuit against American Gypsum, NGC and PABCO.  It also means that all of the Court's rulings will apply to you with respect to American Gypsum, NGC, or PABCO and legally bind you, whether favorable or unfavorable to the New Settlement Class.

### 2.4    *Will I receive money from the New Settlement?*

6

Co-Lead Counsel will ask the Court to distribute the funds from the New Settlement (and prior settlements) to Statewide Damages Class members submitting valid claims.  Part 3 of this Notice explains how to submit claims.  Except as provided elsewhere in this Notice, it is Co-Lead Counsel's intention to hold the funds received in an interest-bearing account until the Court orders the funds to be distributed.  Co-Lead Counsel will also be asking for an award of attorneys' fees, reimbursement of litigation expenses and service awards for Plaintiffs for their service to the settlement classes.

### 2.5    The Settlement Hearing and objecting to the New Settlement.

The Court will hold a hearing on _____ at the James A. Byrne United States Courthouse, 601 Market Street, Philadelphia, PA 19106, Courtroom 3A, to consider whether the New Settlement is fair and should be approved.  The Court may also consider whether to approve Plaintiffs' proposed distribution of the settlement funds as described in Part 3 below.  The hearing may be continued or rescheduled without further notice.

If you do not exclude yourself from the New Settlement Class, you may object to the terms of the New Settlement Agreement.  Your objection must be in writing, include the caption of this litigation (provided on page 3 of this Notice), state the nature and grounds for your objection, be signed by you, and be filed no later than _____with the Clerk of Court, United States District Court for the Eastern District of Pennsylvania, James A. Byrne United States Courthouse, 601 Market Street, Philadelphia, PA 19106, with copies mailed to Co-Lead Counsel (addresses provided in Section 2.9 below).  If you do not object to the New Settlement or Plaintiffs' proposed distribution of the settlement funds (see Section 3.3 below), you do not need to appear at the hearing or take any other action at this time.

### 2.6    How do I exclude myself from the New Settlement Class?

If you want to exclude yourself from the New Settlement Class, you must mail a written request to be excluded to the Domestic Drywall Class Administrator at the following address: _____. The written request must include your name and address and specifically state that you request exclusion from the New Settlement Class.  The written request must be postmarked no later than _____.  If you elect to be excluded from the New Settlement Class, you will not be legally bound by any judgment dismissing American Gypsum, NGC and PABCO from the lawsuit and will remain free to pursue any legal rights you may have, including bringing a lawsuit, against American Gypsum, NGC or PABCO at your own expense.  If you are excluded from the New Settlement Class, you will not receive any money or other benefits which are awarded to the New Settlement Class, and you will not be allowed to object to the New Settlement, as described in Section 2.5 above.

### 2.7    What is the difference between objecting to the New Settlement and requesting exclusion from the New Settlement Class?

Objecting is simply telling the Court that you do not like something about the New Settlement.  You can object to the New Settlement only if you do not exclude yourself from the New Settlement Class. Excluding yourself is telling the Court that you do not want to participate in the New Settlement.  If

you exclude yourself from the New Settlement Class, you cannot object because the New Settlement no longer affects you.

### 2.8    *Do I have a lawyer in this case?*

The Court appointed the following law firms to represent the New Settlement Class:

> BLOCK & LEVITON LLP
> 155 Federal Street, Suite 400
> Boston, MA 02110
> Tel:  (617) 398-5600

> FINKELSTEIN THOMPSON LLP
> 3201 New Mexico Ave, Suite 395
> Washington, DC 20007
> Tel: (202) 337-8000

> GREEN & NOBLIN, PC
> 700 Larkspur Landing Circle, Suite 275
> Larkspur, CA 94939
> Tel:  (415) 477-6700

### 2.9    *How will the lawyers be paid?*

Attorneys for the New Settlement Class are litigating this case on a completely contingent fee basis, meaning that you are not personally responsible for the attorneys' fees, costs, or expenses in the case.  As described below in Part 3, Co-Lead Counsel intends to ask the Court for attorneys' fees and reimbursement of litigation expenses from the New Settlement and the earlier settlements.  The Court can approve or deny any such a request.

### 2.10    *If I stay in the New Settlement Class, may I enter an appearance in the litigation through an attorney at my own expense?*

If you stay in the New Settlement Class, you may, but do not have to, enter an appearance in the lawsuit through an attorney at your own expense.

### 2.11    *What happens if I do nothing at all?*

If you are a member of the New Settlement Class and you choose to take no action, your interests as a member of the New Settlement Class will be represented by the Plaintiffs and Co-Lead Counsel and you will be bound by any decision or judgment entered by the Court with regard to the New Settlement.  You will not be able to start or continue with a lawsuit against American Gypsum, NGC, or PABCO regarding the claims described herein.
If you do not submit a claim in accordance with the procedures set forth in Part 3 of this Notice, you will not receive anything from the settlement fund.  Paragraph 3.2 of this Notice describes who is entitled to submit a claim.  As a member of the New Settlement Class, you will not be personally

responsible for attorneys' fees, costs or litigation expenses; any attorneys' fees, costs and expenses will be awarded by the Court, and paid out of the total recovery, as described in Part 3.

## PART 3: DISTRIBUTION OF THE SETTLEMENT FUNDS

### 3.1 What settlement funds are to be distributed?

Plaintiffs in this case previously reached settlements with Lafarge, TIN, and USG totaling a combined $15.7 million. Co-Lead Counsel has not previously asked the Court to distribute any of the funds from the prior settlements to settlement class members and the settlement funds are being held in an interest-bearing account. If the Court approves the New Settlement, Co-Lead Counsel will now ask the Court to distribute the funds from each of the settlements (including the New Settlement), after deduction of attorneys' fees, litigation expenses and any service awards to the Class Representatives.

The funds from all the settlements in the litigation (that is, the USG, TIN, Lafarge, and New Settlements), including any accrued interest, will be combined in a single Combined Settlement Fund. Any entity that is eligible to receive a payment under the Plan of Allocation that submits a valid claim will be entitled to receive a payment.

### 3.2 How do I Submit a Claim?

If you are eligible to receive a payment under the Plan of Allocation and want to make a claim from the Settlement Fund, you must complete and submit a Claim Form. We urge you to submit a claim online at http://www.indirectdrywallsettlement.com/. If you do not file online, you can also submit a claim by mail.

The Claim Form can be found and completed or downloaded at http://www.indirectdrywallsettlement.com/, or you can obtain a copy by calling the Settlement Administrator toll free at _____. If you choose to submit your claim online, you must do so on or before _____ If you choose to submit a Claim Form by mail, it must be postmarked by _____, and mailed to: _____.

### 3.3 How will the settlement funds be distributed?

The Net Combined Settlement Fund (the Combined Settlement Fund less any Court-awarded attorneys' fees, expenses, and service awards) will be distributed to Statewide Damages Class (defined in paragraph 2.2 of the Notice) members submitting claims showing individual purchases of Drywall between **January 1, 2012 and December 31, 2013** ("Claims Period") indirectly for end use and not for resale. State and local entities purchasing Drywall for end use and not for resale may also submit claims but will have their claims discounted as set forth below. The Plan of Allocation does not provide for a monetary recovery for anyone that does not fit these criteria.

The Net Combined Settlement Fund will be allocated to two groups of Statewide Damages Class Members. These groups are:

9

- **17%** of the Net Combined Settlement Fund will be allocated to the Do-It-Yourself Homeowner Group.  The Do-It-Yourself Homeowner Group includes all Statewide Damages Class members' purchases of stand-alone drywall for use in a project they performed in their own home.  Thus, this group includes all individuals purchasing drywall at a retailer (such as Home Depot, Lowe's, or Menards) who used that drywall for a home repair or remodeling project they performed.

- **83%** of the Net Combined Settlement Fund will be allocated to all other Statewide Damages Class members.  Claimants in this group therefore include all businesses or commercial Statewide Damages Class members, as well as any person or entity paying a contractor for a repair or remodeling project including Drywall.

Within each group, funds will be distributed *pro rata* in accordance with the claimant's Recognized Claim Amount, computed as described below.  There will be a $50 floor for recovery, meaning only claimants entitled to a payment of $50 or more will receive a check.  A claimant's Recognized Claim Amount will be computed as follows:

- o  Claimants submitting proof of purchase during the Claims Period that shows the price they paid for Drywall will have those purchases valued at 100% for purposes of computing a Recognized Claim Amount.

- o  Claimants unable to provide any proof of purchase during the Claims Period may sign a declaration in which they attest to (1) the number of sheets of drywall they purchased, or (2) the square footage of the drywall installed in their homes.  The drywall will be valued at $11 a sheet to compute the class members' estimated purchase price.  These class members will have those purchases valued at 75% (or $0.75 on the dollar) for purposes of computing a Recognized Claim Amount and will be subject to a $100 cap on any settlement payment they will receive.

- o  Any state entities submitting claims will additionally have their claims valued at 61% (or $0.61 on the dollar), after the above calculations are applied, to compute their Recognized Purchase Amount.  This reflects that TIN and USG did not exclude state entities from their settlements, and that TIN and USG collectively contributed approximately 61% to the Settlement Fund.

### 3.4 How will the lawyers be paid?

Since they filed this case, the attorneys representing the Settlement Classes have not received any payment for their services in prosecuting the lawsuit.  Consistent with disclosures in the prior notices, the Court previously approved payments totaling approximately $670,000 from the TIN, USG, and Lafarge settlement funds to cover ongoing pretrial litigation expenses, primarily for expenses incurred in connection with economic experts.

If the Court approves the proposed New Settlement, Co-Lead Counsel will ask the Court to award attorneys' fees of up to one-third of the Combined Settlement Fund, plus reimbursement of

10

expenses that they incurred in the litigation and administering the settlement funds. Co-Lead Counsel will file their petition for attorneys' fees and reimbursement of expenses with the Court by [DATE]. A copy of the petition will be posted on [WEBSITE] or can be obtained by calling XXXXXXXX.

Any attorneys' fees and reimbursement of litigation expenses will be awarded only as approved by the Court in amounts determined to be fair and reasonable. If you wish to object to the petition for attorneys' fees and reimbursement of litigation expenses, you may do so, but only by following the instructions in Section 3.6 below.

### 3.5    Will the Plaintiffs receive anything for the time and effort they contributed to the lawsuit?

If the Court approves the proposed New Settlement, Co-Lead Counsel will ask the Court to award the Class Representatives up to $6,000 each for the time and effort they contributed to the prosecution of this litigation. These service awards would be paid from the Combined Settlement Fund.

Any service awards will be awarded only as approved by the Court in amounts determined to be fair and reasonable. If you wish to object to the proposed service awards, you may do so, but only by following the instructions in Section 3.6 below.

### 3.6    How do I object to the proposed distribution, Co-Lead Counsel's request for attorneys' fees and reimbursement of litigation expenses, or service awards for the Class Representatives?

If you wish to object to the proposed distribution (including the plan of distribution, request for attorneys' fees, request for reimbursement of litigation expenses, and/or request for service awards), you must specify, in writing all of your objections to the proposal and the basis for those objections, as well as: (i) the caption of this litigation (provided on page 3 of this Notice); (ii) the name, address, and telephone number of the person or entity objecting and, if represented by a lawyer, of his or her lawyer; and (iii) a statement describing any purchases of drywall you made within any Class Period, including the date and location of those purchases and, if known, the cost of those purchases and the manufacturer of the drywall you purchased.

Your objection must be filed no later than _____ with the Clerk of Court, United States District Court for the Eastern District of Pennsylvania, James A. Byrne United States Courthouse, 601 Market Street, Philadelphia, PA 19106, with copies mailed to Co-Lead Counsel (addresses provided in Section 2.8 above).

At the Settlement Hearing described in Section 2.5 above, the Court will also consider whether Co-Lead Counsel's proposed distribution (including the plan of distribution, request for attorneys' fees, request for reimbursement of litigation expenses, and/or request for service awards) is fair and should be approved.

## PART 4: GETTING MORE INFORMATION

### 4.1 How can I get more information?

11

This notice is only a summary of the Court's decision. You may obtain more information by visiting _____ or by calling 1-888-706-3401.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK OF THE COURT OR DEFENDANTS. IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTICE, PLEASE DIRECT THEM ONLY TO THE DOMESTIC DRYWALL CLASS ADMINISTRATOR**