IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DOMESTIC DRYWALL ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>Ashton Woods Holdings LLC, et al.,<br>    Plaintiffs,<br><br>    v.<br><br>USG Corp., et al.,<br>    Defendants. | CIVIL ACTION<br><br>MDL No. 13-2437<br><br>15-cv-1712 |

## MEMORANDUM RE: DEFENDANT PABCO'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFFS' MOTION TO STRIKE

**Baylson, J.**                                                                                            **October 11, 2018**

This action was brought by twelve large homebuilders ("Homebuilder Plaintiffs") in the United States seeking damages for Sherman Act violations by seven (7) separate defendants. This case was consolidated by the Judicial Panel on Multidistrict Litigation with other similar cases already pending in this Court for pretrial litigation purposes only. After several years of litigation, the two classes of drywall purchasers, both Direct and Indirect Purchasers, have reached settlements. The Court has already approved the Direct Purchaser settlement and a request for approval of the Indirect Purchaser settlement is pending.

Although several Defendants have settled with the Homebuilder Plaintiffs, PABCO has not. This Court denied PABCO's prior motion for summary judgment as reported at 163 F. Supp. 3d 175 (Feb. 18, 2016). (Mot., ECF 309).

Following the class certification settlements in this case, Defendant PABCO has again moved for summary judgment on "liability issues" heavily relying on a recent Third Circuit case, Valspar Corporation v. DuPont, 873 F.3d 185 (Sept. 14, 2017), which was handed down after

PABCO asserts that the Valspar Third Circuit decision requires this Court to reconsider and change its holding denying summary judgment. Plaintiff Homebuilders have answered this Motion for Summary Judgment with a Motion to Strike. (ECF 310).[1]

Having carefully reviewed the Valspar decision and this Court's earlier decision, the Court will deny the PABCO's Motion and grant the Plaintiffs' Motion to Strike.

Valspar is, of course, a binding precedent and this Court recognizes it is an important decision in a sequence of precedential antitrust decisions by the Third Circuit on summary judgment motions. Nonetheless, this Court believes that its own analysis of PABCO's prior Motions for Summary Judgment in the class actions, and denying them at least as to PABCO, was well grounded in existing Third Circuit law, and Valspar does not require or not allow for reconsideration or reversal.

The Valspar decision carefully continued the Third Circuit's analysis of facts presented of record, taken in the light most favorable to the non-moving party in the context of antitrust law. As is customary, the Third Circuit not only applied traditional summary judgment standards, but also the unique standards that it has consistently held are applicable in antitrust cases charging a price fixing conspiracy, particularly in the context of an oligopoly and facts about pricing, which have been historically referred to as "conscious parallelism."

---

[1] Plaintiffs Motion to Strike addresses the summary judgment motions by Defendant PABCO, New NGC, Inc. ("National"), and USG Corporation, United States Gypsum Company, and L&W Supple Corporation (collectively "USG Defendants"). In this memorandum we address only PABCO's motion, as National has since settled with Plaintiffs, rendering its motion moot. (See ECF 331.) USG Defendants' motion is addressed separately in an Order filed this date.

In Judge Hardiman's decision, the Circuit Court recognized that conscious parallelism, standing alone, does not prove any conspiracy to fix prices, but that a court must apply so-called "plus factors" and then determine, from the evidence considered as a whole, whether it was more likely or not that the defendants had agreed upon prices.

Judge Hardiman's careful analysis of the facts in Vaspar is similar to this Court's analysis of the facts, in denying PABCO's prior motion for summary judgment in the class cases. See 163 F. Supp. 3d at 251-259. Consistent with Judge Hardiman's emphasis on the third plus factor, traditional conspiracy evidence, this Court noted a number of communications between PABCO and other drywall manufacturers that would allow a jury to find an agreement on prices. Id. at 255-257.

Judge Hardiman's opinion in Valspar relies heavily on three recent Third Circuit cases, In re Baby Food Antitrust Litig., 166 F.3d 112 (3d Cir. 1999), In Re Flat Glass Antitrust Litig., 383 F.3d 350 (3d Cir. 2004), and In Re Chocolate Confectionary Antitrust Litig., 801 F.3d 383 (3d Cir. 2015), which are three of the precedents that this Court also relied upon. See, e.g., 163 F. Supp. 3d at 192-94.

Contrary to PABCO's arguments, this Court did not ignore or violate the standards set forth in Valspar, nor did it ignore or violate the standards set forth in any of the three cases cited above.

What distinguishes this case from Vaspar is that in considering the plus factors in this case, there was evidence of "traditional" conspiratorial evidence, specifically as to PABCO. See 163 F. Supp. 3d at 255-57 (discussing emails from PABCO's Director of Sales and VP of Sales and Marketing related to the decision to eliminate job quotes and coordinated behavior among manufacturers).

The Valspar decision clearly holds that there was no such evidence as to DuPont and this absence of evidence was the major factor in affirming the grant of summary judgment in favor of DuPont by the district court. Valspar, 873 F.3d at 202 ("Valspar did not offer any single **FORM (check)** of evidence that would have gotten it close to showing that a conspiracy is more likely than not.")

We also note that following this Court's decision denying summary judgment to all defendants which had moved for summary judgment (but one), this Court granted non-settling defendants' motion for certification under 28 U.S.C. § 1292(b), for interlocutory appeal. (See 13-2437, ECF 391). We determined that the statutory prerequisites for interlocutory appeal were satisfied, and cited the district court's decision in Valspar, with a note that "if the Third Circuit affirms Valspar in a precedential opinion, this Court may reconsider its summary judgment decision." (13-cv-2437, ECF 384). However, the Third Circuit rejected the defendants' request for certification in this case.

Vaspar continued the well-settled Third Circuit standards for adjudicating summary judgment motions in antitrust cases charging price agreements in violation of the Sherman Act. Because of the absence of any "plus factors" as to DuPont, the Third Circuit affirmed the grant of summary judgment by the district court. To the contrary, in view of the evidence of plus factors applicable to PABCO, as set forth in detail in this Court's prior opinion denying summary judgment, PABCO does not have any right to a second "bite at the summary judgment apple" – but it retains its defenses for trial, as this Court has only upheld the sufficiency of the Plaintiffs' evidence to allow a jury to find that there was an agreement. This Court's prior denial of PABCO's summary judgment motion in no way relieves Homebuilder Plaintiffs of proving to

the satisfaction of a jury that PABCO was in fact a member of a conspiracy to fix prices of drywall.

In sum, as explained in our extensive February 18, 2016 decision, Defendant PABCO has not demonstrated that there is no genuine issue of material fact as to the alleged conspiracy, and has not shown that <u>Valspar</u> changes Third Circuit law or requires this Court to conclude that its prior decision as to PABCO was erroneous. We will therefore grant the Homebuilder Plaintiffs' motion to strike as to PABCO only.

An appropriate order follows.

O:\13-MD-2437 - drywall\15cv1712 Memorandum re Def MSJ and Pl Mot to Strike.docx