IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DOMESTIC DRYWALL ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL INDIRECT PURCHASER ACTIONS | MDL No. 2437<br>13-MD-2437 |

**FILED**
OCT 26 2018
KATE BARKMAN, Clerk
By_____Dep. Clerk

## ~~(PROPOSED)~~ FINAL JUDGMENT ORDER

Indirect Purchaser Plaintiffs ("Plaintiffs"), individually and on behalf of a class of indirect purchasers of gypsum wallboard (the "Settlement Class"), and Defendants American Gypsum Company LLC, New NGC, Inc., and PABCO Building Products, LLC ("Settling Defendants") entered into a Settlement Agreement dated January 5, 2018 (the "Settlement Agreement") to fully and finally resolve the Settlement Class's claims against Settling Defendants (the "Settlement"). On January 5, 2018, Plaintiffs moved the Court for an order preliminarily approving the Settlement, authorizing Plaintiffs to disseminate notice to the Settlement Class members, and scheduling a hearing to determine whether the Settlement is fair, reasonable and adequate and should be finally approved pursuant to Fed. R. Civ. P. 23(e). By order entered June 6, 2018 (the "Preliminary Approval Order"), the Court granted preliminary approval of the Settlement, certified the Settlement Class for purposes of sending notice to the Settlement Class members, and authorized the Plaintiffs to disseminate notice of the Settlement, the fairness hearing, and related matters to the Settlement Class members. Notice has been provided to the Settlement Class members and the appropriate governmental entities under the Class Action Fairness Act, pursuant to the Preliminary Approval Order. The Court held a hearing on the fairness of the Settlement on October 25, 2018.

The Court has considered the Settlement Agreement, Plaintiffs' Motion for Final Approval of the Proposed Settlement with Settling Defendants, the arguments presented at the fairness hearing, and the entire record in this matter, AND NOW, this 25th day of October, 2018, it is hereby ORDERED that:

1. The Court has jurisdiction over the subject matter of this litigation.

2. Terms capitalized in this Final Judgment Order and not otherwise defined differently herein have the same meanings as they have in the Settlement Agreement.

3. The Preliminary Approval Order outlined the form and manner by which the Plaintiffs would provide the Settlement Class members with notice of the Settlement, the fairness hearing, and related matters. Proof that the notice provided conformed with the Preliminary Approval Order has been filed with the Court. Due and adequate notice has been provided to the Settlement Class members in compliance with Fed. R. Civ. P. 23, and the requirements of due process.

4. The Settlement was entered into by Plaintiffs and Settling Defendants in good faith following an extensive investigation of the facts, substantial discovery sufficient for experienced plaintiffs' counsel to evaluate the matter, a summary judgment ruling as to Settling Defendants and other Defendants, and a class certification ruling. It resulted from vigorous arm's-length negotiations, which were undertaken by counsel with significant experience litigating antitrust class actions.

5. Final approval of the Settlement with Settling Defendants is hereby granted pursuant to Fed. R. Civ. P. 23(e) because it is fair, reasonable, and adequate to the Settlement Class members. In reaching this conclusion, the Court considered: (1) the amount of the Settlement payment (2) the complexity, expense, and likely duration of the litigation; and (3) the Settling Defendants Settlement Class members' reaction to the Settlement.

6. The Settlement Classes provisionally certified by the Court in its Preliminary Approval Order are certified as classes pursuant to Rule 23 of the Federal Rules of Civil Procedure

for purposes of the Settlement with Settling Defendants, and are defined as follows:

> **Nationwide Class:** All persons or entities currently residing in the United States that indirectly purchased Wallboard in the United States manufactured by any of the Defendants, their subsidiaries, affiliates, or joint venturers for end use and not for resale during the Settlement Class Period.
>
> **State Damages Class:** All persons or entities currently residing in the United States that indirectly purchased Wallboard in or from an entity located in Arizona, Arkansas, California, the District of Columbia, Florida, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Puerto Rico, Rhode Island, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin manufactured by any of the Defendants, their subsidiaries, affiliates, or joint venturers for end use and not for resale during the Settlement Class Period.

Excluded from the Settlement Class are Defendants, the officers, directors and employees of any Defendant, the parent companies, subsidiaries and affiliates of any Defendant, the legal representatives and heirs or assigns of any Defendant, any co-conspirators, any state or federal entities or instrumentalities of the federal government or of a state, any judicial officer presiding over the Action, any member of his or her immediate family and judicial staff, and any juror assigned to the Action.

7. The Court's certification of the Settlement Class is without prejudice to, or waiver of, the rights of the Settling Defendants to contest certification of any other class proposed in MDL No. 2437. The Court's findings in this Final Judgment Order shall have no effect on the Court's ruling on any motion to certify any other class in MDL No. 2437 and no party may cite or refer to the Court's approval of the Settlement Class as compelling the same result with respect to any motion to certify any other class in MDL No. 2437.

8. The persons and entities identified on the attached Exhibit A have timely and validly requested exclusion from the Settlement Class. Those persons and entities are not included in or bound by this Final Judgment Order or the final judgment regarding Settling Defendants.

9. All of Plaintiffs' claims against Settling Defendants in the Indirect Purchasers'

Consolidated Amended Class Action Complaint and Demand for Jury Trial are dismissed with prejudice and without costs (except as provided for in the Settlement Agreement).

10. Plaintiffs and the Settlement Class Members, their heirs, executors, and administrators, all of their current and former parents, subsidiaries, affiliates, predecessors, or successors and all current and former officers, directors, attorneys, representatives, agents, and employees of each of the foregoing entities, and all assignees of any claim that is subject to the Release (collectively, "Releasors") are permanently barred and enjoined from prosecuting against Settling Defendants and all of their current and former parents, subsidiaries, affiliates, predecessors, successors, or assigns and all current and former officers, directors, attorneys, representatives, agents, and employees of each of the foregoing entities (collectively, "Releasees") any and all claims, demands, actions, suits, injuries, causes of action, and damages of any nature, whenever and however incurred (whether actual, punitive, treble, compensatory, or otherwise), including, without limitation, costs, fees, expenses, penalties, and attorneys' fees, whether class, individual, or otherwise in nature, that Releasors, or any of them, ever had, now has, or hereafter can, shall, or may have, directly, representatively, derivatively, or in any other capacity, against Releasees (or any of them), whether known or unknown, suspected or unsuspected, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, asserted or unasserted, whether in law or equity or otherwise, in whole or in part or arising out of or relating in any way to any conduct, act, or omission of Releasees (or any of them) prior to and including the Execution Date, concerning any of the facts, occurrences, transactions, agreements, conspiracies, communications, announcements, notices, or other matters alleged in the Action against Settling Defendants that arise under any federal, state, or common law, including, without limitation, the Sherman Act, 15 U.S.C. § 1 et seq., and any federal or state antitrust, unfair competition, unfair practices, price discrimination, unjust enrichment, unitary pricing, or trade practice law, including but not limited to any causes of action asserted or that could have been or could still be alleged or asserted, in any class action complaints filed in this Action or

related actions, which collectively includes, without limitation, any action transferred to this multidistrict litigation proceeding (the "Released Claims"). Releasors shall not, after the Effective Date of this Agreement, seek to recover from any Releasee based, in whole or in part, upon any of the Released Claims or conduct at issue in the Released Claims. Released Claims do not include any claims arising out of the enforcement of this Settlement Agreement. The term Releasees does not include any Defendant in the Action other than Settling Defendants, including any other Defendants' current and former parents, their predecessors, affiliates, assigns, successors, subsidiaries, attorneys, and their officers, directors, representatives, and employees in their capacity associated solely with a Defendant other than Settling Defendants and not in association with Settling Defendants. Nothing herein shall release: (a) any claims based upon direct purchases of Wallboard brought by prospective members of any class of direct purchasers (the "Direct Purchaser Class"); or (b) claims arising in the ordinary course of business for any product defect, breach of contract, or other contract, product performance or warranty claims relating to Wallboard.

  11. Releasors have expressly waived and released any and all provisions, rights, and benefits conferred by Section 1542 of the California Civil Code, which states: CERTAIN CLAIMS NOT AFFECTED BY GENERAL RELEASE. A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR; or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to Section 1542 of the California Civil Code. Each Releasor may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject of the provisions of Paragraph 10 of this Final Judgment Order, but each Releasor has expressly waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, contingent or non-contingent claim with respect to the subject

matter of the provisions of Paragraph 10 of this Final Judgment Order, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

12. The Escrow Account into which Settling Defendants have deposited the Settlement Amount, plus accrued interest thereon, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

13. Neither the Settlement Agreement, nor any act performed or document executed pursuant to the Settlement Agreement, constitutes an admission of wrongdoing by any party in any civil, criminal, administrative, or other proceeding in any jurisdiction.

14. This Final Judgment Order does not settle or compromise any claims by the Plaintiffs against the other Defendants or any other person or entity other than Settling Defendants and the other Releasees, and all rights against any of the other Defendants or other person or entity have been specifically reserved by the Plaintiffs.

15. Without affecting the finality of this Final Judgment Order, the Court retains exclusive jurisdiction over: (a) the Final Judgment Order; (b) the Settlement Agreement; and (c) any application for disbursement of the Settlement Fund made by Interim Co-Lead Counsel.

16. Pursuant to Fed. R. Civ. P. 54(b), the Court finds that there is no just reason for delay and directs the entry of final judgment as to Settling Defendants.

BY THE COURT:

MICHAEL M. BAYLSON, U.S.D.J.

## EXHIBIT A – REQUESTS FOR EXCLUSION

1. Ashton Woods USA L.L.C., and the following entities:
    a. Ashton Woods Holding L.L.C.
    b. Ashton Atlanta Residential, L.L.C.
    c. Ashton Dallas Residential 1.1. C.
    d. Ashton Houston Residential L.L.C.
    e. Ashton Orlando Residential L.L.C.
    f. Ashton Tampa Residential, LLC
    g. Ashton Charleston Residential 1.1. C.
    h. Ashton Raleigh Residential L.L.c.
    i. Ashton Austin Residential L.L.c.
    j. Ashton San Antonio Residential L.L.C.
    k. Ashton Woods Construction, LLC

2. Beazer Homes USA, Inc, and the following entities:
    a. Beazer Homes Holding Corp
    b. Beazer Homes Holdings, LLC
    c. Beazer Homes Corp.
    d. Beazer Homes Texas, L.P.
    e. Beazer Homes Indiana LLP
    f. Beazer Homes Holdings, LLC
    g. Beazer Homes, LLC

3. CalAtlantic Group, Inc.

4. The Drees Company, and the following entities:
    a. Drees Custom Homes L.P.
    b. Drees Premier Homes, Inc.
    c. Drees Homes of Florida, Inc.
    d. Saber Ridge, L.L.C.
    e. Ausherman Homes, Inc.

5. D.R. Horton, Inc., and the following entities:
    a. D.R. Horton, Inc.
    b. D.R. Horton Los Angeles Holding Company, Inc.
    c. D.R. Horton, Inc. - Torrey
    d. CHI Construction Company
    e. Continental Homes of Texas, L.P.
    f. DRH Cambridge Homes, Inc.
    g. D.R. Horton, Inc. - New Jersey
    h. D.R. Horton, Inc. - Jacksonville
    i. D.R. Horton, Inc. - Minnesota
    j. D.R. Horton - Texas, Ltd.
    k. D.R. Horton, Inc. - Birmingham
    l. Western Pacific Housing, Inc.
    m. D.R. Horton, Inc. - Dietz-Crane

      n. D.R. Horton BAY, Inc.
      o. D.R. Horton, Inc. - Sacramento
      p. D.R. Horton, Inc. - Gulf Coast
      q. D.R. Horton, Inc. - Greensboro
      r. D.R. Horton VEN, Inc.
      s. D.R. Horton - Emerald, Ltd.
      t. DRH Southwest Construction, Inc.
      u. Melody Homes, Inc.
      v. Surprise Village North, LLC
      w. D.R. Horton, Inc. - Huntsville
      x. D.R. Horton - Schuler Homes, LLC
      y. KDB Homes, Inc.
      z. D.R. Horton, Inc. - Portland
      aa. Continental Residential, Inc.
      bb. D.R. Horton - Crown, LLC
      cc. D.R. Horton - Regent, LLC
      dd. SSHI LLC
      ee. D.R. Horton CA2, Inc.
      ff. D.R. Horton CA3, Inc.
      gg. DRH Construction, Inc.
      hh. DRH Tucson Construction, Inc.
      ii. Hadian, LLC
      jj. Kaomalo LLC
      kk. Pacific Ridge - DRH, LLC

6. Hovnanian Enterprises, Inc.

7. KB Home.

8. M/I Homes. Inc., and the following entities:

      a. M/I Homes, Inc.
      b. M/I Homes Service, LLC
      c. M/I Homes of Indiana, L.P.
      d. M/I Homes of Tampa, LLC
      e. M/I Homes of Orlando, LLC
      f. M/I Homes of Central Ohio, LLC
      g. M/I Homes of Cincinnati, LLC
      h. M/I Homes of Raleigh, LLC
      i. M/I Homes of Charlotte, LLC
      j. M/I Homes of DC, LLC
      k. M/I Homes of Chicago, LLC
      l. M/I Homes of Houston, LLC
      m. M/I Homes of San Antonio, LLC
      n. M/I Homes of Austin, LLC
      o. M/I Homes of DFW, LLC

      p. M/I Homes of West Palm Beach, LLC
      q. M/I Homes of Minneapolis/St. Paul, LLC
      r. M/I Homes of Sarasota, LLC

9. Pulte Home Corporation.

10. Toll Brothers, Inc., and each of its subsidiaries and affiliates, including:
      a. Jupiter CC L.L.C.
      b. Provost Square I L.L.C.
      c. TMF Kent Partners L.L.C.

11. TRI Pointe Homes, Inc., and the following businesses:
      a. TRI Pointe Homes, Inc.
      b. TRI Pointe Contractors, LP
      c. The Quadrant Corporation
      d. Winchester Homes Inc.
      e. Maracay Homes, L.L.C.
      f. Trendmaker Homes, Inc.
      g. Pardee Homes
      h. Pardee Homes of Nevada

12. Meritage Homes Corporation.