# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DOMESTIC DRYWALL ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>Ashton Woods Holdings LLC, et al.,<br>    Plaintiffs,<br><br>v.<br><br>USG Corp., et al.,<br>    Defendants | CIVIL ACTION<br><br>MDL No. 13-2437<br><br>15-cv-1712 |

Baylson, J.                                                                                                                                          July 24, 2019

**MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT (CHOICE-OF-LAW)**

1. On July 8, 2019, this Court filed an opinion denying Defendants' Motion for Summary Judgment on Choice-of-Law (ECF 316) as to state antitrust claims brought by Plaintiffs in "repealer" states (ECF 390, 391, "July 8 Opinion"). As to claims brought by Plaintiffs in "non-repealer" states, the Court left open the possibility of supplemental briefing for Defendants to satisfy their burden of showing that California's Cartwright Act should not apply under California's choice-of-law rules. The Court asked the parties to submit memoranda reflecting their positions on supplemental briefing. Plaintiffs have disputed the propriety of supplemental briefs, and Defendants have requested that the Court set a schedule for supplemental briefing (ECF 394, 395).

2. The Court held a recorded telephone conference on July 18, 2019 (ECF 399), during which the parties raised their arguments on the issue of supplemental briefing, and the Court promised a prompt ruling, which will follow below.

3. As noted on the telephone conference, counsel for Plaintiffs and Defendant L&W Supply Corporation have scheduled a mediation for August 6, 2019, and the Court feels that it is in the interest of fairness and judicial efficiency to rule on the choice-of-law issue at this time.

4. The choice-of-law analysis to determine the law applicable to state antitrust claims brought by Plaintiffs in non-repealer states is a complicated legal issue. Based on the parties' briefing and oral argument, there are several possibilities for the governing law:

   a. Defendants' corporate headquarters;

   b. Plaintiffs' corporate headquarters and/or principal places of business;

   c. The state where each purchase order originated; or

   d. The state where each purchase order was received.

5. In the briefs, at oral argument, and during the telephone conference, Defendants asserted that the antitrust laws of the states where Plaintiffs are headquartered should govern.

6. In the July 8 Opinion, the Court cited the en banc decision of In re Hyundai & Kia Fuel Economy Litigation, 926 F.3d 539 (9th Cir. 2019). Hyundai involved an appeal from the certification of a nationwide class for settlement purposes. As relevant to this case, the Ninth Circuit in Hyundai held that objectors who challenged the application of California law to the settlement class failed to meet their burden of showing that California law did not apply. See id. at 562–64. In reaching this conclusion, the Ninth Circuit noted that because the objectors' filings failed to do more than "not[e] cursorily some differences" between the laws of the relevant states, the district court properly concluded that California law applied. Id. at 562 n.6. The Ninth Circuit rejected the proposition that the district court was required to conduct a sua sponte survey of every state's law when the objectors had

failed to do so. Id. As the Ninth Circuit noted, "no case law support[ed] this unduly burdensome task." Id.

7. While this en banc decision provided this Court with important guidance, Hyundai endorsed the well-settled rule in the Ninth Circuit that where proponents of foreign law do not meet their burden at any step of California's choice-of-law analysis, a court may properly find California law applicable. See id. at 562 (quoting Pokorny v. Quixtar, Inc., 601 F.3d 987, 995 (9th Cir. 2010) (quoting Wash. Mut. Bank, FA v. Superior Court, 15 P.3d 1071, 1081 (Cal. 2001))). As detailed in the July 8 Opinion, Defendants, as the proponents of foreign law, bear the burden of establishing that California law should not apply to Plaintiffs' state antitrust claims.

8. The Court concluded in the July 8 Opinion that Defendants failed to meet their burden on the second step of the choice-of-law analysis as to non-repealer states, and Defendants have not provided any justification for their failure to do so. As noted in Hyundai, no case law in the Ninth Circuit suggests that this Court is obligated to conduct its own research to make up for the inadequacy of Defendants' briefing. Nor does Ninth Circuit precedent indicate that this Court is required to give Defendants a second bite at the apple.

9. As a result, the Court has determined not to allow any supplemental briefing. Following Hyundai and the established rule in the Ninth Circuit, as Defendants have failed to meet their burden on the second step of the choice-of-law analysis as to non-repealer states, the Court concludes that California law should apply to purchases made in those states.

10. Based on the foregoing, as well as the discussion in the July 8 Opinion, California law will apply to Plaintiffs' state antitrust claims arising from purchases made in both repealer and

non-repealer states. Defendants' Motion for Summary Judgment on Choice-of-Law will be denied in its entirety.

11. At this time, the Court does not reach any conclusions about Defendants' Motion for Partial Summary Judgment on Umbrella Damages (ECF 292).

O:\CIVIL 15\15-1712 ashton woods v. usg\15cv1712 Memo re MSJ CoL Supp. Briefing.docx