IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DOMESTIC DRYWALL ANTITRUST LITIGATION | MDL No. 2437 <br> 13-MD-2437 |
| THIS DOCUMENT RELATES TO: <br><br> ALL DIRECT PURCHASER ACTIONS | Hon. Michael M. Baylson |

FILED
DEC 13 2019
KATE BARKMAN, Clerk
By_____Dep. Clerk

## ORDER APPROVING DISTRIBUTION OF THE REMAINING SETTLEMENT FUNDS

**AND NOW**, this 13th day of December, 2019, after review of Direct Purchaser Plaintiffs' Motion for an Order Authorizing Disposition of the Remaining Settlement Funds ("Distribution Motion"), the Memorandum in support thereof, and the entire record in this matter, it is hereby **ORDERED** as follows:

1. The procedures used and actions taken by Claims Administrator Kurtzman Carson Consultants LCC ("KCC") and Direct Purchaser Plaintiffs' Class Counsel for the administration of the Settlements are hereby adjudged to have been proper and complete, and the administrative determinations of KCC in accepting and rejecting Claims filed in this matter are approved.

2. The properly documented Claims listed in Exhibit B to the Affidavit of Markham Sherwood ("Sherwood Affidavit"), submitted as Exhibit 1 to Direct Purchaser Plaintiffs' Distribution Motion, are approved. These Claims are henceforth referred to as the Authorized Claimants.

3. The recommendation by KCC to reject the Claims that were either not properly documented or are otherwise invalid, which are listed on Exhibit C of the Sherwood Affidavit, is approved and those claims are deemed rejected. This does not include the claim made by L&W Supply Corporation, as the successor by merger to HWZ Distribution Group, LLC, d/b/a NexGen Building Supply, which the Court will decide promptly.

1

4. The fees and expenses incurred by Claims Administrator KCC in the amount of $200,206.72 and the $25,000 in fees and expenses KCC has estimated it will incur for ongoing and future services, were and are reasonable and necessary in connection with the claims administration of the Settlements, and the payment of such fees and expenses from the settlement funds was and is warranted.

5. Except with regard to the 1,527 Authorized Claimants entitled to receive the minimum $250 payment, which is to be paid in full in the first distribution, the Court finds that it is appropriate to distribute the balance of the settlement funds (the "Net Settlement Fund") in two installments. Approximately ninety percent of the Net Settlement Fund will be initially distributed to Authorized Claimants (the "Initial Distribution") as represented in Exhibit B and the remainder will be kept in reserve. The reserve fund will be distributed to those Authorized Claimants who cashed their checks in the Initial Distribution, and also used for payment of claims that were not previously compensated or claims with incorrect distributions as appropriate.

6. KCC is directed to initially distribute approximately ninety percent of the Net Settlement Fund to the Authorized Claimants as delineated on Exhibit B of the Sherwood Affidavit, in accordance with the Plan of Distribution, and each Authorized Claimant shall receive his/her/its share of the total Initial Distribution funds calculated by KCC, based on their calculated recognized Claims. No additional claims will be accepted, absent a showing of compelling circumstances justifying the late acceptance of any such claim.

7. After six months pass from the Initial Distribution of the Net Settlement Fund, Class Counsel is directed to file with the Court a motion to distribute the reserve portion of the Net Settlement Fund (as well as any unclaimed funds resulting from uncashed checks) to Authorized Claimants that cashed their Initial Distribution checks.

8. Checks for distribution to the Authorized Claimants shall bear the notation "Non-Negotiable After 90 Days" and no check shall be negotiated from the settlement funds more than 90 days after the date of the check. Any checks that are reissued at the request of the claimant shall bear the notation "Non-Negotiable After 30 Days" and no reissued check shall be negotiated from the settlement funds more than 30 days after the date of the check.

9. One year after the distribution of the reserve portion of the Net Settlement Fund to Authorized Claimants, KCC may destroy all claim forms and related correspondence. However, KCC shall retain all administrative records, including its copy of the Claimants Listing and its computer database and programs used to create the Claimants Listing, for a period of three (3) years after the distribution of the reserve portion of the Net Settlement Fund to Authorized Claimants.

BY THE COURT:

/s/ Michael M. Baylson
Michael M. Baylson
United States District Judge

O:\13-MD-2437 - drywall\13md2437 Order re DPP Motion for Final Disposition.docx