IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:  DOMESTIC DRYWALL ANTITRUST LITIGATION | MDL No. 2437<br>13-MD-2437 |
| THIS DOCUMENT RELATES TO:<br><br>ALL DIRECT PURCHASER ACTIONS | The Hon. Michael M. Baylson |

ORDER AMENDING SETTLEMENT AGREEMENTS
AND FINAL JUDGMENT ORDERS

AND NOW, this   7th   day of         July        , 2020, upon consideration of Defendant L&W Supply Corporation's Motion to Amend *Nunc Pro Tunc* the Definition of "Settlement Class" in Direct Purchaser Plaintiffs' Settlement Agreements and Related Final Judgment Orders (June 18, 2020), and any other arguments or submissions properly before the Court, and without any objection:

**IT IS HEREBY ORDERED** that the Motion to Amend is GRANTED.  Accordingly, the text of Defendants' settlement agreements with Direct Purchaser Plaintiffs and the final judgment orders approving them are amended, *nunc pro tunc*, as set forth below in chronological order[1]:

Paragraph 7 of the TIN Inc. settlement agreement filed on February 12, 2015 (ECF 180-2) is amended as follows:

> "Settlement Class" means the class consisting of all persons or entities that purchased Wallboard in the United States directly from any of the Defendants or their subsidiaries from January 1, 2012 through November 30, 2014.  Excluded from the Settlement Class

---

[1] All amendments are marked in bold and italicized.

are Defendants, the officers, directors and employees of any Defendant, the parent companies, subsidiaries and affiliates of any Defendant, the legal representatives and heirs or assigns of any Defendant, *but only with respect to present or former subsidiaries' or affiliates' own Wallboard purchases. Also excluded are* any federal governmental entities and instrumentalities of the federal government, any judicial officer presiding over the Action, and any member of his or her immediate family and judicial staff.

Paragraph 17 of the USG Corporation, United States Gypsum Company, and L&W Supply Corporation settlement agreement filed on February 12, 2015 (ECF 180-3) is amended as follows:

"Settlement Class" means the class consisting of all persons or entities that purchased Wallboard in the United States directly from any of the Defendants or their subsidiaries from January 1, 2012 through November 30, 2014. Excluded from the Settlement Class are Defendants, the officers, directors and employees of any Defendant, the parent companies, subsidiaries and affiliates of any Defendant, the legal representatives and heirs or assigns of any Defendant, *but only with respect to present or former subsidiaries' or affiliates' own Wallboard purchases. Also excluded are* any federal governmental entities and instrumentalities of the federal government, any judicial officer presiding over the Action, and any member of his or her immediate family and judicial staff.

Paragraph 6 of the Court's Final Judgment Order approving the USG Corporation, United States Gypsum Company, and L&W Supply Corporation settlement agreement, filed August 20, 2015 (ECF 276), is amended as follows:

The USG Settlement Class provisionally certified by the Court in the USG Preliminary Approval Order is certified as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure for purposes of the USG Settlement, and is comprised of all persons or entities that purchased Wallboard in the United States directly from any of the Defendants or their subsidiaries from January 1, 2012 through November 30, 2014. Excluded from the USG Settlement Class are Defendants, the officers, directors and employees of any Defendant, the parent companies, subsidiaries and affiliates of any Defendant, the legal representatives and heirs or assigns of any Defendant, *but only with respect to present or former subsidiaries' or affiliates' own Wallboard purchases. Also excluded are* any federal governmental entities and instrumentalities of the federal government, any judicial officer presiding over the Action, and any

member of his or her immediate family and judicial staff. In finally certifying the USG Settlement Class, the Court adopts and incorporates herein all findings made under Rule 23 in the USG Preliminary Approval Order.

Paragraph 6 of the Court's Final Judgment Order approving the TIN Inc. settlement agreement, filed August 20, 2015 (ECF 277) is amended as follows:

The TIN Settlement Class provisionally certified by the Court in the TIN Preliminary Approval Order is certified as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure for purposes of the TIN Settlement, and is comprised of all persons or entities that purchased Wallboard in the United States directly from any of the Defendants or their subsidiaries from January 1, 2012 through November 30, 2014. Excluded from the TIN Settlement Class are Defendants, the officers, directors, and employees of any Defendant, the parent companies, subsidiaries and affiliates of any Defendant, the legal representatives and heirs or assigns of any Defendant, ***but only with respect to present or former subsidiaries' or affiliates' own Wallboard purchases. Also excluded are*** any federal governmental entities and instrumentalities of the federal government, any judicial officer presiding over the Action, and any member of his or her immediate family and judicial staff. In finally certifying the TIN Settlement Class, the Court adopts and incorporates herein all findings made under Rule 23 in the TIN Preliminary Approval Order.

Paragraph 19 of the Lafarge North America Inc. settlement agreement filed July 1, 2016 (ECF 414-2), is amended as follows:

"Settlement Class" means the class consisting of all persons or entities that purchased Wallboard in the United States directly from any of the Defendants or their respective subsidiaries during the Settlement Class Period. Excluded from the Settlement Class are Defendants, the officers, directors and employees of any Defendant, the parent companies, subsidiaries and affiliates of any Defendant, the legal representatives and heirs or assigns of any Defendant, ***but only with respect to present or former subsidiaries' or affiliates' own Wallboard purchases. Also excluded are*** any federal governmental entities and instrumentalities of the federal government, any judicial officer presiding over the Action, any member of his or her immediate family and judicial staff, and any juror assigned to the Action.

Paragraph 6 of the Court's Final Judgment Order approving the Lafarge North America Inc. settlement, filed December 7, 2016 (ECF 503), is amended as follows:

> The Lafarge Settlement Class provisionally certified by the Court in its Preliminary Approval Order is certified as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure for purposes of the Settlement with Lafarge, and is comprised of all persons or entities that purchased Wallboard in the United States directly from any of the Defendants or their respective subsidiaries from January 1, 2012 through June 16, 2016. Excluded from the Lafarge Settlement Class are Defendants, the officers, directors and employees of any Defendant, the parent companies, subsidiaries and affiliates of any Defendant, the legal representatives and heirs or assigns of any Defendant, ***but only with respect to present or former subsidiaries' or affiliates' own Wallboard purchases. Also excluded are*** any federal governmental entities and instrumentalities of the federal government, any judicial officer presiding over the Action, any member of his or her immediate family and judicial staff, and any juror assigned to the Action. In finally certifying the Lafarge Settlement Class, the Court adopts and incorporates herein all findings made under Rule 23 in its Preliminary Approval Order.

Paragraph 18 of the settlement agreement with American Gypsum Company LLC, Eagle Materials Inc., New NGC, Inc. and PABCO Building Products, LLC filed January 19, 2018 (ECF 692-2), is amended as follows:

> "Settlement Class" means the class consisting of all persons or entities that Purchased Wallboard in the United States during the Settlement Class Period directly from (a) any Defendant or Georgia Pacific LLC (collectively, "Wallboard Manufacturers"); and/or (b) L&W Supply Corporation or any of its subsidiaries or affiliates (collectively, "L&W"). Excluded from the Settlement Class are Wallboard Manufacturers, along with each of their respective parent companies, subsidiaries, and affiliates (including, without limitation, Pacific Coast Supply, LLC and L&W), ***but only with respect to present or former subsidiaries' or affiliates' own Wallboard purchases,*** and federal governmental entities and instrumentalities of the federal government and any judicial officer presiding over the Action, and any member of his or her immediate family and judicial staff.

Paragraph 6 of the Court's Final Judgment Order approving the American Gypsum Company LLC, Eagle Materials Inc., New NGC, Inc. and PABCO Building Products, LLC settlement, filed July 17, 2018 (ECF 766), is amended as follows:

> The Joint Settlement Class provisionally certified by the Court in its Preliminary Approval Order is certified as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure for purposes of the Joint Settlement, and is comprised of all persons or entities that purchased Wallboard in the United States during the period January 1, 2012 through December 31, 2013 directly from (a) USG Corporation, United States Gypsum Company, CertainTeed Gypsum, Inc., New NGC, Inc., Lafarge North America Inc., American Gypsum Company LLC, Eagle Materials Inc., PABCO Building Products, LLC, TIN lnc., or Georgia Pacific LLC (collectively, "Wallboard Manufacturers"); and/or (b) L&W Supply Corporation or any of its subsidiaries or affiliates (collectively, "L&W"). Excluded from the Settlement Class are Wallboard Manufacturers, along with each of their respective parent companies, subsidiaries, and affiliates (including, without limitation, Pacific Coast Supply, LLC and L&W), ***but only with respect to present or former subsidiaries' or affiliates' own Wallboard purchases,*** and federal governmental entities and instrumentalities of the federal government and any judicial officer presiding over the Action, and any member of his or her immediate family and judicial staff.

**IT IS FURTHER ORDERED** that, consistent with these amendments, the claims administrator shall review and approve L&W Supply Corporation's claim in an appropriate amount. If L&W disagrees with the amount the claims administrator approves and is unable to resolve the dispute through an appeal to Direct Purchaser Plaintiffs' counsel, L&W may move the Court to resolve the dispute.

BY THE COURT:

s/ Michale M. Baylson
MICHAEL M. BAYLSON, U.S.D.J.