# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DOMESTIC DRYWALL ANTITRUST LITIGATION | **MDL No. 2437**<br>**2:13-MD-02437-MMB**<br><br>**Honorable Michael M. Baylson** |
| THIS DOCUMENT RELATES TO:<br><br>*Home Depot U.S.A., Inc. v. Lafarge North America Inc.*, No. 2:18-cv-05305-MMB (E.D. Pa.) | |

**DEFENDANT LAFARGE NORTH AMERICA INC.'S RESPONSE TO PLAINTIFF HOME DEPOT U.S.A. INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Lafarge does not oppose summary judgment on the handful of affirmative defense theories Home Depot specifically identifies in its motion.[1] Lafarge does, however, oppose summary judgment on any other issues Home Depot may later claim it included in broad or vague language in its brief. In particular, Lafarge opposes any backdoor attempt by Home Depot to limit its burden to prove causation, an element of its Sherman Act claim that Home Depot has repeatedly and incorrectly conflated with the "mitigation" defense on which it now seeks summary judgment.

Lafarge has also submitted a proposed order accurately reflecting the narrow defenses on which Home Depot moves for partial summary judgment, none of which Lafarge opposes.

### I. LAFARGE DOES NOT OPPOSE SUMMARY JUDGMENT ON THE NARROW LEGAL THEORIES DESCRIBED IN HOME DEPOT'S MOTION

Lafarge does not oppose Home Depot's request for summary judgment on the particular theories discussed in its motion, specifically:

- A "failure to mitigate damages" defense based on, for example, the arguments (1) that Home Depot "passed on higher drywall costs to its own customers," or (2) that Home Depot "could have sued earlier or reported the conspiracy to law enforcement." *See* Home Depot Mot. at 2. As explained below, however, Lafarge strongly disputes any attempt by Home Depot to avoid its burden to prove causation. *See* Sec. II, *infra*.

- Defenses of "waiver, estoppel, res judicata, and/or laches." *See* Home Depot Mot. at 4.

- Assertion of "the unclean hands doctrine" based on "allegations of illegal conduct by the plaintiff." *See* Home Depot Mot. at 6.

- A defense of "accord and satisfaction" based on "an agreement [between Lafarge and] Home Depot," or a defense that "Home Depot agreed to settle or arbitrate its antitrust claims against Lafarge." *See* Home Depot Mot. at 7.

- A defense that "Lafarge[] [has a] right to set off and/or counterclaim for any amounts that [Home Depot] owes to Lafarge." *See* Home Depot Mot. at 8.

---

[1] Home Depot's Motion for Partial Summary Judgment nevertheless will be moot if the Court grants Lafarge's Motion for Summary Judgment, ECF 82.

- A defense based on "the First Amendment to the U.S. Constitution." *See* Home Depot Mot. at 8.

Lafarge opposes summary judgment on any additional theories not identified in Home Depot's motion, including those noted below. Moreover, Lafarge opposes the entry of Home Depot's proposed order, which frames several defenses more broadly than they appear in Home Depot's brief. Accordingly, Lafarge has submitted an alternative proposed order that accurately reflects the defenses on which Home Depot has sought a ruling.

## II. LAFARGE OPPOSES SUMMARY JUDGMENT ON ANY ADDITIONAL LEGAL THEORIES AND RESERVES ITS RIGHT TO DISPUTE CAUSATION

Lafarge opposes summary judgment on any issues Home Depot did not specifically raise in its Motion. In particular, Lafarge opposes any attempt by Home Depot to limit its burden to prove causation by including a vague discussion of "mitigation" in its Motion and seeking summary judgment on that defense.

In this litigation, Home Depot has often ignored the distinction between two legal theories: an affirmative "mitigation" defense, which Lafarge does not attempt to press, and Home Depot's own burden to prove causation, which is a major focus of this case. This Court has repeatedly clarified the distinction and corrected Home Depot's misstatements. Most notably, in filing its unsuccessful mandamus petition in the Third Circuit challenging this Court's ruling allowing a deposition, Home Depot mischaracterized Lafarge's causation arguments in this case as a "mitigation" defense. *See* Ex. 1, Home Depot Mandamus Pet. at 25-30. This Court wrote a letter to the Third Circuit stating that "Home Depot has not provided a fair summary of the factual record" and clarifying that causation, not mitigation, was at issue:

> [O]n causation, Lafarge may argue that Home Depot did not pay higher prices as a result of the alleged price-fixing conspiracy, but rather as a result of its desire to support struggling suppliers who needed higher prices to sustain their businesses. The deponent may have information about these issues which would be important to the question of damages, and valuable to the jury at trial.

2

*See* Ex. 2, 6/15/2020 Letter from Judge Baylson to Third Circuit ¶¶ 1 and 5. In its reply, Home Depot chose not to acknowledge this Court's accurate statement or recognize Lafarge's legitimate causation arguments, and instead simply claimed this Court's input was "irrelevant" and lacked "merit." *See* Ex. 3, 6/17/2020 Home Depot Mandamus Reply at 2-4. That exchange followed a previous hearing where Home Depot had argued "there's no duty on the part of [an antitrust] plaintiff to mitigate damages," and this Court clarified that Lafarge had "defenses relating to causation," not mitigation. ECF 34, 1/21/20 Hr'g Tr. at 38:18-20; 39:9-11.

Lafarge reserves its right to argue that Home Depot's claimed damages were not caused by any alleged antitrust violation. "Even if it establishe[s] an antitrust violation, to prevail" on its claim, an antitrust plaintiff "must establish that the violation was a material cause of some injury to its business." *Am. Bearing Co. v. Litton Indus., Inc.*, 729 F.2d 943, 952 (3d Cir. 1984) (collecting authorities); *In re: Domestic Drywall Antitrust Litig.*, 322 F.R.D. 188, 221 (E.D. Pa. 2017) ("the Court recognizes that the cause of the increase in prices is a key issue.").[2] Home Depot has not requested summary judgment on causation. *See* Home Depot Mot. at 2-4. And Lafarge's own motion for summary judgment presents evidence showing a lack of causation for numerous reasons, including the one this Court referred to earlier: that "Home Depot did not pay higher prices as a result of the alleged price-fixing conspiracy, but rather as a result of its desire to support struggling suppliers"—particularly USG—"who needed higher prices to sustain their

---

[2] *See also Atl. Richfield Co. v. USA Petroleum Co.*, 495 U.S. 328, 341, 344 (1990) ("[I]n a case involving horizontal price fixing . . . we observed that the plaintiffs were still required to 'show that the conspiracy caused *them* an injury for which the antitrust laws provide relief.'" (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 584 & n.7 (1986) (internal citations omitted; emphasis in original)); 15 U.S.C. §15(a).

businesses." *See* Ex. 2, 6/15/2020 Letter from Judge Baylson to Third Circuit ¶ 5; *see also* Lafarge Memo Mot. for Summary Judgment at 16-20.[3]

### III. CONCLUSION

Lafarge does not object to summary judgment on the narrow theories described in Home Depot's motion, but strongly objects to summary judgment on any additional legal theories. Lafarge's proposed order accurately reflects the legal theories discussed in Home Depot's motion.

Dated: February 19, 2021

Respectfully submitted,

*/s/ Tarek Ismail*
Tarek Ismail
Jennifer L. Greenblatt
Laura Sexton
Edward Dumoulin
Betsy Farrington
GOLDMAN ISMAIL TOMASELLI
BRENNAN & BAUM LLP
200 South Wacker Dr., 22nd Floor
Chicago, IL 60606
Tel: (312) 681-6000
tismail@goldmanismail.com
jgreenblatt@goldmanismail.com
lsexton@goldmanismail.com
edumoulin@goldmanismail.com
bfarrington@goldmanismail.com

*Counsel for Defendant Lafarge North America Inc.*

---

[3] Additionally, although Lafarge does not oppose summary judgment regarding "Lafarge's right to set off and/or counterclaim for any amounts that [Home Depot] owes to Lafarge," *see* Home Depot Mot. at 8, Lafarge notes that Home Depot did not move for summary judgment on Lafarge's seventeenth affirmative defense asserting Lafarge's right to set off Home Depot's past settlements from other manufacturers against any award in this case. *See* ECF 9 at 85.

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2021, the foregoing was served by electronic mail upon all counsel of record who have made a formal appearance.

        */s/ Tarek Ismail*
        *Counsel for Defendant Lafarge*
        *North America Inc.*