IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| DOMESTIC DRYWALL ANTITRUST LITIGATION<br><br>IN RE: INDIRECT PURCHASER CLASS ACTION SETTLEMENT | MDL NO. 13-2437 |
|---|---|

## MEMORANDUM RE: CY PRES AWARD

**Baylson, J.**                                                                                              October 5, 2021

Counsel for Indirect Purchaser Plaintiffs advised the Court that a substantial sum of money remains unclaimed after the distribution of the settlement proceeds to class members and payment of all outstanding expenses and fees, etc., in the amount of $295,405.46.

As the Court indicated in a prior Order (ECF No. 1028), since this is an antitrust case and there were substantial allegations of price fixing by manufacturers of drywall, (albeit most of the cases were settled without any adjudication of liability except for one case still pending), and the settlement amounts were significant, this Court concluded that the unclaimed funds should be awarded to a non-profit organization under the *cy pres* doctrine.

Because this MDL proceeding was transferred to this District by the Judicial Panel on Multidistrict Litigation under 28 U.S.C. S. 1407 and many of the attorneys involved in the case practiced in this District, the Court has determined that the *cy pres* award should be awarded to a Philadelphia based non-profit organization that fosters entrepreneurship and business ownership, particularly for disadvantaged communities and minority individuals.

1. **Cy Pres Award - General Principles**

The American Law Institute (ALI) and the National Association of Consumer Advocates (NACA) have each issued guidelines on the appropriate use of *cy pres* awards in class action settlements.

- The ALI has published guidelines limiting them to instances where further individual

distributions are not feasible. The ALI guidelines describe two circumstances in which *cy pres* awards are appropriate:

    I.    When funds are left over after all claims are satisfied or when distribution of funds to all class members is not feasible (for example, because recipients cannot be located).

    II.    When the identified or administrative costs for distribution are too large and the interests of the recipients reasonably approximate the interests of the class members.

ALI, Principles of the Law of Aggregate Litig., § 3.07 (2010);

- The NACA guidelines, provide for *cy pres* awards only for unclaimed portions of the settlement. The guidelines state that unclaimed portions of the settlement should be used to either:

    I.    Protect the interests of persons injured by illegal conduct and therefore indirectly benefit absent class members.

    II.    Promote the purposes of the statutory prohibitions sought to be enforced in the underlying litigation.

NACA, Standards & Guidelines for Litig. & Settling Consumer Class Actions, Revised, 255 F.R.D. 215-244 (2009).

A *cy pres* award was approved as part of a settlement of consolidated antitrust class actions brought by plaintiffs on behalf of consumers against retailers Toys "R" Us, Inc. and Babies "R" Us, Inc. along with several baby product manufacturers ("Defendants"). (In re Baby Prod. Antitrust Litig., 708 F. 3d 163, etc. (3d Cir. 2013), held:

> We join other courts of appeals in holding that a district court does not abuse its discretion by approving a class action settlement agreement that includes a cy pres component directing the distribution of excess settlement funds to a third party to be used for a purpose related to the class injury. See Lane v. Facebook, Inc., 696 F.3d 811, 819–20 (9th Cir. 2012); In re Pharm. Indus.

Average Wholesale Price Litig., 588 F.3d 24, 33–36 (1st Cir. 2009); ALI, supra, § 3.07; Ward v. Flagship Credit Acceptance LLC, 2020 WL 759389 (E.D. Pa. Feb. 13, 2020); Sourovelis v. City of Philadelphia, 2021 WL 298703 (E.D. Pa. Jan. 27, 2021); Schwartz v. Dallas Cowboys Football Club, Ltd., 362 F. Supp. 2d 574 (E.D. Pa. 2005).

2. **Details of this Award**

Through the good offices of David Thornburgh[1], Executive Director of the Committee of Seventy, a leading civic organization in Philadelphia over many years, the Court became aware of the Enterprise Center, which fosters ownership, entrepreneurship, and business development among minority individuals, and is headquartered in the West Philadelphia area. The Enterprise Center has a substantial history of success. After the Court reached out to Ms. Della Clark, as recommended by Mr. Thornburgh, Executive Director of the Enterprise Center, she responded with a detailed letter dated August 9, 2021, attached to this Memorandum, which the Court considered as an appropriate application for the *cy pres* award in this case.

This Court has examined its financial statements, certain tax returns, and other documents, and concludes that it is a competent, capable, and responsible organization to use this *cy pres* award to further its goals. Ms. Clark testified at the hearing on this matter, which took place on October 5, 2021. As Ms. Clark's letter requested, the Court approves these funds for these specific projects working with minority businesses with funding gaps:

   I.   Operation of a food truck.

   II.  Renovation of a property at 5241 Market Street.

   III. Market business development which will involve hiring an individual for one full time staff position and additional funds to purchase computers and

---

[1] Mr. David Thornburgh's father, Honorable Richard Thornburgh, served as Governor of Pennsylvania and also as Attorney General of the United States, during which latter time the undersigned was serving as United States Attorney for this District.

3

     business tools for the outreach vehicle.

  IV. Funds for the purchase of computer equipment and software for the capital infrastructure – all of which are described in further detail in the letter from Mrs. Clark.

As previously indicated (ECF No. 1029), the Court will APPOINT Honorable Michael J. Stiles[2] as the Special Master to oversee the appropriate disbursement of these funds.

Mrs. Clark will consult with Judge Stiles as necessary on the expenditure of these funds from time to time and shall prepare appropriate reports and discuss them with Judge Stiles, so they can be filed with the Court once every three (3) months of this award and then at the conclusion of the expenditures, which the Court envisions taking place within one (1) year, unless extended if necessary.

Any additional expenditures shall be requested by letter to Chambers.

3. **Plaintiffs' Motion**

The Indirect Purchaser Plaintiffs filed a Motion for Order Closing the Settlement Fund, (ECF No. 1023) which the Court will GRANT. Notwithstanding recommendations by Plaintiffs' counsel that the funds go to two other organizations, neither of which have substantial operations in this District.

O:\CIVIL 13\13-md-2437\memorandum re cy pres award .docx

---

[2] In addition to his service as the Judge of the Court of Common Pleas of Philadelphia, and also as United States Attorney in this District, Judge Stiles had substantial business experience as Chief Operating Officer of the Philadelphia Phillies Organization for approximately ten (10) years, a position from which he has recently retired. Judge Stiles also serves as Chairman of the Committee of Seventy.